**FILED**
Tuesday, 27 July, 2004  07:39:09 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Teresa Schultze, | ) | |
|             Plaintiff | ) | |
| | ) | |
| | ) | Case No. 03-4089 |
| | ) | |
| Goodrich Equipment Co. | ) | |
|             Defendant | ) | |

**ORDER**

Now before the court is the plaintiff's motion to disqualify counsel for defendant (Doc. #7). For the following reasons, that motion is denied.

The plaintiff's complaint alleges that she was paid less than similarly situated male co-workers. When she complained, she was treated badly (e.g., denied training, verbally abused) and then was fired. After she was fired she claimed (in her EEO charge, but not in her complaint) that her final check was held, that her unemployment benefits were disputed, and that she still has not been paid vacation benefits to which she was entitled.

According to plaintiff, on the day that she was fired, she met with her supervisor, Roger Goodrich. During that meeting, Goodrich's counsel Dan Churchill was on the telephone; the telephone was laid on Goodrich's desk so he could hear any conversation. In addition to listening to the conversation, he asked at least one question of Goodrich. According to Goodrich, that question was whether he had already obtained plaintiff's resignation. Plaintiff was able to hear both the question by Churchill and the response by Goodrich.

At a later hearing in regard to plaintiff's claim for unemployment benefits, Churchill also participated. Plaintiff states that the unemployment hearing was transcribed by Churchill and she believes he "may" have also transcribed the earlier meeting.

The parties now totally disagree about the content of the first meeting, with plaintiff claiming that her employment was terminated at that meeting and defendant contending that she tendered her resignation at (or shortly prior to) that meeting. Plaintiff believes that Churchill is a witness to the events in question and that he should therefore be disqualified from representing defendant in this case.

The applicable[1] Rules of Professional Conduct obviously prohibit a lawyer from playing two roles - counsel and witness - in the same case. Rule 3.7(a) provides in pertinent part that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness... " Courts interpreting that Rule (and similar ones) look at the circumstances to determine if it is "obligatory" for the attorney to testify in order to render zealous representation, or whether the lawyer has "crucial information which must be developed" or if the lawyer's testimony is "essential" to the case. See cases cited and discussed in Jones v. City of Chicago, 610 F. Supp. 350 (D.C.Ill. 1984).

What happened at the termination meeting and/or the unemployment hearing is totally irrelevant to plaintiff's claim of discriminatory pay. And while it is true that events following the termination may be evidence of retaliation, there is no need for the attorney's participation as a witness. To the extent he participated in the phone conference, there were two others present: plaintiff and Goodrich. Their testimony may be given and

---

[1] The Local Rules of this Court adopt as its own the Illinois Code of Professional Responsibility. CDIL-LR 83.6(D)

evaluated for credibility by the finder of fact, which is, after all, the function of a finder of fact in nearly all trials. The mere fact that witnesses disagree is not enough to convert an attorney to a witness.

More importantly, however, Churchill's participation in the meeting and in the later unemployment hearing was as counsel. Counsel's attendance at meetings and hearings on behalf of his client does not convert counsel to a witness. Otherwise, counsel could never attend such meetings and hearings without risking his very representation of that client.

Finally, to the extent a "transcript" was made by a court reporter of either the meeting or the hearing, the "transcript" would be available to plaintiff. To the extent, however, the Churchill took notes, that is not an official transcript and it would most likely fall within the attorney work product privilege, although that question is not before the court at this time. See, Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610, 613 (N.D.Ill.2000), citing Upjohn Company v. U.S., 449 U.S. 383, 400(1981).

In this case, Churchill's participation fails to rise to the requisite level that would compel him to testify. There is, therefore, no necessity for him to testify and the plaintiff's premise for the motion is without merit. The motion (#7) is denied.

ENTER this 27th day of July 2004.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE