RECEIVED
AUG 3 0 2004
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

E-FILED
Thursday, 02 September, 2004 11:41:44 AM
Clerk, U.S. District Court, ILCD

FILED
SEP 1 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

TERESA M. SCHULTZE,            )
    Plaintiff,                 )
                               )    NO. 03 Cv 04089
v.                             )    Jury Trial Demanded
                               )
GOODRICH EQUIPMENT COMPANY,    )
    Defendant.                 )

**PLAINTIFF'S REPLY IN SUPPORT OF APPEAL OF MAGISTRATE'S ORDER DENYING MOTION TO DISQUALIFY DEFENSE COUNSEL PURSUANT TO 28 U.S.C. SECTION 636**

Plaintiff, Teresa Schultze, by and through her attorney, pursuant to Title 28 U.S.C. Section 636 does hereby submit her Reply to Defendant's Response to Plaintiff's Appeal of the Order of Magistrate Judge John A. Gorman, denying Plaintiff's Motion to Disqualify Defense Counsel and, in support, states as follows.

**Argument**

**Plaintiff's Appeal was Timely Filed.**

Goodrich moves to Strike Plaintiff's Appeal of the Magistrate's Order Denying Schultze's Motion to Disqualify on the ground that the Appeal was untimely. However, Goodrich improperly counts the time applicable under the Federal Rules of Civil Procedure for filing an Appeal.

In the instant case, the Order of the Magistrate Judge was filed on July 27, 2004. As defense counsel correctly notes, Plaintiff had 10 days within which to file her appeal. However, pursuant to Rule 6 of the Federal Rules of Civil Procedure, where as here "the period of time prescribed or allowed is less than than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Further, the same rule prescribes that the day of the event (here July 27) shall not be counted in computing the time. Thus, July 27 is not counted in calculating the 10 day period, and the 10 day period for filing an appeal begins to run on July 28. Thus, in the instant case, the ten day period for Plaintiff to file her Appeal fell on August 10, 2004, the date Plaintiff filed her Appeal, making it timely. Thus, Defendant's motion to strike Plaintiff's appeal as untimely should be denied.

1

**Defendant's Response to the Motion to Disqualify Does Not Defeat The Grounds Advanced by Plaintiff on Appeal Reflecting That the Magistrate Judge's Decision Was Clearly Erroneous**

Defendant rests on its Response to Plaintiff's Motion to Disqualify in responding to Plaintiff's Appeal of the Magistrate's Order Denying Plaintiff's Motion to Disqualify. Defendant has waived any argument that the Magistrate's Order was not clearly erroneous. The Seventh Circuit has held that waiver may be explicit or implicit and that a party my waive an argument if it is not raised at the proper time. *See Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999); *In re: Kontrick*, 295 F.3d 724, 735 (7th Cir. 2002), *cert. granted*, 538 U.S. 998 (2003), *affirmed by Kontrick v. Ryan*, 2004 U.S. LEXIS 663 (U.S. January 14, 2004). In the instant case, the argument that the Magistrate Judge's ruling was not clearly erroneous was properly raised in defendant's Response to Plaintiff's Appeal. The argument was not raised and thus was waived.

Further, Plaintiff has established that the Magistrate Judge's denial of the motion to disqualify was clearly erroneous as is set forth in Plaintiff's Appeal of the Magistrate's Order. Indeed, as Plaintiff's Verification upon Certification (attached here as Exhibit C in Support of Appeal) and submitted with her original motion to disqualify makes clear, it was at 5:08 p.m. on July 10, 2003 that Roger Goodrich entered Plaintiff's office and fired her, actions which he did with attorney Dan Churchill on the telephone. (see para. 6 of attached Exhibit C). The events which followed were also done with Churchill "in attendance" by cell phone. See paras. 6-8, of Exhibit C attached. When Churchill (in attendance by cell phone) inquired of Goodrich as to whether he, Goodrich, had Plaintiff's resignation, Goodrich replied "Yes", a statement Plaintiff contends is false. Goodrich's affidavit submitted in support of defendant's response to the motion to disqualify does not deny that this exchange occurred but implicitly challenges it in its conclusory paragraphs stating that only Plaintiff's personal belongings were discussed and that the "grounds or circumstances involving her severance of employment" were discussed.

Wholly apart from the fact that Churchill is a witness to events directly at the heart of this case and may become a necessary witness on behalf of defendant, defendant has not made a knowing and intelligent waiver of its right to call attorney Churchill to the stand in its support and/or to file an affidavit in support of summary judgment. Further, Churchill's presence in court during the testimony Goodrich and Schultze, and an opportunity to cross examine Schultze is in danger of confusing the jury on an critical factual dispute, one which will potentially demonstrate and support Plaintiff's pretext arguments, and lending greater credence to defendant's position than

Plaintiff's by virtue of the fact that Churchill was present but not presenting conflicting testimony.

Accordingly, the Magistrate's Order denying Plaintiff's Motion to Disqualify should be reversed, Churchill and his firm disqualified and Daniel Churchill's notes and testimony made available to Plaintiff in discovery. Alternatively, this Court should insure that Goodrich has knowingly and intelligently waived its right to call Churchill to the stand and submit an affidavit in support of any pleadings in this case and provide that an instruction be given to a jury advising that defendant has elected not to make its attorney available for testimony, despite possessing personal knowledge.

RESPECTFULLY SUBMITTED,

TERESA SCHULTZE

BY: *Susan Bogart*

Susan Bogart
Law Offices of Susan Bogart
30 North LaSalle Street, Suite 2900
Chicago, IL 60602
(312) 263-0900, ext. 7014

3

```
STATE OF ILLINOIS          )
COUNTY OF ROCK ISLAND      )  SS.
```

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

```
TERESA M. SCHULTZE,           )
        Plaintiff,            )
                              )     NO. 03 Cv 04089
    v.                        )
                              )     Jury Trial Demanded
                              )
GOODRICH EQUIPMENT COMPANY,   )
        Defendant.            )
```

### PLAINTIFF'S VERIFICATION UPON CERTIFICATION

Affiant, Teresa Schultze, does declare on oath as follows:

1. Affiant is the Plaintiff in the above captioned litigation.

2. Affiant makes this affidavit upon her personal knowledge except where it is noted that it is upon information and belief.

3. Affiant is not reciting all conversations which occurred on July 10, 2003 nor is she reporting verbatim the conversations identified. Rather, at her counsel's direction affiant is describing generally for the court the information of which affiant has knowledge concerning Mr. Dan Churchill's participation in the events surrounding her termination on July 10, 2003. Affiant is prepared at the court's request to present the verbatim recitation of any and all conversations which occurred on July 10, 2003.

4. Affiant has brought suit against Goodrich Equipment Company alleging sex discrimination in that she was paid less then similarly situated male employees and for retaliation when defendant fired her after she lawfully protested her lesser pay.

1

5. On July 10, 2003, affiant had several conversations with Roger Goodrich, affiant's General Manager while she was employed at Goodrich Equipment Company and a Vice President of the company.

6. At approximately 5:08 p.m. on July 10, 2003, affiant was in her alone in her office when Roger Goodrich entered. At the time Goodrich entered affiant's office he (Goodrich) had a cell phone to his ear and at that time uttered expletives[1] and ordered affiant to take her purse and get out of the office. Goodrich then informed affiant that he had his lawyer, Dan Churchill, on the phone. Affiant inquired as to what Goodrich meant, and Goodrich repeated that affiant should get out. Affiant stated that she would not leave without her personal belongings, which statement Goodrich repeated over the phone to Churchill. Affiant then heard the person on the other end of Goodrich's phone state that she was entitled to take her personal effects. Goodrich then laid the cell phone down on the front of affiant's desk and left the phone turned on.

7. Approximately one half hour elapsed while affiant gathered her personal belongings, packed them in a box and she left the premises of Goodrich. During this time, to the best of affiant's knowledge and belief, Goodrich's cell phone remained on in its position on the front of affiant's desk.

8. During that approximately one half hour period various words were exchanged between affiant and Goodrich. Moreover, when affiant questioned Goodrich about why she had to leave, Churchill instructed Goodrich not to answer and stated "You have her resignation don't you?" Goodrich said "Yes" and affiant explained that he did not have a resignation from her.

---

[1] Affiant is prepared to testify to the exact words spoken by Mr. Goodrich should the court request. However, because of the expletives used by Mr. Goodrich, affiant elected not to set them forth at this time.

2

Churchill gave Goodrich other instructions during this time period.

FURTHER AFFIANT SAYETH NOT.

"I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of June, 2004.

Teresa Schultze

3

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

FILED
JUN 4 2004
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

TERESA M. SCHULTZE, )
    Plaintiff, )
                              )     NO. 03 Cv 04089
    v. )
                              )     Jury Trial Demanded
                              )
GOODRICH EQUIPMENT COMPANY, )
    Defendant. )

TO:    Daniel Churchill
           Churchill & Churchill, P.C.
           1610 Fifth Avenue
           Moline, IL 61265

### NOTICE OF FILING AND MOTION

PLEASE TAKE NOTICE that on June 4, 2004, Plaintiff filed her Motion to Disqualify Counsel with the Honorable Joe Billy McDade, U.S. district court judge for the Central District of Illinois, 211 19th St., Rock Island, IL 61201, a true and correct copy of which is attached.

### CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that she caused to be served upon the above named attorney Plaintiff's Motion to Disqualify Counsel by first class mail, proper postage prepaid by depositing a copy of same in the U.S. mails on this 4th day of June, 2004.

                                                          /s/ Susan Bogart

Susan Bogart
Law Offices of Susan Bogart
30 North LaSalle Street, Suite 2900
Chicago, IL 60602
(312) 263-0900, ext. 7014

1

EXHIBIT C