E-FILED
Wednesday, 27 October, 2004  03:55:48 PM
Clerk, U.S. District Court, ILCD

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE CENTRAL DISTRICT OF ILLINOIS
                 ROCK ISLAND DIVISION

TERESA SCHULTZE,                )
                                )
                                )
     Plaintiff,                 )
     Counter-Defendant          )
                                )  NO. 03 C 04089
  vs.                           )
                                )
GOODRICH EQUIPMENT CO.,         )
                                )
     Defendant,                 )
     Counter-Plaintiff.         )
```

### MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION TO DISQUALIFY

Now comes Defendant, GOODRICH EQUIPMENT CO., by its attorneys, Mark D. Churchill for Churchill & Churchill, P.C., and Robert T. Park for Snyder, Park & Nelson, P.C., and for its Memorandum of Law in Opposition to Plaintiff's Motion to Disqualify, states:

### Background

Plaintiff filed a Motion to Disqualify Counsel in this matter on June 4, 2004.  Plaintiff based her Motion solely upon counsel for Defendant, Daniel Churchill's, involvement in a brief telephone conversation with his client which took in place in the presence of Plaintiff late in the day on July 10, 2003.  Defendant has argued that based upon the content of that telephone conversation, now confirmed by deposition transcript, Daniel Churchill has no information to address Plaintiff's alle-

- 2-

gations on a substantive basis thus can provide no benefit to this proceedings whatsoever.  Defendant has further argued that testifying on behalf of his client would be neither crucial, productive nor prejudicial against Defendant and has repeatedly stated that Defendant has no intention of calling Daniel Churchill to testify on its behalf.  Such arguments were further sustained by the sworn deposition of Daniel Churchill taken September 20, 2004, a copy of which was provided to the Court as an attachment to previous filings.

In a telephonic hearing before the Honorable Michael M. Mihm on October 18, 2004, Plaintiff's counsel stated to this Court that she will, in fact, call Daniel Churchill as an adverse witness to testify as to that telephone conversation.  The Court, as a result of that statement of intention, has deemed that Daniel Churchill should be disqualified to represent the Defendant in the presence of the jury, but permitted to remain as counsel for Defendant on all matters in advance of the trial.  Subsequent to that hearing, Defendant has obtained additional counsel Robert T. Park of Snyder, Park & Nelson, P.C. to assist in the representation of Defendant including, but not limited to, trial.

-3-

Plaintiff has further contended that all lawyers in the firm of Churchill & Churchill, P.C., should be disqualified. Churchill & Churchill, P.C. is currently comprised of two attorneys, Daniel Churchill and Mark Churchill, Mark Churchill having had no involvement in the telephone conversation of July 10, 2003, or representation of the Defendant in any matter prior thereto.

In order to aid the Court in its determination of whether Mark Churchill and Churchill & Churchill, P.C., should be disqualified, Defendant was asked to submit a Memorandum of Law in Opposition to Plaintiff's Motion to Disqualify.

## Argument

The Seventh Circuit has acknowledged that attorney disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary," *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983), and motions for disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment," *Freeman v. Chicago Musical Instrument Co.*, 689 F. 2d 715, 721/722 (7th Cir. 1982), and the burden of demonstrating the necessity of disqualification lies with the moving party, *DCA Food Indus., Inc. v. Tasty Foods, Inc.*, 626 F. Supp. 54, 60 (W.D. Wis. 1985).

- 4-

Courts in Illinois have further found that an even stricter approach must be maintained when considering whether to disqualify an entire firm:

> "The rule prohibiting a lawyer from acting as both advocate and witness in the same case reflects a number of important considerations, i.e. permitting an advocate in a matter to testify as a witness in that matter may unfairly prejudice the case of his or her client or the opposing party. *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp*. (1991), 218 Ill. App. 3d 383, 395-96, 160 Ill. Dec. 773, 577 N.E. 2d 1344. Those policy considerations are not implicated to the same extent when it is merely an attorney from the advocate's own firm who is a witness in the case." *Beneficial Development Corp. v. City of Highland Park*, 239 Ill. App.3d 414, 423, 606 N.E. 2d 837, 844-45, 179 Ill. Dec. 1005, 1012-13 (2nd Dist. 1992).

Plaintiff relies upon <u>Rule 3.7 of the Rules of the Illinois Supreme Court</u> to support her contention that Churchill & Churchill, P.C. and Mark Churchill be disqualified. The case applications of this Rule are directed predominantly to cases involving conflicts of interest where a "Chinese wall" is necessary to ensure avoidance of conflict. The present case does not include such facts.

<u>Rule 3.7 (c) of the Rules of the Illinois Supreme Court</u>, entitled "Lawyer as a Witness," states: "Except as prohibited in Rule 1.7 or Rule 1.9, **a lawyer may act as advocate in a trial**

-5-

**in which another lawyer in the lawyers' firm may be called as a witness."** (emphasis added)

Rule 1.7 of the Rules of the Illinois Supreme Court, entitled Conflict of Interest: General Rule, states:

"(a)  A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

   (1)  the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

   (2)  each client consents after disclosure.

(b)  A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

   (3)  the lawyer reasonably believes the representation will not be adversely affected; and

   (4)  the client consents after disclosure.

(c)  When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved."

Rule 1.9 of the Rules of the Illinois Supreme Court, entitled Conflict of Interest: Former Client, states:

- 6-

>"(a)     A lawyer who has formerly represented a client in a matter shall not thereafter:
>
>   (1)   represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former clients, unless the former client consents after disclosure; or
>
>   (2)   use information relating to representation to the disadvantage of the former client unless:
>
>       (A): such use is permitted by Rule 1.6; or
>
>       (B): the information has become generally known."

Rules 1.7 and 1.9 dealing with conflicts of interest and former clients respectively have no application to the facts presently before the Court. At no time has Defendant's counsel represented Plaintiff, thus eliminating any conflict of interest and former client concerns. Rule 3.7 clearly states that unless prohibited by Rules 1.7 or 1.9, Churchill & Churchill, P.C. and Mark Churchill have the right to remain as advocate for the Defendant in this matter even if an attorney in the firm is likely to be called as a witness, as stated to this Court by Plaintiff's counsel.

- 7-

The sole case cited by Plaintiff in her Motion to support her claim is Jones v. City of Chicago, 1984 Northern District of Illinois. That case involved a civil rights action where the attorney's testimony was essential to his own client's case. The Court in Jones concluded that because the attorney would be a focal witness, his entire firm should be disqualified for fear of the firm's inability to properly attack the attorney's credibility.

In the present matter, Plaintiff is alleging that she was paid less than her similarly situated male co-workers and was wrongly discharged. Of fundamental importance to Plaintiff's pay discrepancy claim thus must be that any alleged pay disparities occurred *prior to her dismissal*. Therefore, Defendant's counsel's testimony as to the telephone conversation he had with his client on July 10, 2003, is irrelevant as any alleged pay discrimination must have already occurred thereby making the conversation completely useless to support Plaintiff's allegations and clearly distinguishing the attorney testimony from that which was deemed essential in Jones. Furthermore, the alleged discharge/dismissal had already occurred prior to Daniel Churchill's involvement in the telephone conversation on July 10, 2003, thereby making the conversation completely useless to

-8-

Plaintiff's proof requirements and thereby further distinguishing the attorney testimony from that which was deemed essential in Jones.

Plaintiff's allegations of wrongful termination and discrimination, to be successful, must stand or fall based upon the facts that occurred prior to the referenced conversation of July 10, 2003. Defendant counsel's presence in the late afternoon telephone call of July 10, 2003, thus distinguishes the application of the Jones decision due to the fact that all alleged facts as included in Plaintiff's Complaint had already occurred.

Plaintiff has taken the unprecedented stance of asking this Court to hold Churchill & Churchill, P.C. and Mark Churchill to a higher standard than other firms in applying the law and Rules of the Supreme Court of Illinois solely because Churchill & Churchill, P.C. is composed of only two attorneys. To single out Churchill & Churchill, P.C. would not only be unwarranted, unprecedented, and contrary to the law, it would also be prejudicial to the Defendant in that it will experience inconvenience, expense and will be deprived of its choice of legal counsel. Regardless of whether a firm is comprised of two attorneys or two hundred, Rule 3.7(c) of the Rules of the Illinois Supreme Court is clear that unless Rules 1.7 or 1.9 apply, a firm may

- 9-

remain as advocate in a trial in which an attorney with that firm may be called to testify.

## Conclusion

For the foregoing reasons, Defendant asserts that Plaintiff's Motion for Disqualification as it pertains to Churchill & Churchill, P.C. should be denied.

```
                        Respectfully submitted

                        GOODRICH EQUIPMENT CO.,
                        Defendant,

                        By:  s/ Mark D. Churchill
                             Mark D. Churchill Bar #188372
                             Attorney for Defendant
                             Churchill & Churchill, P.C.
                             1610 Fifth Avenue
                             Moline, IL  61265
                             Telephone: (309) 762-3643
                             Fax:  (309) 762-4690
                             E-mail: cclaw@churchillfirm.com

                        and

                             s/ Robert T. Park
                             Robert T. Park Bar #11247
                             Attorney for Defendant
                             Snyder, Park & Nelson, P.C.
                             1600 Fourth Ave., Suite 200
                             P.O. Box 3700
                             Rock Island, IL  61201
                             Telephone: (309) 786-8497
                             Fax:  (309) 786-0463
                             E-mail:  rpark@snyderpark.com
```

-10-

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 27, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Bogart, Robert Park.

    s/ Mark D. Churchill
Mark D. Churchill Bar #188372
Attorney for Defendant
Churchill & Churchill, P.C.
1610 Fifth Avenue
Moline, IL  61265
Telephone: (309) 762-3643
Fax:  (309) 762-4690
E-mail: cclaw@churchillfirm.com