UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GOODRICH EQUIPMENT COMPANY, )<br>    Defendant. ) | NO. 03 Cv 04089<br>Jury Trial Demanded |

**PLAINTIFF'S RESPONSE TO MOTION FOR DEFAULT JUDGMENT
AND MOTION TO DISMISS**

Plaintiff, Teresa Schultze, by and through her attorney, and submits this response to Defendant's Motion for Default Judgment and Moves to Dismiss the Defendant's Counterclaims and, in support, states as follows.

**Background**

1. Plaintiff Schultze has filed the instant case alleging gender and retaliation discrimination under Title VII of the 1991 Civil Rights laws, 42 U.S. C. Section 2000e. Specifically, Plaintiff alleges that she was paid less than her similarly situated male employees and that when she lawfully protested to her General Manager, Roger Goodrich, the difference in pay and the failure of Goodrich Equipment Company to rectify the difference she was fired.

2. Defendant answered that Complaint and raised what it captioned "Counterclaims": Count I of the Counterclaim is a claim for conversion; Count II is a claim for punitive damages for that conversion; and Count III is a claim under Title III of the Federal Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S. C. Sections 2510-2520.

3. Shortly after the complaint and answer in this case was filed, Plaintiff moved to disqualify Daniel Churchill and the firm of Churchill & Churchill. While the district court has disqualified Daniel Churchill from representing defendant Goodrich Equipment. Still pending

1

before this Court is the motion to disqualify the firm of Churchill & Churchill.

4. Pending the outcome of the district court's ruling on the Motions to Disqualify, all proceedings in this case including discovery have been stayed.

5. Plaintiff has not responded to defendant's "Counterclaims" filed by the Daniel Churchill and the Churchill firm and has not proceeded with discovery initiated early in the proceedings, and has not addressed the counterclaims filed in the answer by the Churchill firm as these claims appear frivolous and a new firm, if the court should require, might agree and remove these claims.

6. Defendant now seeks a default judgment on these claims. The district court has directed Plaintiff to respond to the Motion.

7. However, as Plaintiff notes in more detail below, none of defendant's counterclaims state claims on which relief can be granted and should be dismissed and the motion for default judgment denied.

8. Rule 12(h)(2) of the Federal Rules of Civil Procedure permits a motion to dismiss for failure to state a claim to be made at any time un through a trial on the merits.

9. Rule 12(h)(1) permits Plaintiff to raise a defense of lack of jurisdiction upon leave of court pursuant to Rule 15(a), of the Federal Rules of Civil Procedure, which at this time is requested by Plaintiff.

**The Counterclaims For Conversion and Punitive Damages Based Upon Conversion Should be Dismissed As These Are Not Compulsory Counterclaims And There Is No Independent Jurisdiction and The Do Not State Claims Upon Which Relief May Be Granted**

10. Defendant asserts that Plaintiff is guilty of conversion because she had a "wilful intent of bringing about an interference with Counter-Plaintiff's right of exclusive possession in and to all files" wrongfully converted. Para. 11 of Defendant's Answer/Counterclaim. The offending

2

conduct which defendant alleges amounts to conversion is in paragraph 8 of its Answer and consist of Schultze allegedly causing "to be forwarded to her personal e-mail address registered to the name of Dale and Teresa Schultze, several confidential corporate owned files via email. . . ."

11. The alleged conversion does not arise out of the acts which form the basis of Schultze's sex discrimination, Goodrich's discrimination in pay by failing to pay Plaintiff the same as similarly situated male managers, and retaliation claim–firing Plaintiff early in the day of July 10 when she questioned Goodrich's failure to increase her pay as promised.  As such, it is a permissive and not a compulsory counterclaim, which can depend for its jurisdiction on Schultze's discrimination claims. *See Rule 13(a), Federal Rules of Civil Procedure; see also Unique Concepts, Inc. V. Manuel, et al.*, 930 F.2d 573 (7th Cir. 1991)(requiring independent jurisdictional basis for permissive counterclaims).

12. In the instant case, the conversion claim is a state law claim, not a claim based upon federal question jurisdiction. Accordingly, the sole basis for federal jurisdiction would be diversity jurisdiction. The conversion claim raised by defendant Goodrich cannot and does not meet the diversity jurisdiction requirements as there is no diversity of citizenship alleged as between Schultze and Goodrich and the requisite amount in controversy is not and cannot be satisfied. Accordingly, Counts I and II, dependent upon Count I, must be dismissed for lack of jurisdiction.

13.  Additionally, however, Goodrich fails to state a claim upon which relief may be granted.  To establish conversion, defendant must demonstrate that: "(1)he is entitled to the property; 2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Evergreen Marine*

*Corp. v. Division Sales, Inc.,* 2003 U.S. Lexis 3425 * 23 (N.D. Ill. 2003), citing *Cirrincione v. Johnson,* 184 Ill.2d 109, 703 N.E.2d 67, 70 (Ill. 1998).

  14. Goodrich's first problem is that it has not nor can it establish that the allegedly converted "confidential corporate documents" constitute property which is covered under the conversion laws. As the court in *MBF Clearing Corp. v. Shine*, 623 N.Y.S.2d 204, 206, 1995 N.Y.App. Div. LEXIS 2303 (1st Dep. 1995) has noted: causes of actions addressed to such items involves a conversion claim of intangible assets which is have not been recognized by most courts. *See Matzan v. Eastman Kodak Co.,* 521 N.Y.S.2d 917, 918 (app. Div. 1987). Indeed, "even under an expanded definition of the tort, conversion is limited to t hose intangible property rights customarily merged in, or identified with, some document" [such as patents]. *Ippolito v. Lennon*, 542 N.Y.S.2d 3, 6 (App. Div. 1989); *Restatement of Torts 2d, Section* 242. Certainly, it is clear that documents themselves do not constitute property that can the subject of a conversion claim. And, even under an expanded definition of "property " for purposes of a conversion claim, "confidential documents" do not amount to the equivalent of a property interest such as a document containing patent rights which can be deemed intangible property.

  15. Goodrich has failed to identify "property" that could be the subject of a conversion claim and as such has failed to state a claim upon which this court could grant relief under *Conley v. Gibson*, 555 U.S. 41, 45-46 (1957).

  16. Similarly, Goodrich's description of the "conversion" that Schultze emailed copies of the documents which are the subject of the conversion claim, cannot meet the requirement that Goodrich establish that Schultze denied Goodrich's dominion, rights or possession of the documents. Indeed, Goodrich does not nor can it assert this. It argues that the conversion was the deprivation of its "exclusive" right of possession. But the fact that Goodrich possesses the documents and that Schultze may have emailed copies to her home, defeats the requirement that

4

Goodrich establish she has exercises a right of ownership over goods or chattels belonging to another or has excluded the owner's rights of possession. *See e.g. Samspon v. Federal Republic of Germany*, 975 F. Supp. 1108 (N.D. Ill. 1997). Goodrich has not been deprived of its possession of these documents and, in fact, does not so allege. It alleges it has been deprived of its exclusive possession, not a basis for conversion. See para. 11 of the Answer/Counterclaim.

Goodrich's conversion claim (Count I) and punitive damage claim premised thereon (Count II)[1] has failed to state a claim upon which this Court can grant relief and should be dismissed.

**Goodrich's Title III Claim Fails to State a Claim Upon Which Relief May Be Granted and Must Be Dismissed**

17. Defendant argues that the conversion conduct complained of (Plaintiff sending copies of documents by email from her office at Goodrich to her home) is covered by Title III of the Federal Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. Sections 2510-2520 ("Title III"). Para. 14.

18. Defendant fails to identify any provision within Title III that supports this contention. However, as is noted hereinafter, Goodrich's Title III Count fails to state a claim upon which relief can be granted as there is no possible factual basis to support a violation of Title III.

19. In *By-Prod Corporation v. Armen-Berry Corp.,* 668 F.2d 956, 959 (7th Cir. 1982), the Seventh Circuit noted that a person "not acting under color of state law may, without violating Title III . . . intercept telephone calls to which he is a party unless the purpose of the interception is to commit an act that is criminal or tortious under federal or state law, or "any other injurious act." *18 U.S.C. Section 2511(2)(d).*

---

[1] There does not appear to be an independent basis for a punitive damage claim in Illinois; it must be dependent upon a claim that allows punitive damages as part of its recovery.

In the instant case, there is no question that Schultze was not acting under color of law. Further, there is no question that the documents at issue were emailed from her computer at Goodrich and thus that she was a party to the documents emailed. Para. 8.

20. Moreover, there is no basis to conclude that Schultze "intercepted" these documents as required under the statute. "Intercept" means the acquisition of the contents of any wire, electronic or oral "through the use of any electronic, mechanical or other device." 18 U.S.C. Section 2510(4). In the instant case, Schultze is alleged to have emailed documents on her work computer to her home computer. This would not constitute an "interception", as the documents emailed by Schultze were on her work computer, not intercepted by her illegally as required. *See Wesley College v. Leslie Pitts et al.,* 974 F. Supp. 375, 382 (D.C. Del. 1997), *affirmed* 172 F.3d 861 (3rd Cir. 1998).

Moreover, as the *Wesley College* court noted: electronic communications, including emails, can only be intercepted when they are in transit, not when they are on the computer and in storage on the computer in light of the definition of "electronic communications" under the statute, a definition which excludes "communications in electronic storage." *Id.* at 385-387.

21. Further, to state a claim under Title III, it would be necessary to demonstrate that Schultze used or disclosed to another person the contents of the unlawfully intercepted communication while knowing or having reason to know the information was obtained through illegal interception of an electronic communication. *18 U.S.C. Section 2511(1)( c) & (d); Wesley College, supra at 383.* Goodrich has not nor can it assert knowledge of the law's prohibition on the part of Schultze and has not asserted or alleged any unlawful disclosure of the contents.

22. Finally, Title III contains an express exemption from liability applicable to the allegations in this case where as here Goodrich asserts Schultze emailed the information from her work computer. Section 2511(2)(d) specifically exempts from coverage under Title III,

interceptions of electronic (emails) communications where the person who is alleged to have intercepted the communication was a party to the communication. Clearly, if the documents at issue were on Schultze's work computer, then she was a party to the communication and Goodrich's allegations must fall.

    Accordingly, Goodrich cannot state a claim upon which relief may be granted under Title III and therefore this Count (III) should be dismissed.

    WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court deny the Motion for Default Judgment on defendant's counterclaims and dismiss these Counterclaims with prejudice.

                            RESPECTFULLY SUBMITTED,

                            TERESA SCHULTZE

                            BY: s/Susan Bogart
                                Law Offices of Susan Bogart
                                30 North LaSalle Street, Suite 2900
                                Chicago, IL 60602
                                Tele: (312) 263-0900, ext. 7014
                                Fax: (312) 263-5013
                                E-mail: SBogart514@aol.com