**E-FILED**
Wednesday, 01 December, 2004  04:43:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| Counter-Defendant | ) |
| | ) NO. 03 C 04089 |
| vs. | ) |
| | ) |
| GOODRICH EQUIPMENT CO., | ) |
| | ) |
| Defendant, | ) |
| Counter-Plaintiff. | ) |

## RESISTANCE TO PLAINTIFF'S
## MOTION TO DISMISS COUNTERCLAIM

Now comes Defendant, GOODRICH EQUIPMENT CO., by its attorneys, Mark D. Churchill for Churchill & Churchill, P.C., and Robert T. Park for Snyder, Park & Nelson, P.C., and for its resistance to Plaintiff's Motion to Dismiss Counterclaim, states:

**This Court has the jurisdiction to hear Defendant's Counterclaim because the actions taken by Plaintiff as alleged in Defendant's Counterclaim arose out of the exact same facts which formed the basis for Plaintiff's Complaint.**

1.  Plaintiff's Complaint alleges that Teresa Schultze was terminated for reasons contrary to law.

2.  Defendant's Counterclaim states that Plaintiff converted a series of documents from Defendant's corporate files as a direct result of her severance of employment.

- 2-

3.    *Federal Rule of Civil Procedure 13(a)* states:

"**Compulsory Counterclaims.**  A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

4.    When presented with the question of jurisdiction over counterclaims the Seventh Circuit has consistently held that a loose relationship between the facts in the original complaint and the counterclaim is all that is necessary.  "However, the language of §1367 now permits district courts to maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims are so related to the original claim."  *Rothman v. Emory Univ*., 123 F. 3d 446, 454 (7th Cir. 1997).  "Further, the Seventh Circuit has interpreted the language of §1367(a) to require only a loose factual connection between the claims, and supplemental jurisdiction is generally extended when the state and federal claims derive from a common nucleus of operative facts."  *Directv v. Ed-*

- 3-

_wards_, 293 F. Supp 2d 873,878 citing _Ammerman v. Sween_ 54 F. 3d 423, 424 (7th Cir. 1995).

5.  Plaintiff is alleging that she was terminated after voicing complaints of unequal compensation.  While Defendant disputes that Plaintiff was terminated, for purposes of determining whether this Court has jurisdiction over Defendant's Counterclaim, the facts alleged by Plaintiff are controlling, and all that is required to merit jurisdiction is a "loose" factual connection between the transaction or occurrence that is the subject matter of Plaintiff's Complaint and the transaction or occurrence which is the subject matter for Defendant's Counterclaim.

6.  The parties dispute whether the Plaintiff resigned or was terminated from her employment position.  What is not in dispute are the actions taken by Plaintiff on her last day of employment when she emailed corporate documents from her office computer to her private email account.  Plaintiff and her counsel have acknowledged that such actions took place and regardless of whether Plaintiff resigned or was terminated, the

- 4-

actions taken by Plaintiff are directly connected to
the severance of her employment.

7.    Defendant's Counterclaim states that the computer re-
cords for the computer utilized by Plaintiff on the
date in question, July 10, 2003, confirm the forward-
ing of a series of documents from Defendant's corpo-
rate files at 1:32 p.m. to the personal email address
of the Plaintiff employee without consent or authori-
zation of any corporate officer.

8.    Whether the Plaintiff resigned or was terminated, at
1:32 p.m. on July 10, 2003, Plaintiff was aware that
her employment with the Defendant had been severed and
that July 10, 2003, would be her last opportunity to
access these documents.

9.    The conversion of these corporate documents arose out
of the exact same facts which formed the basis for
Plaintiff's Complaint, the severing of Plaintiff's em-
ployment with the Defendant.  The facts plead in
Plaintiff's Complaint make it clear that but for the
employment severance situation, there would have ex-
isted no logical reason to convert the Defendant's

- 5-

documents by sending them off premises via email to Plaintiff's individual and private email account.

10. The adjudication of Defendant's Counterclaim will not require the presence of third parties over whom this Court cannot acquire jurisdiction since witnesses involving the Counterclaim issues will already be involved in testimony concerning Plaintiff's allegations of wrongful termination.

11. Defendant will prove that Plaintiff does not deny this allegation of document forwarding and that the documents had no relationship to Plaintiff's personal property rights. Defendant will also prove that the forwarding of corporate documents on July 10, 2003, was a direct result of Plaintiff's statements to Defendant's president earlier that date in which she refused to agree to use a time card for her work responsibilities and as a result, therefore relinquished her employment, thus the conversion was intended to directly harm Defendant as a result of her severance of employment and future inability to access the documents converted.

- 6-

12.  Regardless of whether Plaintiff's severance of employ-
ment was voluntary or involuntary, the facts alleged
in Defendant's Counterclaim are directly related to
the facts alleged in Plaintiff's Complaint.  The law
in the Seventh Circuit is clear that all that is re-
quired for this Court to have jurisdiction over the
Counterclaim is a "loose" factual relationship between
the transactions or occurrences which are the premise
for Plaintiff's Complaint and the Defendant's Counter-
claim.  Plaintiff's Complaint is premised upon the
Plaintiff's alleged termination and the Defendant's
Counterclaim is premised upon the actions taken by the
Plaintiff as a direct result of that alleged termina-
tion.  These two matters are interconnected with each
other as the actions alleged in the Counterclaim would
never have occurred if not for the severance of the
employment relationship. As previously stated, but for
the employment severance situation, there would have
existed no logical reason to convert the Defendant's
documents by sending them off premises via email to
Plaintiff's individual and private email account.

– 7–

13.   Plaintiff's jurisdictional argument must fail because
the severance of the employment relationship is the
basis for both Plaintiff's Complaint and Defendant's
Counterclaim thus satisfying the Seventh Circuit's
"loose" factual relationship requirement.

**Whether the requisite elements to establish conversion are present is a question of fact to be determined at trial.**

14.   "In appraising the sufficiency of the complaint we
follow, of course, the accepted rule that a complaint
should not be dismissed for failure to state a claim
unless it appears beyond doubt that the plaintiff can
prove no set of facts in support of his claim which
would entitle him to relief." _Conley v. Gibson_, 355
U.S. 41, 45-46, 78 S. Ct. 99, 102 (U.S. Supreme Court,
1957).

15.   Plaintiff's allegations to defeat Defendant's Counter-
claim are solely fact driven, i.e. paragraph 13 of
Plaintiff's Motion to Dismiss.  This Court requires
only notice pleading, with facts to be proven at
trial.  Defendant has alleged ownership in the files
and documents converted by the Plaintiff, has made
multiple demands on Plaintiff for the return of that

- 8-

property, and that Plaintiff forwarded the documents without consent of her employer.  These are sufficient allegations to meet the test for a conversion count; whether they are enough to establish a conversion is a question of fact to be determined at trial.

**Plaintiff's use of electronic mail in converting Defendant's documents is an actionable offense as a matter of law under *18 U.S.C. 2510-2520*.**

16.  Plaintiff contends that Defendant has failed to allege "facts" that can support an action brought under *18 U.S.C. §2510-2520*.  The same argument applies to this contention as stated previously with respect to other factual pleading requirements.  Plaintiff alleges in paragraph 18 of her Motion to Dismiss "there is no possible factual basis to support a violation of Title III."  Once again, Federal Rules require notice plead- ing and not fact pleading.  The allegations in Defen- dant's Counterclaim fit squarely within the require- ments of *18 U.S.C. §2510-2520* and the issue of whether they can be proven is a question of fact to be deter- mined at trial.

17.  *18 U.S.C. §2511(1)(a)* states:  "(1) Except as other- wise specifically provided in this chapter any person who – (a) intentionally intercepts, endeavors to in-

- 9 -

tercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication; shall be punished as provided in sub-section (4) or shall be subject to suit as provided in subsection (5)." *18 U.S.C. §2510* defines the term "intercept" as it appears in §2511 as, "the aural or other acquisition of the contents of any wire, elec-tronic, or oral communication through the use of any electronic, mechanical, or other device."

18. The facts involving Plaintiff's transmission of Defen-dant's corporate documents will determine ultimate compliance with the "intercept" requirement. It is undisputed based upon the inspection of the documents converted that the documents were all within Defen-dant's internal document computer storage having been placed there by Defendant's agents or received by De-fendant from third party sources. Defendant alleges that Plaintiff was without authority to intercept the referenced documents except within her performance of duties as an employee which at no time required or au-thorized her to forward those documents to her per-sonal email account. It will be impossible for Plain-tiff to allege any personal rights in these documents which is admittedly a question of fact for ultimate proof.

- 10-

19.  Plaintiff alleges that Defendant must be able to prove
     disclosure of the converted documents.  Whether Defen-
     dant can prove disclosure of the converted documents
     is a question of fact to be determined at trial.  How-
     ever, Defendant is in possession of documents from
     Plaintiff and her attorney acknowledging disclosure
     and the exchange of hard copies of the converted docu-
     ments.  Plaintiff's counsel represented on August 11,
     2003, via written communication to Defendant's counsel
     "I will retain paper copies of all documents at issue
     as previously noted."

20.  Plaintiff's actions in emailing the converted docu-
     ments to her personal email account constitutes an ac-
     tual offense under *18 U.S.C. §2510-2520.*  Defendant's
     success in proving a violation of *18 U.S.C. §2510-2520*
     is a question of fact that will be determined at
     trial.

     **WHEREFORE**, Defendant prays that Plaintiff's Motion to Dis-
miss Defendant's Counterclaim be denied and all costs assessed
against Plaintiff.

- 11-


Respectfully submitted,

GOODRICH EQUIPMENT CO.,
Defendant,

By:  s/ Mark D. Churchill
     Mark D. Churchill Bar #188372
     Attorney for Defendant
     Churchill & Churchill, P.C.
     1610 Fifth Avenue
     Moline, IL  61265
     Telephone: (309) 762-3643
     Fax:  (309) 762-4690
     E-mail: cclaw@churchillfirm.com

and

     s/ Robert T. Park
     Robert T. Park Bar #11247
     Attorney for Defendant
     Snyder, Park & Nelson, P.C.
     1600 Fourth Ave., Suite 200
     P.O. Box 3700
     Rock Island, IL  61201
     Telephone: (309) 786-8497
     Fax:  (309) 786-0463
     E-mail:  rpark@snyderpark.com

- 12-

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Susan Bogart, Robert Park.

s/ Mark D. Churchill
Mark D. Churchill Bar #188372
Attorney for Defendant
Churchill & Churchill, P.C.
1610 Fifth Avenue
Moline, IL  61265
Telephone: (309) 762-3643
Fax:  (309) 762-4690
E-mail: cclaw@churchillfirm.com