E-FILED
Monday, 20 December, 2004  12:07:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TERESA M. SCHULTZE, | ) | |
|     Plaintiff, | ) | |
| | ) | NO. 03 Cv 04089 |
| v. | ) | Jury Trial Demanded |
| | ) | |
| GOODRICH EQUIPMENT COMPANY, | ) | |
|     Defendant. | ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff, Teresa Schultze, by and through her attorney, and submits this reply in support of Motion to Dismiss and, in support, states as follows.

**Plaintiff Acknowledges That Supplemental Jurisdiction Permits This Court
To Exercise Jurisdiction Over Pendent State Claims That Don't
Independently Meet Federal Jurisdictional Requirements But
Disagree That Defendant's Conversion Claim Meets The Requirements
for Exercising Such Supplemental Jurisdiction**

Plaintiff argued in support of her Motion to Dismiss Defendant's Counterclaim based upon Conversion that there was no jurisdiction over that claim because 1) the counterclaim was permissive, not compulsory; 2) there was no independent federal jurisdiction and 3) the facts and circumstances underlying the conversion claim were not "so related to" Plaintiff's Title VII claims so as to "form part of the same case or controversy under Article III". Plaintiff's Response to Motion for Default and Motion to Dismiss, p. 3, para. 11. Defendant's argue that the conversion claim arose out of the exact same facts which form the basis for Plaintiff's complaint and therefore this Court should exercise supplemental jurisdiction. It cites *Rothman v. Emory Univ.,* 123 F.3d 446, 454 (7th Cir. 1997) and *Directv v. Edwards*, 293 F. Supp. 873, 878 (N.D. Ind. 2003), citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). Def's Resistance, pp. 2-3.

However, *Directv, supra*, supports Plaintiff's argument in her motion to dismiss. There,

the district court concluded that despite the language of Section 1367, if a counterclaim was not a compulsory counterclaim under Rule 13, then the Court was prevented from exercising its supplemental jurisdiction where as here the counterclaim did not have an independent basis of federal jurisdiction. *Id.* at 293 F. Supp. 2d at 878. The court appeared to concluded that a permissive counterclaim by its very nature lacked the requisite relatedness to the main action so as to support supplemental jurisdiction. *Id.*

While the Seventh Circuit in *Rothman* stated that Section 1367 governing supplemental jurisdiction does permit the court to exercise jurisdiction over permissive counterclaims, it is only "so long as the counterclaims 'are so related to' the original claims that they for the same case or controversy." 123 F.3d at 454. In *Rothman*, unlike in the instant case, the Plaintiff, who had brought a discrimination claim, asserted the employers violation of the discrimination laws as a defense to his payment of student loans, the subject of the counterclaim. Under this circumstance, it is clear that claims form the same case of controversy. In contrast, in the instant case, defendant attempted to constructively discharge Plaintiff mid day on July 10 by sending an email erroneously asserting that Plaintiff had quit. The alleged "conversion" had nothing to do with this action nor is it alleged to have anything to do with the subsequent termination of Plaintiff's employment later on July 10, which occurred because Plaintiff responded to the erroneous email stating that she did not quit. Also, unlike the case in *Rothman*, Plaintiff here has not asserted defendant's discrimination as a defense to anything raised by Defendant's counterclaims. Thus, in the instant case, unlike the circumstances in *Rothman*, the resolution of Plaintiff's discrimination claim will have no bearing on the resolution of the alleged conversion claim. *See Rothman, supra* at 454 ("The present case represents a good example where a federal court properly exercised its discretion to retain jurisdiction over a state-law claim because the primary issues underlying [defendant's] discrimination claims were already decided against

Rothman, and thus it was abundantly clear how [defendant's] state claim should be decided.")

Under these circumstances, Plaintiff respectfully submits that defendant's conversion claim be dismissed.

**Defendant's Misstate this Court's Task at the Motion to Dismiss Stage–the Court's Task is not To Determine Facts as Defendant Suggests, But Rather to Determine if Defendant's Have Pled Sufficient Information to State A Claim for Conversion. Defendant Has Not.**

The fact that the federal courts require only notice pleading does not save the defendant's conversion claim. Defendant must still allege sufficient facts to demonstrate that it has a claim. In the instant case, defendant's allegations of conversion are lacking in numerous respects such as those identified in the Plaintiff's, counter defendant's, motion to dismiss. Not only does defendant's complaint fail to allege information sufficient to establish that the "confidential corporate documents" constitute property which is covered by the conversion laws, but defendant's complaint makes clear that it cannot establish that Plaintiff, counter defendant, has wrongfully and without authorization assumed control, dominion or ownership over the property to the exclusion of defendant. Defendant's response to the Motion to Dismiss ignores these deficiencies in its pleadings. Under these circumstances, defendant's complaint has not alleged any set of facts that can support a claim for conversion under the applicable law set forth in Plaintiff's motion to dismiss. At a minimum, defendant should be required to identify documents it claims that were converted that constitute "property" with a protectible interest. Moreover, defendant has not proffered any case support for such a claim as to "confidential corporate documents."

Having failed to do so, defendant's conversion counterclaim should be dismissed with prejudice.

**Defendant, Counter Plaintiff's, Arguments Fail to Save Their Title III Claim**

Defendant proffers no case or other legal support to establish a claim that Schultze "intercepted" any communication protected by Title III's provisions. Thus, while the federal court requires notice pleading, such a pleading must demonstrate that there is a cognizable claim. In the instant case, the complaint demonstrates that in fact there can be no cognizable claim because the allegations establish that Schultze did not "intercept" any communication as that term is defined under Title III. Additionally, as noted, defendant does not allege nor argue that Schultze disclosed the communications at issue, nor that she did so while knowing the information was obtained from an illegal intercept, which in fact they were not. Finally, even *assuming arguendo* Schultze could be deemed to have "intercepted" the unidentified documents at issue, there is no allegation nor could there be that the "interception of such items was for the purpose of committing an criminal or tortious act and defendant does not identify any such act.

Indeed, defendant fails entirely to provide case law supporting the alleged Title III claim and rebutting the legal deficiencies identified by Plaintiff. Accordingly, Plaintiff respectfully request that this Court dismiss defendant's counterclaim under Title III with prejudice.

RESPECTFULLY SUBMITTED,

TERESA SCHULTZE

BY: s/Susan Bogart
    Law Offices of Susan Bogart
    30 North LaSalle Street, Suite 2900
    Chicago, IL 60602
    Tele: (312) 263-0900, ext. 7014
    Fax: (312) 263-5013
    E-mail: SBogart514@aol.com