E-FILED
Thursday, 10 February, 2005  10:21:55 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.03-4089 |
| GOODRICH EQUIPMENT COMPANY | ) |
| Defendant. | ) |

### O R D E R

This matter is before the Court on Plaintiff Teresa Schultze's Motion to Dismiss Defendant Goodrich Equipment Company's Counterclaim. For the following the Motion to Dismiss [#35] is DENIED.

### BACKGROUND

Plaintiff Teresa Schultze filed this sex discrimination suit against her former employer, Defendant Goodrich Equipment Company ("Goodrich") in December 2003. Schultze worked for Goodrich from November 2002 until July 10, 2003. She claims that Goodrich payed her less than her male counterparts for the same work. She further claims that when she protested, Goodrich terminated her.

Goodrich denied any sex discrimination in its Answer and claimed that Schultze was not fired, but voluntarily resigned. Goodrich also brought a Counterclaim against Schultze, stating that Schultze converted several of Goodrich's corporate-owned computer files by e-mailing them to her personal e-mail address on her last day of work. Goodrich claims that Schultze's actions constitute the tort of conversion under Illinois law and violate the Federal Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 – 2521 (2004).

Goodrich seeks compensatory and punitive damages, as well as injunctive relief for these alleged federal and state-law violations.

On November 18, 2004, Schultze filed a Motion to Dismiss the Counterclaim that is the subject of this Order. Specifically, Schultze states that Goodrich's federal claim fails because it does not allege all of the elements of an offense under the ECPA, and the state-law claim fails because it is a permissive counterclaim with no independent basis for jurisdiction and otherwise fails to state a claim for conversion under Illinois law. The matter is fully briefed, and this Order follows.

## DISCUSSION

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the nonmoving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

### I.     The ECPA Count

Title 18 U.S.C. § 2511(1)(a) states that "any person who ... (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication ... shall be punished as provided in subsection (4) shall be subject to suit as provided in subsection (5)." Section 2520 authorizes a civil

action for violations of § 2511.

Schultze claims that Goodrich has failed to state a claim upon which relief can be granted under this section because "the complaint demonstrates that in fact there can be no cognizable claim because the allegations establish that Schultze did not 'intercept' any communication as that term is defined ...." The Court is a bit puzzled by such a statement for two reasons. First, it is not the Complaint to which the Court must look to determine if Goodrich properly plead a *Counterclaim*, but the facts alleged in the Counterclaim itself. And second, even if the "allegations" Schultze refers to are the allegations of the Counterclaim, it should be clear that Goodrich does not need to prove the elements of its claim at this point, or even allege facts constituting each element of the statutory offense, but simply offer "a short and plain statement of the claim showing that [they] are entitled to relief ...." Fed. R. Civ. Proc. 8(a).

Goodrich has done so. In their counterclaim, Goodrich alleges that, "with out consent or authority, and in a willful, wanton, reckless and malicious manner with the express intent of converting [Goodrich's] property, [Schultze] caused to be forwarded to her personal e-mail address ... several confidential corporate owned files via e-mail process." Although this allegation is consistent with Schultze's theory of the case — namely, that Schultze did not "intercept" any communication of Goodrich, as she merely sent files on her computer to another computer — it is also consistent with a version of the facts that includes an interception within the meaning of the statute. For example, the files Schultze's allegedly converted were not necessarily stored on Schultze's hard drive according to Goodrich's statement of the facts — they could have been located on remote servers, and may or may not have been in transmission. "A suit should not be dismissed if it is possible

to hypothesize facts, consistent with the complaint, that would make out a claim." Graehling v. Village of Lombard, 58 F.3d 295 (7th Cir. 1995). In this case it is possible to hypothesize facts consistent with Goodrich's allegations that would make out a claim for the illegal interception of an electronic communication under 18 U.S.C. § 2511. Our liberal notice-pleading rules require nothing more.

## II.     The State-law Counts

Schultze first attacks Goodrich's state-law count for conversion claiming that this Court does not have jurisdiction to hear the claim. However, finding the federal count on the same facts to be proper makes the analysis regarding this Court's subject-matter jurisdiction much simpler. Though Goodrich and Schultze spend much of the space in their memoranda arguing over whether Goodrich's Counterclaim is compulsory or permissive under Federal Rule of Civil Procedure 13 (Goodrich, of course, arguing that it is compulsory as to invoke jurisdiction under 28 U.S.C. § 1367, and Schultze arguing that it is permissive to avoid such jurisdiction), the point is moot once Goodrich has a cognizable federal claim. Even if the Counterclaim is permissive (which it likely is), there is presently an independent basis for jurisdiction. Although neither party notes it, Goodrich may join its state-law claim for conversion to is its federal claim via Federal Rule of Civil Procedure 18(a), and jurisdiction is proper under 28 U.S.C. § 1367 because the conversion count involves the exact same case or controversy as federal count. Thus, this Court has jurisdiction to hear Goodrich's state-law claims.

Schultze also attacks the conversion count claiming that Goodrich fails to properly state a claim under Federal Rule of Civil Procedure 12(b)(6). In Illinois, "[t]o prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an

absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." <u>Cirrincione v. Johnson</u>, 703 N.E.2d 67, 70 (Ill. 1998).  Goodrich alleged, *inter alia*, that Schultze: "caused to be forwarded to her personal e-mail address ... several confidential corporate owned files"; that she did so "with the express, willful intent of bringing about an interference with [Goodrich's] right of exclusive possession in and to all of the files wrongfully converted"; and "in spite of demands fo the return of the wrongfully converted e-mail files, the same have never been returned ...."  These allegations are sufficient to state a claim for conversion under Illinois law, and Schultze's protestations to the contrary stem from a mischaracterization of federal court's liberal notice-pleading standard.

## CONCLUSION

For the reasons stated above, Schultze's Motion to Dismiss [#35] is DENIED. Schultze is ordered to answer the Counterclaim within twenty days of the entry of this Order.

ENTERED this 9th day of February, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
