E-FILED
Thursday, 14 April, 2005  06:07:05 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| TERESA M. SCHULTZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 04089 |
| v. ) | |
| ) | |
| GOODRICH EQUIPMENT CO., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff and Counter-Defendant, Teresa Schultze, by and through her attorney, hereby submits her Answer to Defendant's Counterclaims:

**Answer to General Allegations**

1. Counter-Plaintiff is engaged primarily in the sale of farm machinery and equipment as a Deere & Co. dealer, with offices in Geneseo, Illinois.

**Answer:** Plaintiff and Counter-Defendant Schultze is without sufficient information to form a belief as to the truth or falsity of the matters described herein and demands strict proof thereof.

2. Counter-Defendant, on July 10, 2003, was an employee and service manager of the Counter-Plaintiff's Geneseo, Illinois, store.

**Answer:** Plaintiff and Counter-defendant admits that she was employed with Goodrich Equipment Co. as service manager on July 10, 2003.

3. Counter-Defendant had access, as part of her job performance, to a computer at her work area which included the capacity for e-mail transmission of data.

**Answer:** Plaintiff and Counter-Defendant admits that she had the use of a computer while employed at Goodrich Equipment Co. but can neither admit nor deny the

phrase that "the computer included the capacity for e-mail transmission of data" as it is vague and conclusory.

4. On the morning of July 10, 2003, Counter-Defendant was directed by the Vice-President and Chief Executive Officer of Counter Plaintiff to comply with certain administrative requirements incidental to her continued employment with Counter-Plaintiff.

**Answer:** Plaintiff and Counter-defendant can neither admit nor deny the allegations contained in paragraph 4 as they are vague and conclusory and denies any factual allegations contained in paragraph 4.

5. The administrative requirements included a request for verification of actual hours worked by Counter-Defendant, to which she replied to this direction, "I won't do it-I will quit first." Counter-Defendant was also notified this date, through representatives of the bookkeeping department of Counter-Plaintiff, that her compensation payment in the future would be on an actual time performed basis, with a standard work week of 40 hours plus 7 hours of overtime to be authorized solely by Counter-Plaintiff's Vice President.

**Answer:** Plaintiff and Counter-Defendant denies the first sentence of paragraph 5. Plaintiff and Counter-defendant can neither admit or deny the second sentence of paragraph 5 because it is vague insofar as to "representatives" of the bookkeeping department and because it states "was also notified this date" without providing a date as to when the events identified are alleged to have occurred.

6. For the duration of July 10, 2003, after the issuance of directions by Counter-Plaintiff's Vice President in the morning thereof, Counter-Defendant was observed as spending a great deal of time on her private cell phone and copying documents.

**Answer:** Denied.

7. At approximately 4:50 p.m. on July 10, 2003, it was confirmed that Counter-Defendant had refused to comply with Counter-Plaintiff's administrative directives, removed her personal articles from her office location, and left the premises of Counter-Plaintiff, voluntarily surrendering her employment, with no fault attributable to Counter-Plaintiff.

**Answer:** Plaintiff and Counter-defendant denies the allegations contained in

paragraph 7 except that Plaintiff and Counter-defendant admits that she removed her belongings from the premises of Defendant and Counter-Plaintiff at some point on July 10, 2003 because she was unlawfully fired by Roger Goodrich at that time and directed and ordered by him to do so as is more fully set forth in the allegations of Plaintiff's Complaint.

8. Subsequent to the Vice President's earlier directions to Counter-Defendant, without consent or authority, and in a willful, wanton, reckless and malicious manner with the express intent of converting Counter-Plaintiff's property, Counter-Defendant caused to be forwarded to her personal e-mail address registered in the name of Dale and Teresa Schultze, several confidential corporate owned files via e-mail process at 1:32 p.m. on July 10, 2003.

**Answer:** Denied.

9. The aforementioned transmission of corporate files to her personal e-mail address was discovered by Counter-Plaintiff on July 11, but in spite of demands for the return of the wrongfully converted e-mail files, the same have never been returned to Counter-Plaintiff.

**Answer:** Plaintiff and Counter- Defendant is without sufficient information and belief as to what Defendant and Counter-Plaintiff "discovered" and as to the remainder of allegation 7 denies same.

10. The aforementioned conversion of property/corporate files was done with the express intent by Counter-Defendant of interfering with Counter-Plaintiff's rights of possession in and to the files converted and has illegally permitted the confidential information belonging to Counter-Plaintiff to be released from its possession in a manner in which it no longer has any direct control over said files and information.

**Answer:** Plaintiff and Counter-Defendant is without sufficient information and belief to form a response to the conclusory allegations contained in paragraph 10 and denies same.

**Count I**

**Conversion**

1-10. Counter-Plaintiff restates and realleges paragraphs 1-10 of the General Allegations as paragraphs 1-10 of Count I.

**Answer:** Plaintiff and Counter Defendant restates and realleges her answers to paragraphs 1-10 of the General Allegations as her answers to paragraphs 1-10 of Count I.

11. Counter-defendant's conduct, as referenced heretofore, was with express, willful intent of bringing about an interference with Counter-Plaintiff's right of exclusive possession in and to all of the files wrongfully converted.

**Answer:** Denied.

12. Counter-Plaintiff has been damaged by virtue of the wrongful interference with its rights for possession in and to the files reflected by the e-mail records of the Counter-Defendant on July 10, 2003 at 1:32 p.m.

**Answer:** Plaintiff and Counter defendant is without sufficient information to form a belief as to the truth or falsity of this allegation and thus denies said allegation and demands strict proof thereof.

13. Subsequent to July 10, 2003, Counter-Defendant has admitted in writing to the aforementioned conversion of corporate files belonging to Counter-Plaintiff, the same being transmitted by e-mail process to an e-mail registered to the name of Dale and Teresa Schultze.

**Answer:** Plaintiff and Counter-defendant is without sufficient information to form a belief as to the truth or falsity of said allegation, denies same and demands strict proof thereof.

WHEREFORE, Plaintiff and Counter Defendant Schultze respectfully requests that no relief be entered in favor of Goodrich Equipment Co. (Counter-Plaintiff) and that the allegations contained in CounterClaim Count I be rejected and dismissed with prejudice.

**Count II**

## Punitive Damages

1-10. Counter-Plaintiff restates and realleges paragraphs 1-10 of the General Allegations as paragraphs 1-10 of Count II.

**Answer:** Plaintiff and Counter Defendant restates and realleges her answers to paragraphs 1-10 of the General Allegations as her answers to paragraphs 1-10 of Count II

11-13. Counter-Plaintiff restates and realleges paragraphs 11-13 of Count I as paragraphs 11-13 of Count II.

**Answer:** Plaintiff and Counter Defendant restates and realleges her answers to paragraphs 11-13 of Count I as her answers to paragraphs 11-13 of Count II.

14. The aforementioned conversion of information and files of Counter-Plaintiff was willful, wanton, reckless and malicious with the intent to harm Counter-Plaintiff.

**Answer:** Denied.

WHEREFORE, Plaintiff and Counter Defendant Schultze respectfully request that no relief be granted in favor of Goodrich Equipment Co. (Counter-Plaintiff) and that this claim be dismissed with prejudiced.

## Count III

## Electronic Communications Privacy Act

1-10. Counter-Plaintiff restates and realleges paragraphs 1-10 of the General allegations as paragraphs 1-10 of Count III.

**Answer:** Plaintiff and Counter Defendant restates and realleges her answers to paragraphs 1-10 of the General Allegations as her answers to paragraphs 1-10 of Count III.

11-13. Counter-Plaintiff restates and realleges paragraphs 11-13 of Count I as paragraphs 11-13 of Count III.

**Answer:** Plaintiff and Counter Defendant restates and realleges her answers to

paragraphs 11-13 of Count I as her answers to paragraphs 11-13 of Count III.

14. The conversion conduct complained of by Counter-Plaintiff in this proceeding is covered by the provisions of The Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521.

**Answer:** Plaintiff and Counter Defendant states that the allegations contained in paragraph 14 are legal conclusions which Plaintiff nor Counter Defendant can either admit nor deny and which are matters for the Court to decide. To the extent paragraph 14 contain any factual allegations, Plaintiff and Counter -Defendant deny the same and demand strict proof thereof.

15. 18 U.S.C. Section 2520 authorizes a civil action to address violations of the Electronic Communications Privacy Act.

**Answer:** Plaintiff and Counter Defendant states that the allegations contained in paragraph 15 are legal conclusions which Plaintiff nor Counter Defendant can either admit nor deny and which are matters for the Court to decide. To the extent paragraph 15 contain any factual allegations, Plaintiff and Counter -Defendant deny the same and demand strict proof thereof.

16. The conduct referenced heretofore in paragraphs 1-13 is in violation of the provisions of the Electronic Communications Privacy Act, supra.

**Answer:** Plaintiff and Counter Defendant states that the allegations contained in paragraph 16 are legal conclusions which Plaintiff nor Counter Defendant can either admit nor deny and which are matters for the Court to decide. To the extent paragraph 16 contain any factual allegations, Plaintiff and Counter -Defendant deny the same and demand strict proof thereof.

17. By virtue of the provisions of the Electronic Communications Privacy Act, Section 2520, Counter Plaintiff is entitled to recover:
    A. Such preliminary and other equitable or declaratory relief as may be appropriate; and/or

        B. Statutory damages of whichever is the greater of $100 per day for each violation or $10,000; and/or
        C. Recovery of reasonable attorneys' fees and other litigation costs reasonably incurred in the pursuit of this action.
**Answer:** Denied.

WHEREFORE, Plaintiff and Counter Defendant prays that no relief be granted to Goodrich Equipment Co., the claim dismissed with prejudice and judgment entered in favor of Schultze and against Defendant and Counter Plaintiff Goodrich Co.

        RESPECTFULLY SUBMITTED,

        PLAINTIFF TERESA SCHULTZE

        By: s/Susan Bogart
        Law Offices of Susan Bogart
        30 North Lacily St., Ste. 2900
        Chicago, IL 60602
        Tele: (312) 263-0900 ext. 7014.
        Fax: (312) 263-5013
        Email: SBogart514@aol.com