E-FILED
Tuesday, 18 October, 2005  03:12:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE, ) | |
| Plaintiff, ) | |
| ) | NO. 03 Cv 04089 |
| v. ) | Jury Trial Demanded |
| ) | |
| GOODRICH EQUIPMENT COMPANY, ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO STRIKE PURSUANT TO
RULE 56(F) F.R.CIV. P.**

Plaintiff, Teresa Schultze, by and through her attorney, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and the Federal Rules of Evidence does hereby move to strike the affidavit of William Schneider, Exhibit E, to Defendant's Motion for Summary Judgment and moves to strike all statements which rely thereon. In support, Plaintiff states as follows.

1. Defendant Goodrich has filed a motion for summary judgment on Plaintiff's complaint that she was discriminated against in her compensation based upon sex and retaliated against when she was fired for complaining about her unequal compensation.

2. In support of that Motion, defendant has attached Ex. E, the affidavit of William Schneider. This Affidavit, Ex. E, is offered to support Defendant's Undisputed Facts Numbered 6, 9, 10, and 11 which Plaintiff moves to strike as well.

3. Rule 56(f) of the Federal Rules of Civil Procedure requires that "[s]upporting . . .affidavits shall be made upon personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

4. Paragraphs 2-4 of Schneider's affidavit pertaining to Plaintiff's compensation relies on

1

a schedule 1 "prepared from the original corporate payroll records of Goodrich Equipment Co.". Schedule 1 is a summary chart and the original documents on which it relies have not been produced to Plaintiff by defendant as part of Schneider's affidavit, as required by Rule 56(f).

5. Exhibit 4 to Schneider's affidavit purports to summarize payroll and other voluminous personnel documents of defendant reflecting compensation and earnings for approximately 40 individuals for the 2003.[1]

6. Both Schedule 1 and 4 attached to Schneider's affidavit and relied upon by him are summary exhibits for which the underlying documents have not been made available despite Plaintiff's requests in discovery nor in support of the affidavit.

7. Rule 1006 of the Federal Rules of Evidence pertaining to "Summaries" requires that to be admissible, "the originals, or duplicates [of the voluminous documents underlying the summary] shall be made available for examination, or copying, or both, by other parties at reasonable time and place."

8. Rule 1002, the Best Evidence Rule, requires that the original of a writing be produced if a proponent is seeking to prove the contents of the writing. The summary documents and affidavit of Schneider seek to quote only portions of payroll and other personnel documents of

---

[1] Plaintiff's Exhibit 17 is the form of this Exhibit produced in discovery by defendant to Plaintiff. It is noteworthy that Plaintiff's Exhibit 17 differs from defendant's Exhibit E(4) in that the first column under "Actual Earnings" on Plaintiff's Ex. 17 purports to reflect earnings for 2003 and the Second Column purports to reflect earnings for 2002. In defendant's Exhibit E(4) which resembles Plaintiff's Ex. 17, both columns under "Actual Earnings" purport to reflect earnings for the year 2003. In the upper left hand corner of Plaintiff's Ex. 17, produced by defendant, the run date is 3/3/05. Defendant's Ex. E(4) bears a run date of 8/24/05. These facts alone undermine the accuracy and reliability of defendant's Ex. E(4) to the extent that defendant seeks to use it and the information contained therein in its favor. (This use is to be distinguished from Plaintiff's in which she utilizes certain entries as admissions to be offered against defendant.See F.R.Ev. 804(b)(3) and 801(d)(2).) On April 19, 2005, Plaintiff requested that the documents underlying Plaintiff's Exhibit 17 (which resembles defendant's Ex. E(4)). See Exhibit A attached to this motion to strike, p. 3, paragraph 6 and the identity of who had prepared these summaries. Ex. A, p. 1, "Document Requests". Defendant failed to produce this information.

some 40 employees for which original and presumably more accurate documents underlying the summary exist but have not been produced. In such a case, the defendant cannot rely on the summaries and Schneider's affidavit. *See e.g. Dugan v. R.J. Corman R.R. Co.,* 344 F.3d 662, 669 (7th Cir. 2003), where the court held that provisions of a trust agreement allegedly requiring defendant to make contributions to union's retirement benefits could not be shown by affidavit quoting only portions of the agreements; the best evidence rule required that entire trust agreement be offered into evidence.

9. In addition, other inaccuracies appear to exist in Exhibit E(4)(Plaintiff's Exhibit 17). For example, Klint Rice testified that he was making $42,500 in the fall of 2002 at the time Plaintiff took over his position as Service Manager. PE 19 in Opposition to Summary Judgment, Rice Dep. Tr. 119, lines 12-13. Yet, Plaintiff Ex. 17, produced by defendant and similar to defendant's Exhibit E(4) offered in support of and relied on by William Schneider (except that E(4) does not have a column for 2002 income, states that Rice was earning $41, 366.57.

10. Additionally, Plaintiff's salary was raised to $37,000 in May 2003. PE 7 in opposition to summary judgment. As of June 2, 2003 (one month before Plaintiff was fired) this raise had still not taken effect in her check. PE 8(b) in opposition to summary judgment. Thus, Schneider's contention that Plaintiff's salary was increased to $42,000 in May 2003 (see Ex. E, Schneider affidavit, para. 4) is directly contradicted by admissible documentation rendering unreliable the summary schedule relied on by Schneider for this conclusion.

WHEREFORE, Plaintiff respectfully requests that this Court strike Ex. E, the affidavit of William Schneider, Schedules 1 and 2 to Ex. E and those portions of Defendant's Undisputed

Facts 6, 9, 10 and 11 relying thereon.

        RESPECTFULLY SUBMITTED,

        TERESA SCHULTZE, PLAINTIFF

        BY: ss/Susan Bogart
        Law Offices of Susan Bogart
        30 North LaSalle Street, Suite 2900
        Chicago, IL 60602
        Tele: (312) 263-0900, ext. 7014
        Fax: (312) 263-5013
        E-mail: SBogart514@aol.com

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that she caused to be served upon attorney Robert Park, Snyder, Park & Nelson, 1600 Fourth Avenue, Rock Island, IL 61201 and Mark Churchill, Churchill & Churchill, 1610 Fifth Ave., Moline, IL 61265 by electronic filing and by first class mail on this 17th day of October, 2005, Plaintiff's Motion to Strike William Schneider Affidavit, Defendant Ex. E to Summary Judgment and Schedules 1 and 4 in support. .

        BY:   ss/Susan Bogart
        Law Offices of Susan Bogart
        30 North LaSalle Street, Suite 2900
        Chicago, IL 60602
        Tele: (312) 263-0900, ext. 7014
        Fax: (312) 263-5013
        E-mail: SBogart514@aol.com