E-FILED
Tuesday, 18 October, 2005  03:15:31 PM
Clerk, U.S. District Court, ILCD

**SUSAN BOGART**
**LAW OFFICES OF SUSAN BOGART**
**30 NORTH LASALLE ST., STE. 2900**
**CHICAGO, IL 60602**

*Tele: 312-263-0900, ext. 7014*                    *Facsimile: 312-263-5013*

Date: April 19, 2005

TO:   Robert T. Parker–309-786-0463

FROM: Susan Bogart

   Re: *Schultze v. Goodrich Equipment Co., 03 C 4089, Rule 37 letter re: discovery disputes.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*CONFIDENTIALITY\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The documents accompanying this telecopy transmission contain information from the law practice of the Law Offices of Susan Bogart which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.
IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE, PLEASE CALL AS SOON AS POSSIBLE. TELEPHONE: 312-263-5013.



EXHIBIT A

# SUSAN BOGART
## LAW OFFICES OF SUSAN BOGART
30 NORTH LASALLE STREET - 29TH FLOOR
CHICAGO, ILLINOIS 60602

PHONE: (312) 263-0900 ext 7014

FACSIMILE: (312) 263-5013

April 19, 2005

Via Facsimile–309-786-0463

Robert T. Park
Snyder, Park & Nelson
1600 Fourth Avenue
Rock Island, IL 61201

Re: *Schultze v. Goodrich Equipment,* 03 C 4089

Dear Mr. Park:

In accord with our conversation of April 14, 2005, I am setting forth in writing those items in defendant's answers to Interrogatories and Document Requests served by Plaintiff that we believe require further detail or response. Please consider this our attempt to resolve discovery disputes under Rule 37 of the Federal Rules of Civil Procedure.

**Document Requests**

Goodrich has produced an number of "schedules" in response to Document Requests as well as Interrogatories. Plaintiff requests the following information regarding each of these schedules which are identified more fully below. First, Plaintiff requests the identity of each person or person(s) who prepared the schedules. Second, as the schedules are really summaries in which information appears to have been taken from a variety of sources, Plaintiff requests the identification of the source documents for each piece of information appearing on a schedule and to the extent not already produced, Plaintiff requests that said source or underlying documents be produced pursuant to Rules 804 and 1006 of the Federal Rules of Evidence. If the source or underlying documents have already been produced, Plaintiff requests that defendant identify which documents that have been produced constitute source documents for a particular schedule.

The "schedules" to which Plaintiff refers are those produced as follows:[1]

1) Schedule of Goodrich employees from 1/1/02 through 12/31/03 produced in response

---

[1] Plaintiff notes that defendant did not batestamp the documents it produced. Thus, Plaintiff will do the best she can in describing the particular schedule.

1

to Interrogatory No. 4 and Document Request 3;

    2) Schedules including "recap" and January 23, 2004 email from Luikart to cclaw with the name Ann Marie Merrick on top identifying details concerning referenced emails produced in response to Interrogatory Nos. 18 and 19 and Document Request No. 3 and in addition producing underlying documents, please identify the handwriting on Klint Rice's email to Luikart dated ½0/04; also identify who prepared the recap. As to the emails produced, many contain handwritten notations, please identify whose handwritten notations appear on these emails, when the notations were placed on the emails, what the source of the information represented in the handwritten notation is or are, and if they purport to pertain to Teresa Schultze, including but not necessarily limited to:

| Date | To | From | Handwritten Notation |
|---|---|---|---|
| 6/19/03 | Rob Roman et al | Roger Goodrich | "Missing Cash" |
| 11/26/02 | Lori Hamer et al | Roger Goodrich | "Customer Bankruptcy" |
| 6/20/03 | Teresa Schultze | Roger Goodrich | "Teresa failed to communicate to get these done" |
| | Re: 7/9/03 Management Meeting– | | "Teresa cancelled her attendance 30 minutes prior to taking her mother to the doctor" |
| 3/10/03 | Jim Luikart et al. | Roger Goodrich | "updated safety equip." |
| 6/10/03 | Bill Schneider et al | Roger Goodrich | "example of compliance w/OSHA" |
| 6/10/03 | Bill Schneider et al | Roger Goodrich | "confidential" |
| 12/17/02 | Teresa Schultze | Roger Goodrich | "This was Teresa's job to fully communicate with customers–her absences made it hard" |
| 1/7/03 | Teresa Schultze | Roger Goodrich | "OSHA" |
| 6/20/03 | Denny Desplinter et al | Roger Goodrich | "Highly Confidential" |

2

Further, as to those emails where there is a handwritten notation of confidentiality, and indicate as to the January 23, 04 email from Luikart which emails are deemed confidential and in what respect the email is deemed confidential and who determined it to be such.

3) Department Manager Schedule detailing position, date of hire and salary produced in response to Document Request No. 4;

4) schedule regarding employee training dates, description, cost etc. produced in response to Document Request No. 4;

5) schedule attached detailing compensation, profit sharing, insurance etc. produced in response to Document Request No. 7;

6) summary of earnings for 2002/2003 produced in response to Document Request No. 7.

7) the summaries of earnings are missing for Plaintiff Schultze's statement of earnings for 2002 and 2003 and for Kent Etzel for 2003.

8) The participation requirements for the profit sharing program at Goodrich do not appear to be included in your profit sharing materials although a reference to same are included in your schedule. Please provide the documents detailing participation requirements.

9) Please provide documentary evidence or an explanation of the "base rate" in effect for Teresa Schultze effective July 11, 2003.

**Interrogatories**

2. The description of the knowledge of the individuals identified in answer to Interrogatory No. 2 are insufficient. You do not for example identify the specifics of Roger Goodrich's knowledge as to the allegations. The interrogatory requests not only the identify of the person with knowledge and as to what each has knowledge, but also what that knowledge is, the source and basis for the knowledge–e.g. personal knowledge and of what specifically, or from some other source. Additionally, interrogatory no. 2 requests an identification of the paragraph in the complaint that the person's knowledge pertains to and what their relationship to Goodrich Equipment Co. is. Please provide the details of each persons knowledge as to each allegation in the complaint, answer or counterclaim.

3. Again, the information sought–the nature of the person's testimony calls for details not a summary statement of the person's knowledge. Please provide the details of the testimony or expected testimony of each person identified in response to Interrogatory No. 3.

4. The response to Interrogatory No. 4 is not complete because the documents supporting the schedule provided are not provided.

3

7 and 8. The answers to these two interrogatories are incomplete in several respects. First, the statement that Roger Goodrich has discussed the content of Plaintiff's complaint with several employees is not responsive. The Interrogatory requests the identity of the persons, their position, the address, the date and place of the communications, who was present and what was said and by whom. None of these details have been provided in the answers to either interrogatory.

Further, the claim of privilege regarding Roger Goodrich's communications with counsel does not provide the information required under Rule 26(5), which will permit Plaintiff to determine if she may challenge the claim of privilege or not. The particular communications that Roger Goodrich had with counsel, who counsel was, when and at what time the communications occurred and who was present or participated in the communication are all details called for under Rule 26 when a claim of privilege is asserted. Please provide the log called for under Rule 26(5) for all communications being withheld on the ground of privilege, whether attorney client, attorney work product or otherwise.

10. The answer is not complete. If there is no written administrative requirement please state so. If the answer is intended to state that Roger Goodrich's verbal direction was the "administrative requirement" please make that clear. Also, please provide the details concerning when and where Roger Goodrich communicate this requirement to Plaintiff and whether the communication was written or verbal. Also, please state the substance of what Goodrich stated to Plaintiff and who if anyone else was present.

12. Please identify the time of the communication by Jim Luikart to Plaintiff. If Lori Hamer and or plaintiff stated anything please provide that information according to Luikart.

13. As to Interrogatory no. 13, do you mean the standard 40 hours or 47 that is written there? If the standard work week was 47 hours, please explain the overtime arrangement after 40 hours.

14. The answers here are incomplete. The Interrogatory requires that as to each person who purportedly observed plaintiff "spending a great deal of time on her private cell phone and copying documents" that not simply the identity of the person alleged to observe this activity, but the dates and times such activity occurred, who was present, and for how long the activity occurred. State also the basis for their personal knowledge as to the details of Plaintiff's activity.

15. The answer is incomplete. Please identify what Plaintiff said or did and who states that Plaintiff said or did such action that constituted "non compliance. As to each alleged instance of non compliance, the interrogatory requests that act be identified, who was present for the act, what specifically each person observed be described, and the basis for the conclusion that was required to complete a time card at the end of the work day on July 10 and the basis for the conclusion that she did not.

16. The answer is incomplete. The interrogatory calls for each person who claims to have witnessed or overheard the activity when Plaintiff was packing her personal belongings on July

10, that the person describe specifically what they observed. If you have provided all that the individuals identified are able to describe please state so.

17. The answer is incomplete. The interrogatory calls for each person who witnessed or observed or overheard plaintiff leave the premises that they explain exactly what they saw or heard. Your answer is summary in its description. Also, your answer does not indicate whether there are any documents responsive to this interrogatory.

18. Your answer to Interrogatory No. 18 is not complete. You have provided nothing indicating that forwarding emails from Goodrich Equipment to another email is prohibited and none of the company policies you have provided indicate that there is a policy prohibiting same. If there is no such policy please state so. Further, your answer does not explain the basis for the contention that Plaintiff acted willfully, wantonly, recklessly or maliciously with the express intent of converting the emails to her possession and depriving defendant of the same.

23. You have not answered interrogatory no. 23. Please identify with particularity every way in which defendant has been damaged as called for in the interrogatory and as to each instance of damage please provide all documentation regarding same. Contrary to your assertion, the statute does require that you demonstrate that an allegedly wrongfully intercepted electronic communication was used in violation of the chapter in order for damages to be recouped. See Section 2520. Thus, the answer to Interrogatory No. 23 must provide an answer demonstrating an use and how it was an unlawful use.

24. Your answer is not complete. Please describe within the document you identify what you believe the "admission" of Plaintiff is.

25. Your answer is not complete and the answers to Interrogatory Nos. 18 and 22 do not set forth the basis for the contention that Plaintiff's alleged conduct was illegal. Please set forth the factual and legal basis for this allegation, including the factual and legal basis for the contention that she "intercepted" the communications and did so unlawfully.

As I noted, the May 15 cut off for fact discovery is approaching and I am scheduled to begin a trial on May 9. We would like to take depositions at the end of April, first week of May. However, complete answers to this discovery is required prior to these depositions.

I look forward to hearing from you shortly.

Very truly yours,

SUSAN BOGART

5