E-FILED
Thursday, 20 October, 2005  08:38:16 AM
Clerk, U.S. District Court, ILCD

E  X  H  I  B  I  T

1

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

TERESA M. SCHULTZE,            )
    Plaintiff,                 )
                               )   NO. 03 Cv 04089
v.                             )   Jury Trial Demanded
                               )
GOODRICH EQUIPMENT COMPANY,    )
    Defendant.                 )

## PLAINTIFF TERESA SCHULTZE'S AFFIDAVIT

Affiant, Teresa Schultze does state under oath as follows.

1. Affiant is the plaintiff in the above captioned matter and has brought claims of gender discrimination and retaliation against Goodrich Equipment Co.

2. Affiant makes this affidavit upon personal knowledge and if called to testify would testify in accordance with this affidavit.

3. After affiant began as a full time employee as Service Manager at Goodrich Equipment Company, she spoke to Roger Goodrich at least twice a month about her performance and the raise of her compensation to $42,000 beginning January 2003. This was the amount which would bring Plaintiff to the same level as Klint Rice, the prior Service Manager, be commensurate with the compensation of the other male manager's at Goodrich and commensurate with Managers in the area with Plaintiff's background, education and experience.

4. Plaintiff discussed the issue of her raise with Roger Goodrich on May 6, 2003 in connection with her performance review.

5. The only raise that Roger Goodrich advised Plaintiff of during the time of her employment was the raise of her salary from $35,000 to $37,000 reflected in Plaintiff's Exhibit 7. Plaintiff has never received any notification that her salary was raised to

EXHIBIT 1

$42,000 during Plaintiff's employment, despite her discussions about this raise.

6. Plaintiff notified Roger Goodrich for all of her absences except for possibly one absence that came up suddenly relating to a doctors visit for Plaintiff's mother. Plaintiff notified Mike DeRew of this absence.

7. Exhibit 1(a)(1) represents that portion of the Goodrich Policies in effect through June 15, 2003 pertaining to sick leave, vacation time and personal and family medical leave.

8. Exhibit 1(a)(2) represents that portion of the Goodrich Policies in effect after June 16, 2003 pertaining to sick leave, vacation time, and personal and family medical and other leave.

9. At no time prior to the last date of affiant's employment did anyone state to her that her absences were excessive or unauthorized and at no time was Plaintiff notified that she would not be paid for time that she was absent.

10. At no time prior to the last date of her employment did Roger Goodrich complain to Plaintiff about her performance.

11. Roger Goodrich never discussed with her what "the many other reasons" for her termination were as stated in PE 11.

12. While at Goodrich in the position of Service Manager, affiant supervised approximately 17 people.

FURTHER AFFIANT SAYETH NOT.

"I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th, day of October, 2005.

*Teresa Schultze*
Teresa Schultze