E-FILED
Tuesday, 01 November, 2005 03:35:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 03 C 04089 |
| vs. | ) |
| | ) |
| GOODRICH EQUIPMENT CO., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Now comes Defendant, GOODRICH EQUIPMENT CO., by its attorneys, Mark D. Churchill for Churchill & Churchill, P.C., and Robert T. Park for Snyder, Park & Nelson, P.C., and in support of its Response to Plaintiff's Motion to Strike, states as follows:

Defendant filed in this matter a Motion for Summary Judgment on August 26, 2005, and included the supporting Affidavit of William Schneider as Exhibit E to that motion. Plaintiff has filed a Motion to Strike the Affidavit of William Schneider, Schedules 1 and 2 to the Affidavit, and those portions of Defendant's Undisputed Facts supported by the Affidavit based on Federal Rules of Evidence.

The original Affidavit of William Schneider included four schedules identified as Schedules 1-4 to the Affidavit. Plain-

- 2-

tiff's Motion to Strike specifically attacks Schedules 1 and 4 of the Affidavit; however Plaintiff's prayer asks the Court to strike Schedules 1 and 2.  As a result of Plaintiff's ambiguity as to which schedules are sought to be stricken, Defendant will address each Schedule to the original Affidavit of William Schneider separately, illustrating that each is plainly admissible under the Federal Rules of Evidence ("FRE").

**Schedule 1**:

Schedule 1 to the original Affidavit of William Schneider is a summary of Plaintiff's payroll amounts prepared from Defendant's permanent business payroll records.  Plaintiff argues that the documents used to create this summary should have been included in accordance with FRE 1002, the Best Evidence Rule.

The Best Evidence Rule states, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."  FRE 1002.  Numerous exceptions to the Best Evidence Rule exist, including FRE 1004 which states:

> "The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if--

- 3-

> **(1) Originals lost or destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
>
> **(2) Original not obtainable.** No original can be obtained by any available judicial process or procedure; or
>
> **(3) Original in possession of opponent.** At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or
>
> **(4) Collateral matters.** The writing, recording, or photograph is not closely related to a controlling issue." FRE 1004.

Defendant does not dispute that the best evidence to support a summary of payroll records would be a cancelled payroll check or "paystub." The Supplemental Affidavit of William Schneider attached hereto as Exhibit A states, however, that Plaintiff, like all employees of Defendant, was paid via direct deposits into her personal bank account thus eliminating any checks physically being created for each pay period. Plaintiff physically received a "paystub" each payday generated from the Defendant's payroll system. These "paystubs" are periodically deleted in order to save memory space on the computer system and are no longer in the possession of the Defendant.

- 4-

Attached as Exhibit 1 to the Supplemental Affidavit of William Schneider, Exhibit A hereto, are pay statements created from Defendant's permanent business payroll records that reflect the exact amount of payment received by Plaintiff every pay period and the information contained on each "paystub" Plaintiff received. Schedule 1 to the original Affidavit of William Schneider was created by referencing documents contained in Exhibit 1 to the Supplemental Affidavit of William Schneider, which are provided pursuant to FRE 56(f).

The Supplemental Affidavit of William Schneider makes clear that the original "paystubs" are no longer obtainable by Defendant and the original of those documents are (or were) in the possession of the Plaintiff. FRE 1004(2)(3) declares that other evidence of writings, if the original is either no longer obtainable or is in the possession of the opposing party, is admissible. It is indisputable that Schedule 1 to the original Affidavit of William Schneider, as well as Exhibit 1 to the Supplemental Affidavit of William Schneider, are admissible under paragraphs 2 and 3 of FRE 1004.

- 5-

**Schedules 2 and 3:**

Schedules 2 and 3 to William Schneider's original Affidavit are true and correct copies of Plaintiff's W-2 Wage and Tax Statement Forms for calendar years 2002 and 2003 respectively issued by Defendant. Plaintiff received an original W-2 for tax years 2002 and 2003 from Defendant, which can only be assumed were included with Plaintiff's tax returns for those respective years. Defendant maintained a true and correct copy of those documents for its records, and it is Defendant's true and correct copies which were provided as Schedules 2 and 3.

FRE 1003 states: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

Schedules 2 and 3 to the original Affidavit of William Schneider are duplicates of original documents required to be filed with the federal and state government. Plaintiff has raised no questions of authenticity, nor has Plaintiff insinuated that fairness would dictate that the Court strike these Schedules. Plaintiff's arguments against the admissibility of Schedule 2 and 3 are erroneous and wholly without merit.

-6-

**Schedule 4:**

Schedule 4 to the original Affidavit of William Schneider constitutes a summary of payroll for all employees of the Defendant for tax years 2002 and 2003, tenure of employment, positions and descriptions of job responsibilities. Schedule 4 is a compilation of voluminous corporate business records of the Defendant. Paragraph 5 of Plaintiff's Motion to Strike acknowledges that Schedule 4 is a summary of "voluminous personnel documents".

It is a well established exception to the best evidence rule that summaries of voluminous documents are admissible. "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court." FRE 1006.

The remainder of Plaintiff's Motion, paragraphs 9 and 10, attempts to discredit the contents of the original Affidavit of William Schneider with alleged inaccuracies. These arguments are misplaced in a Motion to Strike and should have been addressed by Plaintiff in her Response to Defendant's Motion for

- 7-

Summary Judgment, thereby eliminating the need for Defendant to address them in this pleading.

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike Exhibit E to Defendant's Motion for Summary Judgment, the original Affidavit of William Schneider.

>Respectfully submitted,
>
>GOODRICH EQUIPMENT CO.,
>Defendant,
>
>By:  s/ Mark D. Churchill
>     Mark D. Churchill Bar #188372
>     Attorney for Defendant
>     Churchill & Churchill, P.C.
>     1610 Fifth Avenue
>     Moline, IL  61265
>     Telephone: (309) 762-3643
>     Fax:  (309) 762-4690
>     E-mail: cclaw@churchillfirm.com
>
>and
>
>     s/ Robert T. Park
>     Robert T. Park Bar #11247
>     Attorney for Defendant
>     Snyder, Park & Nelson, P.C.
>     1600 Fourth Ave., Suite 200
>     P.O. Box 3700
>     Rock Island, IL  61201
>     Telephone: (309) 786-8497
>     Fax:  (309) 786-0463
>     E-mail:  rpark@snyderpark.com

-8-

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Susan Bogart, Robert Park.

                                            s/ Mark D. Churchill
                                            Mark D. Churchill Bar #188372
                                            Attorney for Defendant
                                            Churchill & Churchill, P.C.
                                            1610 Fifth Avenue
                                            Moline, IL  61265
                                            Telephone: (309) 762-3643
                                            Fax:  (309) 762-4690
                                            E-mail: cclaw@churchillfirm.com