UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOODRICH EQUIPMENT COMPANY, )<br>Defendant. ) | NO. 03 Cv 04089<br>Jury Trial Demanded |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE**
**PURSUANT TO RULE 56(F) F.R.CIV. P.**

Plaintiff, Teresa Schultze, by and through her attorney, hereby files her Reply in Support of Motion to Strike Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and the Federal Rules of Evidence and, in support, Plaintiff states as follows.

**Background**

1. Plaintiff Schultze moved to strike Ex. E, the affidavit of William Schneider, filed by defendant in support of its Motion for Summary Judgment and Schedules 1 and 4 thereto.[1]. This Affidavit, Ex. E, is offered to support Defendant's Undisputed Facts Numbered 6, 9, 10, and 11 which Plaintiff moves to strike as well.

2. As to Schedules 1 and 4, and paragraphs 2-4 of Schneider's affidavit which relied thereon, Plaintiff's motion to strike noted that these summaries were inadmissible for at least 2 reasons: 1) the underlying documents to the summaries had not been produced as required under Rule 1006 of the Federal Rules of Evidence; and 2) the summaries and Schneider's affidavit quoted portions of payroll and other personnel documents and the originals of the underlying

---

[1] Plaintiff's motion was directed to Schedules 1 and 4 only. Defendant correctly notes that fact but that in the prayer for relief Plaintiff mistakenly stated Schedules 1 and 2. Because Plaintiff's motion was directed to the "summary exhibits", Schedules 1 and 4 to Schneider's affidavt, Plaintiff's reply here is directed only to the Response of Defendant insofar as these schedules are concerned.

1

documents had not been produced as required under Rule 1002 of the Federal Rules of Evidence.

**Schedule 1**

      Schedule 1 purports to be a "Bi weekly Payroll summary of Schultze". See Schedule 1, top left hand corner. Although not previously produced in discovery, defendant has produced in response to the Motion to Strike –Exhibit 1–which purports to be a "Pay Statement" of Schultze for the period covered by and summarized in Schedule 1: November 21, 2002 through July 17, 2003. See Exhibit 1 to Response to Motion to Strike. As plaintiff had noted in her Motion to Strike, these underlying documents had been requested by not produced in discovery. Plaintiff served Document and Interrogatory Requests on June 15, 2004. Defendant responded on or about March 4, 2005. Exhibit A to Plaintiff's motion to strike is Plaintiff's Rule 37 letter dated April 19, 2005 in which she sought the underlying payroll and other documents supporting summary charts. See paragraph 1 to Exhibit A to Motion to Strike. No underlying documents were produced. Thus, defendant's production at this late date of the Pay Statements of Schultze are not timely and should be stricken. Plaintiff has not had the opportunity to conduct discovery on these documents. For example, Plaintiff was not an hourly rate employee (see ____); but the "Pay Statements" identify hours. It is unclear what this reference means and how if at all it applied to Plaintiff's compensation. Having not received these documents, Plaintiff did not conduct the deposition of a Goodrich employee to have them explained. Accordingly, Plaintiff moves to strike Exhibit 1 submitted in the Defendant's Response to Motion to Strike, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, as the production by defendant is untimely and not provided prior to the close of discovery and Plaintiff is not able to obtain affidavits addressing these statements as the individuals knowledgeable about them are not available to Plaintiff.

      Moreover, and more significantly, nothing in the Pay Statements produced as Exhibit 1 to

the Response to Motion to Strike identify the information contained in the footnotes to Schedule 1 to the Schneider affidavit. In other words, nothing in these documents support the conclusions asserted that Plaintiff was "1= part time"; "2=Full time salaried at $35,000 per year"; "3=Full time salary increased to $42,000 per year" and "4=Final pay, partial week". This even if this Court permits defendant to submit the Pay Statements contained in Exhibit 1 to the Response to Motion to Strike, then footnotes 1-4 of Schedule 1 should be stricken as not supported by these documents and as hearsay. Further, these footnotes are contradicted by other admissible evidence and create disputes of material fact.

For example, footnote 1 states that it represents part time. But nothing in the documents contained in Exhibit 1 state that Plaintiff is "part time". Indeed, these Pay Statements reflect "Hours" but Plaintiff was not an hourly employee; rather, she was a salaried employee. See Exhibit 4 to Plaintiff's Opposition to Summary Judgment. That memo states that she will be paid by the hour based upon a $35,000 beginning salary. When she started full time, then she was no longer paid hourly but rather on a salary basis. Yet, Schultze's pay statements in Exhibit 1 to defendant's response to motion to strike could be interpreted as indicating she was paid hourly.

While there is evidence in the record to support the assertion that Plaintiff was paid a salary of $35,000 per year (See Plaintiff's Exhibit 4 to Opposition to Summary Judgment) that fact is not supported by the documents (Ex. 1) which Schedule 1 purports to summarize. There is nothing in the Pay Statements of Ex. 1 which indicate that Plaintiff's salary was raised to $42,000.00- footnote 3. Indeed, there is no evidence in the record to support this assertion and there is plenty of evidence in the record to contradict it. See for example, Plaintiff's Exhibit 7, dated May 6, 2003 in which Roger Goodrich advises Plaintiff he is increasing her salary to $37,000; see also Plaintiff's Ex. 8(a) in which Plaintiff advised Goodrich that despite the salary increase to $37,000 her pay check for the prior two pay periods have not reflected that increase.

Finally, contrary to Goodrich's practice of evidencing salary amounts by email to the employee (e.g. Plaintiff's Exhibits 4 and 7) there is no email setting Plaintiff's salary at $42,000. While Plaintiff's Pay Statements increase beginning on June 5, 2003, what the increase represents is not explained by Exhibit 1 to the Response to Summary Judgment and certainly there is no other document reflecting it is due to an increase of Plaintiff's salary to $42,000. Further, what about the increases Plaintiff's pay should have reflected for the two pay periods following the May 6 increase in her salary that were not included in her paychecks. And, of course, none of these documents explain the failure to increase Plaintiff's salary as promised to $42,000 at the time she went full time in January 2003. See Plaintiff's Exs. 7, 8(a); Plaintiff's Additional Fact No. 2.

Thus, Schedule 1 should be stricken as it is a summary document as to which defendant did not comply with Rules 1006 and 1002 of the Federal Rules of Evidence. Moreover, an analysis of the underlying documents, first produced by defendant in response to the Motion to Strike, make clear that Schedule 1 contains information in the footnotes which is not contained on the underlying document and thus, those footnotes and Schneider's affidavit based thereon (paragraphs 4) at a minimum should be stricken as containing inadmissible and unsupported hearsay. As Plaintiff has not had the opportunity to conduct discovery on the supporting documents to Schedule 1, these documents–Ex. 1 to Response to Motion to Strike–should also be stricken.

**Schedule 4**

As to Schedule 4 to Schneider's affidavit, a summary document, defendant acknowledges that Schedule 4 is a summary of "voluminous records" (Resp. P. 6) and that under Rule 1006 of F.R.Evid. the underlying documents must be made available. *Id.* However, defendant has not produced the underlying documents and does not assert that it has rendering Schedule 4

4

inadmissible insofar as defendant wants to use it on its own behalf . [2]

Moreover, as defendant also acknowledges, the admissibility of Schedule 4 appears unlikely as on its face it contains inaccuracies based upon other documents produced by defendant. William Schneider's Supplemental Affidavit filed by Defendant in Response to the Motion to Strike attempts to alter the contents of Schedule 4 by changing the inaccuracies identified by Plaintiff. Of course, without the underlying documents to the Summary, Plaintiff cannot address nor test the accuracy of the other information contained on the Schedule. Accordingly Schedule 4 and paragraph 11 in Schneider's original Affidavit, Exhibit E, should be stricken.

As to the "Pay Statements" of Larry Bitter and Klinton Rice also submitted by Defendant for the first time in its Response to Plaintiff's Motion to Strike Schneider's affidavit, Plaintiff would note that she has not had the opportunity to cross examine and conduct discovery as to these "Pay Statements". However, like Plaintiff, both Bitter and Rice were salaried, not hourly, employees and thus the reference to "hours" on these statements are misleading at best. Nevertheless, because Rice's Pay Stubs support Plaintiff's assertions that Rice was earning $42,000 in the latter part of 2002 (26 times $1629.00, the Pay amount for pay period 10/24/02 equals $42, 354.00), not the $41, 366.57 defendant asserts in allegedly undisputed fact number 9. Thus Plaintiff offers Rice's pay stubs in support of her dispute to Defendant's Fact No. 9.

Additionally, Larry Bitter's Pay Stubs supplied for the first time by Defendant in

---

[2] Statements in this Schedule to the extent being offered against defendant as an admissiion are covered by a separate rule-Rule 801(d), of F.R.Evid., making the statements of the defendant if adverse to the defendant's interest and used against it non hearsay. In contrast, the underlying documents to the summary (which have not been produced) have to meet the requirements of Rule 803(6), F.R. Evid. and the Summary of the docments must meet Rule 1006, F.R.Evid. Without the underlying records, netiher the documetns underlying the summary nor the summary are admissible.

connection with its Response to Motion to Strike, demonstrates that Bitter, who replaced Plaintiff as Service Manager earned $1635.63 per pay period as of August 28, 2003, when he began as Service Manager, which times 26 equaled $42, 526.38, more than Plaintiff was paid when she was hired and more than she was paid at the time she was fired. By November 20, 2003, three months after being hired, Bitter's compensation per Pay Period appears to have increased to $1, 653.85, or a salary of $43,000 pe r year. Plaintiff offers this additional salary evidence in support of her Additional Facts in Opposition to Summary Judgment and her evidence relating to comparators at paragraph 35.

_____WHEREFORE, Plaintiff respectfully requests that this Court strike Ex. E, the affidavit of William Schneider, Schedules 1 and 4 to Ex. E and those portions of Defendant's Undisputed Facts 6, 9, 10 and 11 relying thereon.

RESPECTFULLY SUBMITTED,

TERESA SCHULTZE, PLAINTIFF

BY: ss/Susan Bogart
Law Offices of Susan Bogart
30 North LaSalle Street, Suite 2900
Chicago, IL 60602
Tele: (312) 263-0900, ext. 7014
Fax: (312) 263-5013
E-mail: SBogart514@aol.com

**CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that she caused to be served upon attorney Robert Park, Snyder, Park & Nelson, 1600 Fourth Avenue, Rock Island, IL 61201 and Mark Churchill, Churchill & Churchill, 1610 Fifth Ave., Moline, IL 61265 by electronic filing on this 12th day of November, 2005, Plaintiff's Reply in Support of Motion to Strike William Schneider Affidavit, Defendant Ex. E to Summary Judgment and Schedules 1 and 4 in support. .

        BY:    ss/Susan Bogart
Law Offices of Susan Bogart
30 North LaSalle Street, Suite 2900
Chicago, IL 60602
Tele: (312) 263-0900, ext. 7014
Fax: (312) 263-5013
E-mail: SBogart514@aol.com