IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 03 C 04089 |
| vs. | ) |
| | ) |
| GOODRICH EQUIPMENT CO., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES defendant, GOODRICH EQUIPMENT CO. (herein "Goodrich"), by its attorneys, Robert T. Park for SNYDER, PARK & NELSON, P.C., and Mark D. Churchill for CHURCHILL & CHURCHILL P.C., and for its Reply in Support of its Motion for Summary Judgment states:

### REPLY TO ADDITIONAL MATERIAL FACTS

Defendant makes the following reply to plaintiff's Statements of Additional Facts:

1. Admits.

2. Denies; Roger Goodrich deposition, page 106 (Exhibit I to Defendant's Motion for Summary Judgment). Defendant believes this statement is also immaterial to the issues raised in defendant's Motion for Summary Judgment,

which relate to the absence of any similarly situated male employees and not to a claim for breach of contract.

3. Admits.

4. Admits.

5. Admits.

6. Denies that plaintiff, Teresa Schultze (hereafter "Schultze"), was promised a raise to $42,000; Roger Goodrich deposition, page 106, Exhibit I to Defendant's Motion for Summary Judgment; denies that Schultze's pay was raised to $37,000 effective May 6, 2003; Affidavit of William Schneider, Exhibit E in support of defendant's Motion for Summary Judgment, and Supplemental Affidavit of William Schneider, Exhibit A to Defendant's Response to Plaintiff's Motion to Strike.

7. Denies; Roger Goodrich deposition, page 126, and pages 130 to 132, Exhibit I to Defendant's Motion for Summary Judgment. Defendant states this is immaterial to the issues raised in the Motion for Summary Judgment, which do not relate to plaintiff's job performance.

8. Denies; see Supplemental Affidavit of Roger Goodrich attached hereto as Exhibit A.

9. Denies; Roger Goodrich deposition, page 106, Exhibit I to Defendant's Motion for Summary Judgment. Defendant states this is immaterial to the issues raised in the Motion for Summary Judgment.

10. Admits that the e-mail in question was sent; denies that plaintiff's pay was raised to $37,000 in May 2003; Affidavit of William Schneider, Exhibit E in support of defendant's Motion for Summary Judgment, and Supplemental Affidavit of William Schneider, Exhibit A to Defendant's Response to Plaintiff's Motion to Strike.

11. Admits the e-mail was sent; denies that Roger Goodrich promised plaintiff a raise to $42,000; Roger Goodrich deposition, page 106, Exhibit I to Defendant's Motion for Summary Judgment.

12. Denies; Supplemental Affidavit of William Schneider, Exhibit A to Defendant's Response to Plaintiff's Motion to Strike.

13. Defendant objects to paragraph 13 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

14. Defendant objects to paragraph 14 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

15. Defendant objects to paragraph 15 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance or job performance.

16. Defendant objects to paragraph 16 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

17. Defendant objects to paragraph 17 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

18. Defendant objects to paragraph 18 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

19. Defendant objects to paragraph 19 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

20. Defendant objects to paragraph 20 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance or job performance.

21. Defendant objects to paragraph 21 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

22. Defendant objects to paragraph 22 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

23. Defendant objects to paragraph 23 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

24.     Defendant objects to paragraph 24 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

25.     Defendant objects to paragraph 25 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

26.     Defendant objects to paragraph 26 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

27.     Defendant objects to paragraph 27 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

28.     Defendant objects to paragraph 28 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's work attendance.

29.     Defendant objects to paragraph 29 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to e-mails about plaintiff's resignation.

30.     Defendant objects to paragraph 30 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to plaintiff's conversion from a salaried to an hourly rate employee.

31.     Admits paragraph 31.

32. Defendant objects to paragraph 32 as immaterial to any issue raised in Defendant's Motion for Summary Judgment, which does not relate to the timeliness of plaintiff's claim.

33. Admits paragraph 33.

34. Admits paragraph 34.

35. Denies paragraph 35; Roger Goodrich deposition, pages 56 and 57, Exhibit I to Defendant's Motion for Summary Judgment.

36. Admits paragraph 36

37. Denies paragraph 37 as to Larry Bitter; Roger Goodrich deposition, pages 56 and 57, Exhibit I to Defendant's Motion for Summary Judgment. Admits that the male employees identified were paid more than plaintiff but denies that any of those employees were similarly situated to plaintiff.

38. Admits paragraph 38.

Plaintiff attempts to inject numerous fact issues that are outside the narrow scope of defendant's Motion for Summary Judgment. The motion makes two points: (1) that there were no similarly situated male employees at Goodrich to whom plaintiff's pay can be compared, and (2) plaintiff's pay complaints, based on a claimed promise when she was hired and her belief that it is wrong to pay a supervisor more than the employees she supervises, did not constitute protected speech. Plaintiff's insertion of contentions regarding her performance and attendance are immaterial to the summary judgment motion, as explained in defendant's Agrument.

Argument

Goodrich's Motion for Summary Judgment denies that there were any similarly situated male employees at Goodrich contemporaneous with Schultze's employment who were paid at a higher rate of pay, and that, while Schultze did complain about her pay and asked for a raise, her complaints were not grounded in claims of unlawful discrimination. In her Response, plaintiff seeks to raise additional issues, which are irrelevant at this stage of the proceeding. If there were no similarly situated males receiving greater pay and if plaintiff did not engage in protected speech, then her claims fail, regardless of other potential fact issues.

Gender Discrimination in Pay – Similarly Situated Employees

In *Bio v. Federal Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005), the court described a similarly situated employee in a discrimination case, saying:

> A similarly situated employee is one who is "directly comparable to [the plaintiff] in all material respects." [Citation omitted.] In evaluating whether two employees are directly comparable, the court must look at all relevant factors, including whether the employees "(i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications --provided the employer considered these latter factors in making the personnel decision." [Citation omitted.]

In *Bio*, where one employee had been working in a job for over four years and the other was on the job less than eight months, they were not similarly situated. *Id*.

Under *Bio*, plaintiff was clearly not similarly situated to any other Goodrich employee during her employment. From November 2002 until July 2003,

Schultze was the only Service Manager employed at Goodrich. The duties, education and work experience of defendant's other management employees differed significantly from those of the plaintiff.

Plaintiff points to Klint Rice, plaintiff's predecessor as Service Manager. Mr. Rice had a degree in Agricultural Science. (Rice deposition, page 4, Exhibit G to Motion for Summary Judgment.) He was hired as Service Manager at the end of 1995, and worked in that position until March 1997. (Rice deposition, pages 12 and 15, Exhibit G.) After taking other employment from 1997 to 2000, he returned to Goodrich and held the Service Manager job again from June or July 2000 until the fall of 2002, when he went into commercial sales. (Klint Rice deposition, page 26, Exhibit G.)

Thus, when Schultze was hired, Mr. Rice had a total of about four years' experience as Service Manager at Goodrich. In contrast, Schultze had a degree in manufacturing engineering (Schultze deposition, page 12, Exhibit C to Motion for Summary Judgment), and had never worked as a service manager at any farm implement dealership, let alone at Goodrich. (Schultze deposition, pages 14 through 32, Exhibit C.)

The circumstances of the other claimed comparable employees are likewise significantly different from plaintiff's. Dennis DeSplinter was Manager of Agricultural Sales and had also been with Goodrich since 1985. (Roger Goodrich deposition, page 49, Exhibit I.). Clearly the Service Manager's job was not the same as a sales manager. Plaintiff was involved only indirectly in sales by

4:03-cv-04089-MMM-JAG     # 76     Page 9 of 13

9

answering customers' questions about different equipment on occasion. (Schultze deposition, page 62, Exhibit C.) The same observation is true of Randy Lipes, Manager of Lawn and Garden Sales, whom Goodrich had employed for 15 years. (Exhibit 2 to Roger Goodrich deposition, Exhibit I.)

Plaintiff's Response tries to claim she was similarly situated to nearly all management employees at Goodrich. She mentions Jim Luikart, who had been hired as Manager of the Accounting Department in 1999. (Roger Goodrich deposition, page 44, Exhibit I.) It is apparent that the accounting manager had different duties from the Service Manager, and Mr. Luikart had three years seniority when plaintiff began. Donald McDonald, the Parts Department Manager, had been with Goodrich since 1988. (Exhibit 4 to Affidavit of William Schneider, Exhibit E to defendant's Motion for Summary Judgment.) He was not similarly situated to a beginning Service Manager.

Plaintiff also identifies Steve Clementz as a comparable male employee. Mr. Clementz had worked for Goodrich since about 1991, and his job was not a manager position. (Roger Goodrich deposition, pages 55 and 53, Exhibit I.) Mr. Clementz followed up with customers who purchased agricultural or consumer products, to make sure they know how to operate the equipment and sometimes went to a customer's farm to diagnose a service problem. (Roger Goodrich deposition, page 54, Exhibit I.) His tenure and duties were not comparable to those of Schultze.

Schultze's job title, description and duties significantly differed from those of other Goodrich management employees. Particularly her lack of work at a farm implement dealership and her limited tenure at Goodrich, set her apart from those male employees whom she has attempted to claim were "similarly situated."

Retaliation

In plaintiff's deposition, she testified that her pay complaints centered around two things: (1) a claim that, at her hiring, Roger Goodrich had promised to pay her $42,000 as soon as she became a full-time employee, and (2) a belief that it was improper to pay a supervisor less than the workers whom she supervised. See Schultze deposition, pages 80-88, Exhibit C.) Nowhere in her deposition did plaintiff say that she made sex discrimination an issue when she discussed pay with Roger Goodrich. Roger Goodrich has expressly denied that plaintiff ever mentioned her sex or sex discrimination in their pay discussions. (Roger Goodrich Affidavit, Exhibit A to defendant's Motion for Summary Judgment.)

In her Affidavit (Exhibit 1 to plaintiff's Response), Schultze states that she spoke to Roger Goodrich at least twice a month about:

> the raise of her compensation beginning January 2003. This was the amount which would bring Plaintiff to the same level as Klint Rice, the prior Service Manager, be commensurate with the compensation of other male manager's (*sic*) at Goodrich and commensurate with Managers in the area with Plaintiff's background, education and experience.

Nothing in plaintiff's Affidavit says Schultze at any time stated that she felt her lesser pay was related to her sex or mentioned sex discrimination.

In *Hamm v. Weyauwega Milk Products, Inc.,* 332 F.3d 1058, 1066 (7th Cir.2003), the Seventh Circuit upheld a summary judgment disposing of claims based on sex discrimination and retaliation, saying:

> Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. 2000e-3(a). In other words, Title VII protects an employee from "retaliation for complaining about the types of discrimination it prohibits." *Miller v. Am. Family Mutual Ins. Co.*, 203 F.3d 997, 1007 (7th Cir.2000).

The *Hamm* court found that the plaintiff had not engaged in protected speech because his complaints did not relate to an employment practice made unlawful by Title VII. Likewise here, regardless of the validity of plaintiff's complaints, regardless of whether Goodrich was reneging on a promised raise or whether paying supervisors less than their subordinates is ethically and professionally improper, Title VII does not forbid those employment practices.

Where an employee complains of unfair treatment but does not relate her complaints to gender discrimination, she has not engaged in protected activity and her retaliation claim is subject to dismissal at the summary judgment stage. See, *e.g., Boebel v. Combined Insurance Co. of America,* 2004 WL 1444135, * 11 (N.D. Ill. 2004); *Nigro v. St. Tammany Parish Hospital*, 377 F.Supp.2d 595, 601-02 (E.D. La. 2005); *Gautney v. Amerigas Propane, Inc.*, 107 F.Supp.2d 634, 645 (E.D. Pa. 2000).

12

Conclusion

In the present case, plaintiff's case fails for lack of required elements of proof: (1) no similarly situated male employees to whom her pay can be compared, and (2) no protected activity in the form of complaints about pay inequality due to sex. Without these necessary factors, plaintiff simply cannot sustain claims of sex discrimination in pay or retaliation in violation of Title VII. Accordingly, if it zeroes in on the specific deficiencies of plaintiff's case raised by the defendant's motion and is not distracted by the immaterial facts plaintiff has attempted to raise in response, the court should grant the Motion for Summary Judgment and enter judgment for Goodrich.

Respectfully submitted,

GOODRICH EQUIPMENT CO.,
Defendant,

By: s/ Robert T. Park
    Robert T. Park Bar #11247
    Attorney for Defendant
    SNYDER, PARK & NELSON, P.C.
    1600 Fourth Ave., Suite 200
    P.O. Box 3700
    Rock Island, IL 61201
    Telephone: (309) 786-8497
    Fax: (309) 786-0463
    E-mail: rpark@snyderpark.com

and

s/ Mark D. Churchill
Mark D. Churchill Bar #188372
Attorney for Defendant
CHURCHILL & CHURCHILL, P.C.
1610 Fifth Avenue

13

        Moline, IL  61265
        Telephone: (309) 762-3643
        Fax:  (309) 762-4690
        E-mail: cclaw@churchillfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Susan Bogart, Mark D. Churchill.

        s/ Robert T. Park
        Robert T. Park Bar #11247
        Attorney for Defendant
        Snyder, Park & Nelson, P.C.
        1600 Fourth Ave., Suite 200
        P.O. Box 3700
        Rock Island, IL  61201
        Telephone: (309) 786-8497
        Fax:  (309) 786-0463
        E-mail:  rpark@snyderpark.com