UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE,<br>　　　　Plaintiff,<br><br>v.<br><br>GOODRICH EQUIPMENT COMPANY,<br>　　　　Defendant. | )<br>)<br>)　NO. 03  Cv 04089<br>)　Jury Trial Demanded<br>)<br>)<br>) |

**STATUS REPORT AND MOTION
FOR INSTRUCTIONS**

　　Plaintiff, Teresa Schultze, by and through her attorney and pursuant to this Court's January 25, 2006 Order hereby submits her Status Report that no Agreement has been reached regarding her attorney's fees, Requests Instructions from this Court and, in support, states as follows.

　　1. On January 25, 2006, this Court entered an order granting defendant's motion for summary judgment, denying Plaintiff's Motion to Strike Exhibit E and denying Defendant's Motion to Strike Plaintiff's Reply in Support of that Motion. Dkt. 80.

　　2. As part of this ruling, the Court ordered that "Additionally, Goodrich [defendant] is ordered to pay Schultze's reasonable attorneys' fees associated with the preparation of Schultze's Motion to Strike Exhibit E[#65}. If there is any dispute as the amount of attorneys' fees, the parties are directed to bring that to the Court's attention within 21 days of the date of this Order and the Court will resolve the dispute." Dkt. 80.

　　3. On February 8 and 9, 2006, Plaintiff advised defendant that the attorneys' fees associated with the preparation of the Motion to Strike Exhibit E and the Reply (also captioned Motion to Strike defendant's Response thereto) amounted to 8 hours: 5/12 preparing the motion to strike and 2 ½ preparing the Reply (also captioned Motion to Strike). Undersigned counsel

1

also notified defendant that she prepared the filings and her hourly rate in 2005 was $510 an hour, making the reasonable attorneys fee $4080.00.

    4. Defense counsel has objected to Plaintiff's counsel's submission stating that she should not be compensated for the 2 ½ hours spent Replying to (also captioned Motion to Strike) its response to Plaintiff's Motion to Strike Ex. E and demanding that Plaintiff's counsel provide it with time records documenting the time spent as noted above.

    5. As is noted in Plaintiff's Motion to Strike Ex. E and Plaintiff's Reply in support of/Motion to Strike Defendant's Response to that Motion to Strike, defendant submitted documents not produced in discovery in support of summary judgment (Ex. E) and in its response to Plaintiff's Motion to Strike Ex. E. The documents and information had been sought by Plaintiff in discovery and had not at any time been produced by defendant, despite repeated requests. Moreover, the documents contradicted the discovery produced by defendant the testimony in depositions of defendant's employees and those persons it identified as persons knowledgeable about the matters at issue in Ex. E. Thus, Plaintiff believes that the reasonable attorneys' fee ordered by the Court should include the 2 ½ hours spent Replying (moving to Strike) defendant's response to her Motion to Strike Ex. E.

    6. Further, this Court did not order Plaintiff to produce time records. In fact, while Plaintiff's counsel does maintain handwritten contemporaneous time records of the work performed in connection with a case, those time sheets have not at this point been typewritten. Nevertheless, should they be typewritten, they would reflect that Plaintiff's counsel spent 5 ½ hours preparing the Motion to Strike Ex. E. During the period of October 7 through October 17, 2005, Plaintiff's counsel devoted 5 ½ hours to the Motion to Strike while preparing Plaintiff's response to Summary Judgment. That time involved a review of all of the discovery materials provided by defendant and an analysis of the compensation information contained in those

documents pertaining to Undisputed Facts Numbered 6 (stating Plaintiff's salary on the date of her termination per documents and an affidavit of William Schneider, which documents and information concerning Plaintiff's salary had not been provided to Plaintiff in discovery and directly contradicted discovery produced by defendant as well as plaintiff); and a review of the compensation information provided by defendant in discovery (prior to filing Ex. E) concerning Klint Rice and the deposition testimony of Klint Rice, which contradicted the information contained in Undisputed Fact No. 9 and the discovery produced by defendant prior the summary judgment. That time also involved legal research, conversation with Plaintiff and preparation of the Motion to Strike.

      7. In connection with Plaintiff's Reply in support of Motion to Strike (and Motion to Strike defendant's Response in which defendant sought to strike Plaintiff's Reply, a motion this Court denied), Plaintiff's counsel on November 10-11, 2005 spoke to her client, reviewed Defendant's Schedules 1 and 4 to Exhibit E (Schneider's affidavit and attachments) and the preparation of that Reply. Actually, in preparing this status report and reviewing the time records in connection therewith, Plaintiff's counsel omitted one hour of time spent in preparing the Reply (or Motion to Strike Response of Defendant). The actual time spent in preparing this Reply was 3 ½ not the 2 ½ hours Plaintiff previously advised defense counsel, thus bringing the total hours spent in connection with Ex. E to 9 ½ hours, which equates to $4, 845.00.

      WHEREFORE, Plaintiff's counsel hereby respectfully requests that this Court enter an order awarding $4, 845.00 in reasonable attorneys's fees. Plaintiff submits her Status Report on the parties' inability to reach an agreement as to the reasonable attorneys' fees to be paid in connection with Plaintiff's Motion to Strike Ex. E and the Reply in Support thereof. Plaintiff's counsel requests instructions from this Court as to how she should proceed and whether her time

records should be typed and submitted to defense counsel in connection herewith.

                          RESPECTFULLY SUBMITTED,

                          TERESA SCHULTZE

                          BY: s/Susan Bogart
                               Law Offices of Susan Bogart
                               30 North LaSalle Street, Suite 2900
                               Chicago, IL 60602
                               Tele: (312) 263-0900, ext. 7014
                                Fax: (312) 263-5013
                                E-mail: SBogart514@aol.com