IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 03 C 04089 |
| vs. | ) |
| | ) |
| GOODRICH EQUIPMENT CO., | ) |
| | ) |
| Defendant, | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S ATTORNEYS' FEES STATUS REPORT AND MOTION FOR INSTRUCTION

Now comes the Defendant, GOODRICH EQUIPMENT CO., by its attorneys, Mark D. Churchill for Churchill & Churchill P.C., and Robert T. Park for Snyder, Park & Nelson, P.C., and, pursuant to the Court's Order of January 25, 2006, for its Response to Plaintiff's Attorneys' Fees Status Report and Motion for Instruction, states as follows:

The Court, in denying Plaintiff's Motion to Strike Exhibit E to Defendant's Motion for Summary Judgment, awarded Plaintiff "reasonable attorneys' fees associated with the preparation of Schultze's Motion to Strike Exhibit E." As Plaintiff's filing of February 14, 2006 indicates, the parties have been unable to reach agreement as to an amount of "reasonable" attorneys' fees.

In her Status Report, Plaintiff has indicated that a total of 9.5 hours were incurred in the preparation of both the Motion

- 2-

to Strike and Plaintiff's Reply to Defendant's Response at an hourly rate of $510.00.  Plaintiff has submitted that 5.5 hours were incurred in the preparation of the Motion to Strike and 3.5 hours were incurred in the preparation of Plaintiff's Reply to Defendant's Response.  (It should be noted that in Paragraph 7 of Plaintiff's Status Report, Plaintiff claims that the 5.5 hours, in addition to the 3.5 hours, totals 9.5 hours equating to $4,845.00 in fees at an hourly rate of $510.00.  In fact, the 5.5 hours, in addition to the 3.5 hours, should total 9.0 hours equating to $4,590.00 in fees at an hourly rate of $510.00.)

Regardless of Plaintiff's mathematical errors, Defendant contends that neither the total number of hours incurred nor the hourly rate sought constitute "reasonable" attorneys' fees contemplated by the Court to be awarded under its Order of January 25, 2006.

   **A)  Plaintiff is attempting to recover fees for time incurred in the preparation of a pleading which Local Rule 7.1 does not allow to be filed.**

Plaintiff filed her Motion to Strike Exhibit E on October 17, 2005, to which Defendant filed its Response on November 1, 2005, at which point Plaintiff, contrary to Local Rule 7.1, opted to file yet another pleading entitled Plaintiff's Reply in Support of Motion to Strike on November 12, 2005.  It is the 3.5

- 3-

hours Plaintiff is seeking for time incurred in the preparation of that Reply which Defendant is opposing.

Local Rule 7.1 (B)(3) entitled *Memorandum of Law: Response; Reply; Length*, states **"No reply to the response is permitted."** (emphasis added).  Defendant addressed this matter in its Motion to Strike Plaintiff's Reply and the Court, at page 2 of its Order stated:

> "Although Goodrich's citation to Local Rule 7.1 is appropriate, in the interest of a complete record, the Court denies Goodrich's Motion to Strike. . ."

The Court granted Plaintiff "reasonable" attorneys' fees associated with the preparation of Schulze's Motion to Strike Exhibit E.  The Court did not award fees for time incurred in preparing a Reply, only for the time spent in preparation of the motion.  Plaintiff's attempt to recover fees for the preparation of a pleading not allowed to be filed in the first place and not included in the Court's Order is wholly without merit.

**B)  An hourly rate of $510.00 does not constitute a "reasonable" hourly rate for routine employment dispute litigation in the Central District.**

Plaintiff's Status Report states in paragraph 3, that Plaintiff's counsel's hourly rate in 2005 was $510.00.  Defendant contends that this hourly rate far surpasses what constitutes "reasonable."

- 4-

The Seventh Circuit has addressed this issue on numerous occasions including <u>Laborers' Pension Fund v. Milco Construction</u>, 2000 WL 1720403, (7th Cir. 2000).

> "In analyzing the fee request, the most critical factor is the degree of success obtained. (citing <u>Estate of Bors v. O'Brien</u>, 979 F.2d 511, 515 (7th Cir. 1992)). "In determining the rate to award the plaintiffs' counsel, the court must look at "the rates charged by lawyers in the community of 'reasonably comparable skill, experience and reputation.' (citing <u>People Who Care v. Rockford Board of Education</u>, 90 F.3d 1307, 1310 (7th Cir. 1996)."

Furthermore, <u>Rule 1.5 of the Illinois Rules of Professional Conduct</u>, in discussing factors to be considered in determining the reasonableness of a fee, states in paragraph (3), "the fee customarily charged in the locality for similar legal services."

No evidence has been submitted by Plaintiff through affidavit or otherwise concerning the reasonableness of $510.00 per hour for Plaintiff's litigation in the Central District. Defendant's counsel (who reside and routinely practice within the Central District) as a comparison have been billing routine hourly charges to its Defendant client of $160.00 per hour. The competency of Plaintiff's counsel is not challenged but the disparity of hourly rates ($510.00 per hour – an amount more than three times that charged by Defendant's counsel) illustrates the

- 5-

unreasonableness of Plaintiff's hourly rate in the Central District.

The Court should also consider the recent case of <u>Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC</u>, 428 F.3d 717 (7th Cir. 2005). In <u>Budget</u>, counsel sought fees of $4,626.50 for a four-page memo. This included hours of Chicago counsel at a rate of $425 per hour, $90 per hour less than the rate requested by plaintiff's counsel herein.

The Seventh Circuit characterized counsel's request in <u>Budget</u> as "not merely excessive, but so exorbitant as to constitute an abuse of the process of the court. . ." 428 F.3d at 718. The Court proceeded to deny the request for fees altogether.

While there are factual differences between the case at bar and <u>Budget</u>, both cases involve a four-page work product, a demand for a charge for attorney's time of over $400 per hour, and a total fee request in excess of $4,500.

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff's request for 3.5 hours of fees incurred in the preparation of Plaintiff's Reply pleading, and apply an hourly rate in line with what is customarily charged for legal services provided in the Central District of Illinois for the remaining

- 6-

5.5 hours of time incurred in the preparation of Plaintiff's Motion to Strike.

        Respectfully submitted,

        GOODRICH EQUIPMENT CO.,
        Defendant,

By:  s/ Mark D. Churchill
     Mark D. Churchill Bar #188372
     Attorney for Defendant
     Churchill & Churchill, P.C.
     1610 Fifth Avenue
     Moline, IL  61265
     Telephone: (309) 762-3643
     Fax:  (309) 762-4690
     E-mail: cclaw@churchillfirm.com

and

     s/ Robert T. Park
     Robert T. Park Bar #11247
     Attorney for Defendant
     Snyder, Park & Nelson, P.C.
     1600 Fourth Ave., Suite 200
     P.O. Box 3700
     Rock Island, IL  61201
     Telephone: (309) 786-8497
     Fax:  (309) 786-0463
     E-mail:  rpark@snyderpark.com

- 7-

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Susan Bogart, Robert Park.

                            s/ Mark D. Churchill
                            Mark D. Churchill Bar #188372
                            Attorney for Defendant
                            Churchill & Churchill, P.C.
                            1610 Fifth Avenue
                            Moline, IL  61265
                            Telephone: (309) 762-3643
                            Fax: (309) 762-4690
                            E-mail: cclaw@churchillfirm.com