E-FILED
Friday, 24 February, 2006  04:30:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 03 C 04089 |
| vs. | ) |
| | ) |
| GOODRICH EQUIPMENT CO., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Now comes Defendant, GOODRICH EQUIPMENT CO., by its attorneys, Mark D. Churchill for Churchill & Churchill, P.C., and Robert T. Park for Snyder, Park & Nelson, P.C., and submits this Memorandum of Law in Support of its Motion for Attorney Fees and Costs asking this Court pursuant to 42 U.S.C. §2000e-5(k) to award Defendant reasonable attorneys' fees incurred in defending this litigation.

### Introduction

Plaintiff initiated this matter by filing her Complaint on December 24, 2003, alleging that Defendant engaged in sex discrimination and illegal retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 *et seq*. She specifically asserted that she was paid less than her similarly-situated male co-workers and that she was fired when she protested this gender-based inequality. After discovery was

- 2-

completed, the Defendant filed its Motion for Summary Judgment on August 26, 2005. This Court granted Defendant's Motion for Summary Judgment on January 25, 2006.

## Legal Standard

Title 42 U.S.C. §2000e-5(k) gives district courts the discretion to require losing parties to pay the attorneys' fees of the prevailing party as part of the costs of the suit. Specifically, §2000e-5(k) provides: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."

The standard for determining whether a prevailing defendant in a Title VII case is entitled to attorneys' fees is found in Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1977). The United States Supreme Court, in Christianburg, held that "In sum, a district court in its discretion may award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1977).

- 3-

The Seventh Circuit in applying the <u>Christianburg</u> standard in determining whether a suit is frivolous or unreasonable, has held that "a suit is frivolous if it has no reasonable basis, whether in fact or in law." <u>Roger Whitmore's Auto. Service, Inc. v. Lake County</u>, 424 F.3d 659, 673 (7th Cir. 2005).

**Argument**

Plaintiff's Complaint is comprised of two distinct allegations; 1) wage discrimination based upon sex; and 2) retaliation. The Court's granting of Defendant's Motion for Summary Judgment illustrates that Plaintiff failed to establish a prima facie case of either of those allegations. The Court's decision, coupled with the complete lack of any evidence to support her allegations, confirms Defendant's contention that Plaintiff's Complaint lacks all reasonable basis, whether in fact or in law, thus constituting a frivolous suit.

*Wage Discrimination:*

The singular most significant piece of evidence which Plaintiff must prove in order to prevail on her wage discrimination matter is the amount of compensation she was receiving at the time of the alleged discrimination. Common sense dictates that for Plaintiff to successfully prove that she was paid less than similarly-situated male co-workers, Plaintiff must provide

- 4-

evidence as to what she was actually earning.  Plaintiff has failed to present any such evidence.  Without this evidence it is impossible for Plaintiff to prove any discrimination occurred.

The Court acknowledged this deficiency in Plaintiff's evidence in footnote 3 to page 8 of its Order dated January 25, 2006: "However, for the record, the Court notes that Schultze's attempt to file a wage discrimination claim absent any proof of what amount she was paid each week appears to be nothing more than a disingenuous attempt to avoid summary judgment."

For Plaintiff to assert that she was being paid less than her similarly-situated male co-workers without presenting any evidence as to what she was actually being paid is unreasonable and constitutes a frivolous complaint.

<u>Retaliation:</u>

It is well settled law that in order to succeed on a retaliation claim, such as the one alleged by Plaintiff in this matter, a Plaintiff must establish that she engaged in statutorily protected speech.  "It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity," <u>Durkin v. City of Chicago,</u> 341 F.3d 606, 615 (7th Cir. 2003).

- 5-

As the Court determined in granting Defendant's Motion for Summary Judgment, Plaintiff has failed to produce any evidence to indicate that she at any time engaged in statutorily protected speech. Engaging in statutorily protected speech is the most fundamental element of Plaintiff's retaliation claim and she failed to produce any evidence to support it whatsoever.

The case law is clear that absent statutorily protected activity, any retaliation claim is baseless, yet Plaintiff opted to continue alleging that retaliation occurred. "It is the responsibility of counsel to know the law and to know whether a claim is clearly foreclosed by precedent." Hamilton v. Daley, 777 F. 2d 1207, 1212 (7th Cir. 1985).

## Conclusion

The very statute under which Plaintiff brought this action specifically provides that it is in the Court's discretion to award the prevailing party reasonable attorneys' fees and the case law on this topic is clear that an award of Defendant's attorneys' fees is proper if the suit is frivolous. Plaintiff's lack of any reasonable basis, whether in fact or in law, to sustain her allegations, coupled with the Court's findings in its Order granting Defendant's Motion for Summary Judgment, amount

- 6-

to a frivolous suit meriting attorneys' fees to be awarded to Defendant in this matter.

        Respectfully submitted,

        GOODRICH EQUIPMENT CO.,
        Defendant,

By:  s/ Mark D. Churchill
     Mark D. Churchill Bar #188372
     Attorney for Defendant
     Churchill & Churchill, P.C.
     1610 Fifth Avenue
     Moline, IL  61265
     Telephone: (309) 762-3643
     Fax:  (309) 762-4690
     Email:cclaw@churchillfirm.com

and

     s/ Robert T. Park
     Robert T. Park Bar #11247
     Attorney for Defendant
     Snyder, Park & Nelson, P.C.
     1600 Fourth Ave., Suite 200
     P.O. Box 3700
     Rock Island, IL  61201
     Telephone: (309) 786-8497
     Fax:  (309) 786-0463
     E-mail:rpark@snyderpark.com

- 7-

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Bogart, Robert Park.

                                        s/ Mark D. Churchill
                                        Mark D. Churchill Bar #188372
                                        Attorney for Defendant
                                        Churchill & Churchill, P.C.
                                        1610 Fifth Avenue
                                        Moline, IL  61265
                                        Telephone: (309) 762-3643
                                        Fax:  (309) 762-4690
                                        E-mail: cclaw@churchillfirm.com