UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TERESA SCHULTZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-4089 |
| | ) | |
| GOODRICH EQUIPMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

In an Order dated January 25, 2006, this Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's Motion to Strike Exhibit E, and denied Defendant's Motion to Strike Plaintiff's Reply in Support of that Motion. As part of that ruling, the Court ordered that "[Defendant] is ordered to pay [Plaintiff] reasonable attorneys' fees associated with the preparation of Schultze's Motion to Strike Exhibit E." Additionally, the Court informed the parties that if there were any dispute as to the amount of the attorneys' fees associated with the motion, the parties should bring that to the attention of the Court and the Court would resolve the dispute.

Plaintiff and Defendant have not been able to come to an agreement regarding what constitutes reasonable attorneys' fees for the filing of the Motion to Strike and therefore have asked the Court for assistance. Plaintiff's counsel asserts that she expended five and a half hours preparing the Motion to Strike and an additional three and a half hours preparing a Reply to Defendant's Response to the Motion to Strike. With respect to the five and a half hours, the Court does not require Plaintiff to submit detailed time sheets but will accept Plaintiff's representation that she spent five and a half hours preparing the Motion to Strike.

With respect to the three and a half hours that Plaintiff spent preparing the Reply to Defendant's Response to the Motion to Strike, Defense counsel argues that Plaintiff should not be compensated for this time because Local Rule 7.1 does not permit parties to file a reply to a response to a Motion to Strike. In fact, Defendant originally filed its own Motion to Strike asking this Court to strike Plaintiff's Reply pursuant to Local Rule 7.1. The Court, in the interest of a complete record, denied Defendant's Motion to Strike. However, in light of the fact that Plaintiff did not seek leave of the Court prior to filing her Reply brief and the filing of the Brief was in violation of Local Rule 7.1, the Court does not believe that Defendant should have to bear the costs of the Reply brief. Accordingly, Plaintiff is not entitled to attorneys' fees associated with filing the Reply and any fees awarded will be limited to the five and a half hours that was spent on the preparation of the Motion to Strike.

Defendant also objects to Plaintiff's hourly rate. Plaintiff asserts that her hourly rate for 2005 was $510.00 per hour. Defendants argue that an hourly rate of $510.00 per hour does not constitute a reasonable hourly rate for routine employment dispute litigation. The Seventh Circuit has stated that the reasonable hourly rate, or market rate, is the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question. *Garcia v. City of Chicago*, No. 01 C 8945, 2003 WL 22175620, at * 1 (N.D. Ill., Sept. 19, 2003) (citing *Harper v. City of Chicago Heights,* 223 F.3d 593, 604 (7th Cir. 2000). Plaintiff has the burden of proving the reasonableness of her hourly rate and evidence of a market rate "includes rates other attorneys in the area charge paying clients for similar work, fee awards from prior cases, the attorney's credentials, and the attorney's actual billing rate." *Id.* (citing *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1311–13 (7th Cir. 1996)). "While an

attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services, such affidavits in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy the plaintiff's burden." *Harper,* 223 F.3d at 604.

In the instant case, Plaintiff's counsel has not submitted any evidence to support her claim that $510.00 is the rate that she charges paying clients for employment litigation of this nature. She also has not provided the Court with any other evidence of the rate charged by comparable lawyers, fee awards in prior cases, or her credentials. Accordingly, the Court grants Plaintiff fourteen days from the date of this Order to submit this information to the Court. Additionally, to the extent that Defendant continues to have objections to the fee request, the Court grants Defendants seven days from the date of Plaintiff's filing to file a response. Once the Court has received all of the information, the Court will promptly rule on the issue.

ENTERED this 1st day of March, 2006.

                                                            s/Michael M. Mihm
                                                              Michael M. Mihm
                                                          United States District Judge