UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE, ) | |
|  Plaintiff, ) | |
| ) | NO. 03 Cv 04089 |
| v. ) | Jury Trial Demanded |
| ) | |
| GOODRICH EQUIPMENT COMPANY, ) | |
|  Defendant. ) | |

**PLAINTIFF'S TERESA SCHULTZE'S OPPOSITION TO
DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Teresa Schultze, by and through her attorney, does hereby file her Opposition to the Motion and Memorandum in Support of Defendant Goodrich's Request for Attorneys' Fees and Costs in the above captioned litigation and, in support, state as follows.

**Defendants' Request for Attorneys' Fees and Costs Is Without Merit**

Defendant Goodrich has filed a Motion and Memorandum in Support for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 2000 e-5(k). *See Def. M. at p.1, 2 (para. 6); Def.Mem. at p. 1, 2.* Defendant's request is without merit and Plaintiff respectfully requests that it be denied.

Defendant seeks an award of attorneys' fees and costs pursuant to Title 42, U.S.C. Section 2000e-5(k) which provides in pertinent part that "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."

**1. Defendant is Not a "Prevailing" Party as That Term is Defined For Purposes of
   A Fee Award In A Civil Rights Case**

Defendant has nowhere in its Motion or Memorandum described how it fulfills the initial requirement that it be a "prevailing" party and, in fact, as a review of the applicable case law

defining that concept makes clear, defendant is not a "prevailing" party. In the instant case, defendant did not obtain any affirmative relief and did not "alter the legal relationship of the parties." Rather, defendant moved for and obtained summary judgment.[1]

"Prevailing" "designates a party who has succeeded on any significant issue in the litigation which achieves some benefit the parties sought in bringing the action." *See Texas State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 792 (1989). The significant relief concept comprehends "a resolution of the dispute which changes the legal relationship between [the plaintiff] and the defendant." *Id.* at 800. A party is not a "prevailing" party unless the resolution of the disputes alters the legal relationship of the parties "in a manner which Congress sought to promote the fee statute". *Id.; see also, Angela L. v. Pasadena Independent School Dist.,* 918 F.2d 1188, 1193 (5th Cir. 1990). Succeeding on a motion for summary judgment does not constitute a change in the legal relationship between the parties and does not obtain any significant relief which was at issue in the litigation. Mere moral satisfaction without more does not bestow prevailing party status even on a plaintiff, let alone a defendant which was not seeking any affirmative relief cognizable under Title VII. *Cady v. City of Chicago*, 43 F.3d 326 (7th Cir. 1994). In the instant case, the decision of the court granting defendant's motion for summary judgment has not changed the legal relationship between the parties, had not achieved any significant issue recognized by Title VII. Rather, at best, the grant of summary judgment constituted a moral victory for which fees are not awardable under Title VII let alone in other civil rights litigation.

---

[1] The circumstances surroundign the grant of this summary judgment are set forth in detail in the Court's January 25, 2006 memorandum opinion on summary judgment. Plaintiff will address herein the most salient feature of that proceeding in the context of addressing defendant's contention that Plaintiff's claims were frivolous.

### 2. Plaintiff's claims were not frivolous, unreasonable, groundless nor made in Bad Faith nor Persisted In After It Become Clear that the Claim Was Any One of Those Things.

A prevailing defendant in a civil rights case may recover reasonable attorneys' fees "only upon a finding that plaintiff's claim is frivolous, unreasonable, groundless, made in bad faith, or persisted in after it has become clear that the claim is any one of those things." *Barnett v. Thomas,* 809 F.2d 1151, 1156 (5th Cir. 1987), citing *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)[cited by defendant Goodrich]; *Lawshe v. Simpson,* 16 F.3d 1475 (7th Cir. 1994); *LaSalle National Bank of Chicago v. County of DuPage,* 1- F.3d 1333(7th Cir.).

In the instant case, defendant cannot meet this burden. Indeed, the very summary judgment proceedings it claims grants it prevailing party status make clear why. Plaintiff's claim was that she was discriminated against in her pay compared to similarly situated male managers. Plaintiff established that in fact she was paid less than male managers and was paid less up until shortly before the point that she was terminated. Indeed, Plaintiff demonstrated and defendant conceded that her male counterparts were paid more than Plaintiff. Larry Bitter, who replaced Plaintiff as Manager was paid $39,000 on the date of his hire. CDIL-LR7.1(D)(2)(b)(1), para. 11 of Undisputed Facts. Klint Rice who preceded Plaintiff as Service Manager was paid approximately $41,000 to $42,000. CDIL-LR 7.1(D)(2)(b)(2). Plaintiff on the other hand was started at a salary of $35,000 and was increased to a salary of $37,000 in May, 2003 a month and a half before she was terminated. Plaintiff's Ex. 7 in Opposition to Summary Judgment. This is the admissible evidence in Plaintiff's possession at the time of summary judgment.

Although defendant contended on summary judgment that at the time of Plaintiff's termination she was being paid $42,000 (CDIL-LR7.1, para. 6), Plaintiff had sought from defendant evidence of this salary during discovery but defendant did not supply it until Plaintiff moved to strike the fact as part of the summary judgment proceedings. See Plaintiff's CDIL-LR

3

7.1(D)(2)(b)(2), para. 6 and Motion to Strike. In response the Motion to Strike, defendant supplied evidence to support this assertion not previously provided to Plaintiff throughout the entirety of the litigation despite Plaintiff's requests therefore. Thus, Plaintiff's claim that she was being discriminated against on the basis of her gender because she was being paid less than her similarly situated male managers did not at any time prior to the summary judgment proceedings appear to be frivolous or without basis.

In fact, Plaintiff's evidence even with the defendant's documents produced in summary judgment showing that it raised her salary to $42,000 on the date she was terminated, still demonstrated that she was paid less than her similarly situated male managers at least through May 2003 (Plaintiff's Ex. 7) despite having been promised that she would be paid equivalently as of January 2003. Thus, even with the defendant's evidence supplied for the first time in summary judgment, Plaintiff demonstrated that there was a pay disparity between herself and similarly situated male managers so that defendant cannot establish that Plaintiff's claims were frivolous, in bad faith or persisted in after learning that evidence.

Defendant's argument that Plaintiff's claim was frivolous because "the Complaint lacks all reasonable basis" is without merit based upon the undisputed evidence in the record. Plaintiff did submit evidence of her actual earnings and defendant did not dispute what Plaintiff submitted. Rather, defendant asserted and Plaintiff did not have evidence that she was paid $42,000 *on the date of her termination.* Indeed, when Plaintiff sought evidence to support this assertion, contained in summary charts, not admissible evidence, defendant failed and refused to supply it to Plaintiff until summary judgment. Thus it is that the court's January 25, 2006 Order granting summary judgment did not grant defendant's Motion to Strike Schultze's Reply in support of her Motion to Strike, a reply that pointed out not only were the payroll documents for Plaintiff submitted by defendant in summary judgment produced in the summary judgment

proceedings for the first time but as well the documents rebutting the Motion to Strike also had not been produced to Plaintiff during the discovery phase.

Except for the documents submitted during summary judgment, which defendant did not demonstrate had been provided to Plaintiff at any time prior, there was no evidence that Plaintiff was made aware, after her memo dated June 2, 2003 questioning why her pay had not been raised to the $40,000 range (Plaintiff's Ex. 8), that defendant in fact raised her salary from the May raise to $37,000 to the $42,000 defendant claims she was making on the date of her termination. Indeed, because Plaintiff was not provided this documentation during discovery there was no opportunity to investigate defendant's contentions nor the documents themselves. In any event, an 11th hour production of documents showing this salary on the date Plaintiff was fired, the same date she protested defendant's failure to increase her salary as of January, does not meet a showing of frivolousness as required under the case law to warrant an award of attorneys' fees to defendant pursuant to Title VII, 42 U.S.C. Section 2000e -5(k). Indeed, the district court's award of a reasonable attorneys' fee to Plaintiff's counsel due to the defendant's 11th hour production belies the defendant's contention here.

### 3. Defendant's Motion and Memorandum Do Not Meet the Requirements to Support Its Request for Attorneys' Fees and Costs

Defendant asserts an overall amount of attorneys' fees and costs–$85,000-to which it claims it is entitled. Nowhere does defendant provide a break down of what part of that amount constitutes attorneys' fees and what amount constitutes costs. As to the costs, defendant does not itemize the costs it claims it is due. As to attorneys' fees, the defendant does not provide the number of hours, who billed those hours, what the rate of the person billing those hours consisted of, nor a basis for the court to apply the rate of the particular attorney involved in expending the time.

Further, as the requested hourly rates --$130 to $200 per hour-- nowhere does defendant identify the attorneys for whom these rates are requested, nor a basis for determining that these are rates the particular attorneys command in their market. The Seventh Circuit has stated that "[t]here is no single, market-wide fee for a given case, and this requires the judge to consider the quality of the particular lawyer as well as the amount of time that he devoted to the case. *Gusman v. Unisys Corp.,* 968 F.2d 1146, 1150 (7th Cir. 1993); *Eddleman v. Switchcraft, Inc.,* 965 F.2d 422, 425 (7th Cir. 1992). The best evidence of the lawyer's quality is the fee he commands in the market. *Batt v. Micro Warehouse, Inc.,* 241 F.3d 891, 895 (7th Cir. 2001).

Further, courts have generally held that an award of attorneys fees to a defendant in an action under Title VII is error where the record contained nothing to indicate that plaintiff was completely unjustified in pleading her discharge was the result of gender discrimination and retaliatory motives where the district court found plaintiff's contention to be erroneous. *See e.g. EEOC v. AIC Sec. Investigations,* 55 F.3d 1276 (7th Cir. 1995).

Moreover, in the instant case, if defendant had supplied the court with the information necessary to an award of attorneys fees and costs, including a breakdown the attorney time spent and the costs incurred, the costs incurred, it would become apparent that the time incurred was the result of defendant's own conduct: first, in resisting Plaintiff's Motion to disqualify Daniel Churchill and requiring that Plaintiff conduct Daniel Churchill's deposition, a motion to disqualify that was granted by the district court; second, in failing to provide Plaintiff with the records requested in its summary charts produced in response to document requests until the summary judgment proceedings, necessitating that plaintiff engage in substantial discovery and depositions to discover the amount of similarly situated managers compensation; and third, due to defendant's frivolous counterclaims which defendant did not move to dismiss until July 15, 2005 (Dkt 51), despite Plaintiff's May 11, 2005 Rule 11 Letter, and requiring Plaintiff to conduct

6

substantial documentary and deposition discovery that would otherwise have been entirely unnecessary.

Defendant's Motion and Memorandum seeking attorneys' fees and costs does not establish a legal nor a factual basis for the attorneys' fees and costs it seeks.

WHEREFORE, Plaintiff respectfully requests that this Court deny defendant's motion for attorneys' fees and costs pursuant to 42 U.S.C. Section 2000e-5(k).


BY: s/Susan Bogart
 Law Offices of Susan Bogart
 30 North LaSalle Street, Suite 2900
 Chicago, IL 60602
 Tele: (312) 263-0900, ext. 7014
 Fax: (312) 263-5013
 E-mail: SBogart514@aol.com