UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE, ) | |
| Plaintiff, ) | |
| ) | NO. 03 Cv 04089 |
| v. ) | Jury Trial Demanded |
| ) | |
| GOODRICH EQUIPMENT COMPANY, ) | |
| Defendant. ) | |

## MOTION FOR LEAVE TO FILE CERTAIN
## EXHIBITS *UNDER SEAL*

Plaintiff's by and through her attorney, moves this Court to Permit Her Counsel to File *Under Seal* Certain Exhibits to Counsel's Affidavit in Support of Application for Attorneys' Fees to be Filed In Accord with the Court's Order dated March 1, 2006 and, in support, states as follows.

1. On March 1, 2006, this Court entered an Order on Plaintiff's Motion for Instructions, directing that Plaintiff's Counsel file evidence to support her claim that $510.00 is the rate that she charges paying clients in 2005 for employment litigation like that at issue in the instant case. The Court directed that such evidence be submitted on March 14, 2006.

2. Plaintiff's counsel has prepared an affidavit to be submitted in connection with the March 14, 2006 submission. As attachments to that affidavit, Plaintiff's counsel is prepared to submit Fee Agreements with certain clients in employment litigation matters during the 2005 time period. Additionally, Plaintiff's counsel is able to submit billings and payments at that rate during that time frame.

3. However, Plaintiff's counsel's standard fee agreement is approximately 4-5 pages long and contains information protected by both the attorney client as well as attorney work product. The billing information also contains attorney client and attorney work product information and

1

the fee agreement, billing and payment contain other confidential and private information that cannot be in the public record as in certain of the matters, the consultations while related to employment litigation matters they are not matters in the public record and/or could adversely impact matters which are ongoing in the public record.

    4. Plaintiff's counsel could redact information contained on these documents but believes that virtually all of four to five pages of the fee agreement is either attorney client or attorney work product but for the date of the agreement as well as the hourly rate, which Plaintiff does not object to being in the public record. The identity of certain clients whose matters were not in the public record Plaintiff objects to revealing. Also, plaintiff objects to revealing the contents of her fee agreements, as protected attorney work product.

    5. Additionally, as to one matter which is now closed, Plaintiff can provide a redacted version of the billing, but not the identity of the client and to preserve the attorney client privilege would have to redact virtually all of the contents of the billing except the date and the hours spent.

    6. Additionally, with respect to the payment for services, which as to closed matters, the information contained on the check including the identity of the payor, the client, the bank, the bank account information reveals either attorney client or protected confidential information.

    WHEREFORE, Plaintiff respectfully requests that this Court order 1) that the fee agreements, client billings and payment information for matters in 2005 reflecting Counsel's hourly rate be permitted to be filed under seal and 2) to the extent that the Court seeks to have some or all of the information filed in a redacted form, that the Court permit counsel to submit only those pages reflecting relevant information with the name of the client, the exact address of the client, the matter for which the client was represented if not in the public record, and the contents of the fee agreement redacted but for the hourly rate and date of the agreement; that the

billing information redacted so as not reflect the attorney client information contained within the billing nor to whom the services were rendered if not in the public record; and as to any checks or payment for services rendered, that counsel be permitted to redact the payor information, the bank account and routing number of information and any other information but for the amount of payment and payee.

        BY: s/Susan Bogart
        Law Offices of Susan Bogart
        30 North LaSalle Street, Suite 2900
        Chicago, IL 60602
        Tele: (312) 263-0900, ext. 7014
        Fax: (312) 263-5013
        E-mail: SBogart514@aol.com