UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARJORIE M. DAVIS, )
)
Plaintiff, )
) Case No. 97 C 3774
v. )
) Judge Wayne R. Andersen
INTEGRATED SYSTEMS SOLUTIONS )
CORPORATION, aka ISSC, )
)
Defendant. )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS AND DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT AND CONSOLIDATED RESPONSE TO DEFENDANT'S GENERAL AND SPECIFIC OBJECTIONS TO SAME**

I.  ISSC's Position On Attorney's Fees

For all the reasons set forth in ISSC's filings with the Court pertaining to attorney's fees, ISSC submits that a fee award of $133,330 would be a reasonable fee in this case. Notwithstanding Plaintiff's statement in her Motion for Interim Fees, ISSC has not conceded that a fee of $266,660.84 would be a reasonable fee.[1]

II.  An Interim Fee Award Of Any Amount Is Not Appropriate

While ISSC concedes that a fee award of $133,330 would be a reasonable fee in this case, ISSC maintains that an interim fee award of any amount at this stage of the proceedings would be inappropriate as a matter of law. Previously, ISSC urged that there was no authority for the Court to make such an award in the context of this case. Nothing in Davis' submissions changes this result and her request for interim fees should be denied.

*First*, there is no basis for awarding an interim fee when the litigation has ended, except for the final act of the Court awarding attorneys' fees. Davis' judgment has been satisfied

---

[1] Davis has amended her fee petition again with the Court. Now, Davis includes a bill for $1,115.50 for her expert Dr. Skoog at Ex. F(1) that is subject to the same objections as those set forth in Defendant's General and Specific Objections regarding the recoverability of Dr. Skoog's fees.

CHI-1385137v1



and the attorneys' fees issues are fully briefed. The Court has conducted a hearing on the attorneys' fees and all that remains is for the Court to issue its final decision on fees. In light of these facts, it would be entirely inappropriate for the Court to award interim fees in lieu of deciding the entirety of the fee petition pending before the Court.

*Second*, Plaintiff ignores substantial legal precedent defining when an interim fee award would be appropriate. As the Seventh Circuit recently recognized in *Shott v. Rush-Presbyterian-St. Luke's Medical Center*, 338 F.3d 736, 745-46 (7th Cir.), *reh'g denied*, 2003 U.S. App. LEXIS 18540 (7th Cir. Sept. 4, 2003) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284 n.6 (1989)) (emphasis added) (additional quotation omitted), interim fee awards generally are made during the continuing course of litigation to "account[] for the delay in compensation that long litigation often causes" or when a litigant in a civil rights case "becomes a prevailing party on one issue in the course of the litigation'" because "[i]f no compensation were provided for the delay in payment, the prospect of such hardship [caused by the cost of litigating] could well deter otherwise willing attorneys from accepting *complex* civil rights cases that might offer great benefit to society at large; this result would work to defeat Congress' purpose in enacting § 1988 of 'encourag[ing] the enforcement of federal law through lawsuits filed by private persons.'"

None of these factors are present here. This case has been fully prosecuted in the trial court and there is no policy that can be served by awarding an interim fee when all that is left to be decided is the amount of total attorneys' fees that should be awarded. Nor, frankly, is this a *complex* civil rights case in which interim fees are necessary to counter the hardship of continuing to litigate. The litigation is over and any hardship argument at this stage comes too late. *C.f. Doe v. Calumet City, Illinois*, No. 87 C 3594, 1991 U.S. Dist. LEXIS 1832, at *4 (N.D. Ill. Feb. 13, 1991) (awarding interim fees in class action civil rights case after liability judgment was entered in plaintiff's favor while damages issues were still being litigated, noting: "[t]o delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel.").

The only "authority" that Plaintiff cites in support of her interim fee argument is a minute order from this Court awarding interim fees in an eleven plaintiff race and age discrimination lawsuit, *Kitchen v. TTX Company*. Plaintiff claims that the Seventh Circuit

CHI-1385137v1

-2-

affirmed the interim fee award in *Kitchen v. TTX Co.*, 284 F.3d 688 (7th Cir. 2001), yet the Seventh Circuit in that case never addressed the propriety of interim fees. Additionally, it should be noted that in *Kitchen* the Court awarded fees prior to the commencement of the parties' hearing on attorneys' fees and thus, arguably, something remained to be completed in the trial court. Here, all of the proceedings on attorneys' fees have concluded and all that remains is for the Court to issue a decision on fees. Thus, contrary to Plaintiff's contention, *Kitchen* provides no support for an interim fee award.[2]

*Third*, it is unsound policy to award interim fees in this context for several reasons. Interim fee awards under circumstances as are present here discourage settlements of underlying claims, particularly where the fee dispute is larger than the underlying claim. Had the underlying substantive claim not been settled, ISSC could have in good faith maintained that Davis was not a prevailing party on the ground that her judgment should be set aside as a matter of law. Having settled the substantive claim and given up its post-judgment motions, ISSC now properly concedes that some award of fees is appropriate. If defendants facing substantial litigation over fees must advance interim fees to their opponents during the fee contest, after having settled the smaller substantive claim, defendants will simply refrain from settling the substantive claim until the larger fee issue is resolved.

Additionally, interim fee awards made when the underlying litigation has terminated prejudice the defendant by effectively requiring the defendant to finance plaintiff's fee litigation. For example, if a plaintiff is provided with an interim fee award, she will have the resources to appeal regardless of any decisions made by the district court with respect to the final fee award, without having to consider the financial issues most litigants examine when assessing the prospects of an appeal. To have defendants finance such appeals clearly does not serve the interest of encouraging attorneys to handle complex civil rights cases; rather, it only serves to increase and prolong litigation over fee awards.

---

[2] Plaintiff also cites the Criminal Justice Act in support of her request for interim fees, under which interim fees can be awarded — many times in cases of appointed counsel. Here, Davis' attorney was not appointed and the purposes of compensation under that Act are not the same as those present here. Nevertheless, interim fees are not appropriate here because the litigation has concluded with the exception of the fee issue, unlike the cases under the Criminal Justice Act in which interim fees are awarded.

Finally, an interim fee award has the potential to result in piecemeal appeals and will serve only to prolong and complicate this litigation. The Seventh Circuit in *People Who Care v. Rockford Bd. of Educ.*, 272 F.3d 936, 937 (7th Cir. 2001), explained that an interim fee award can be immediately appealed under certain circumstances:

> [T]his case involves an interim award of fees, and so is not the final order in the proceeding to obtain attorneys' fees. We (and other courts as well) have held, however, that where the fees might not be recoverable by the defendant from the plaintiff if the award were reversed at the end of the litigation, so that refusal of an immediate appeal might inflict irreparable harm on the defendant, the award is appealable immediately as a collateral order. For it is final in the practical sense that it may well be the last opportunity the defendant has to obtain relief from the order from the appellate court. That is the situation here. The defendant contends that the plaintiffs' law firm is small and fragile -- and the plaintiffs do not contest the contention, and so we accept it as true and proceed to the merits.

*See also Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994) ("[A]n interim award of fees is interlocutory and nonappealable unless the award is made in circumstances in which the party against whom the award is made will not be able to get his money back if he prevails at the end of the case and the award is vacated then."). Here, should the Court make an interim fee award, ISSC would have the same concern that the defendant in *People Who Care* did -- namely, that Plaintiff (in whose favor the award will be made) or Plaintiff's counsel, as a sole practitioner, may not be able to return any amounts awarded should the fee ultimately be reversed or modified by the Seventh Circuit. Thus, an interim fee award raises substantial risks of piecemeal appeals and, thus, should not be awarded here.

### III.   Davis Misstates The Proceedings Before The District Court

Plaintiff devotes considerable attention in her Reply brief to an argument that ISSC has waived its objections to Plaintiff's fee petition based on the timing and form of its objections to the petition. (Reply at 1-7). ISSC, however, as the Court is well aware, submitted all of its objections and responses to Plaintiff's fee petition in the manner prescribed and directed by the Court. Thus, without taking too much of the Court's time on this issue, ISSC submits that Plaintiff's arguments on this issue should be summarily disregarded by the Court, as the record makes clear that ISSC fully complied with the Court's requirements in this situation.

### IV.    Davis Missates Jones Day's Attorney's Fees

Plaintiff, both in her Renewed Motion for Interim Attorney's Fees, at n. 1, as well at various points in her Reply In Support, asserts that the reasonableness of the fees being sought for Plaintiff's counsel should be judged by a comparison to Defendant's fees. As stated previously, this Circuit recognizes that defense fees are not determinative of the reasonableness of Plaintiff's fees. In fact, the Seventh Circuit in *Mirabal v. General Motors Acceptance Corporation*, 576 F.2d 729, 731 (7th Cir. 1978), held that it would be an "abuse of discretion" to determine plaintiff's attorney's fees based on the fees of defendant; *see also Calkins v. Grossinger City Autocorp, Inc.*, No. 01 C 9343, 2003 WL 297516 at *4, n. 2 (Feb. 12, 2003) (declining to reduce fees based on a comparison of plaintiff's and defendant's attorneys' fees). The fact that Davis cites (at 10) to cases from outside this jurisdiction that have contrary holdings does nothing to change the clear and established law of this Circuit.

Furthermore, although a voluminous exhibit containing all of the defense attorney bills has been submitted, Plaintiff has inaccurately summarized those bills by claiming that they reflect more than $800,000 in fees being paid by IBM when the bills showed the amount paid was approximately $700,000 and also show that it was for approximately 700 hours more than the hours for which Plaintiff is requesting compensation in her fee petition. Even more of a distortion is Plaintiff's failure to discuss the hourly rates reflected in those invoices. Those hourly rates are well below the $467 hourly rate that Plaintiff is claiming for Ms. Bogart. For example, the highest hourly rate billed for defense counsel Irene Savanis who was the most senior attorney on this case until trial is $385. As for senior attorney, Lawrence DiNardo, who appeared in the case for the trial, his rate was $490, yet he has been in private practice 14 years longer than Ms. Bogart. Even if it were appropriate to compare, Plaintiff's fee petition is unreasonable as it is seeking more fees for less time spent which in turn means it is calculating fees at a rate above market rate, even if Defendant's attorney hours or hourly rates are used.

### V.    Davis' Request For A Tax Enhancement Is Inappropriate

Finally, in response to ISSC's argument that the Court should take into account that substantial offers were rejected both before and during trial in determining a reasonable fee, Davis argues that the Court should remedy any potential adverse impact by "increasing the award." (Reply at 25). In support of this argument, Davis cite a decision from the Eastern

District of Pennsylvania, *O'Neill v. Sears, Roebuck & Co.*, 108 F. Supp. 2d 443 (E.D. Pa. 2000). *O'Neill*, however, is inapposite and it would be entirely inappropriate for the Court to make any such award in this case.

In *O'Neill*, the Court concluded that it was appropriate in a case brought under the Age Discrimination in Employment Act ("ADEA") to include an award for the negative tax consequences of the plaintiff having received a combined back and front pay award in a single year as opposed to over several years, relying on the "make-whole" objective of the ADEA. *O'Neill*, 108 F. Supp. 2d at 446-48. Unlike *O'Neill*, here the request is for a tax enhancement to compensate Plaintiff not for the tax consequences associated with a lump sum settlement but, rather, for pursuing a strategy of hoping for either a large verdict or an award of attorney's fees unconstrained by the modest pre-tax improvement in recovery. This strategy entirely ignored the large negative impact on Davis of greatly increased tax liability which has resulted from continuing this litigation after substantial settlement offers were made by ISSC and thus it would be wrong to enhance Davis' award based on such conduct. Also, it is asking for a tax enhancement that negates the tax consequence the Seventh Circuit has said is inevitable and appropriate in these cases.

In addition to *O'Neill's* factual inapplicability here, *O'Neill* is not the law in this Circuit. In fact, several district courts in this jurisdiction have held that tax enhancements are inappropriate in civil rights cases. *See Best v. Shell Oil Co.*, 4 F. Supp. 2d 770, 776 (N.D. Ill. 1998) (denying plaintiff's request for a tax liability enhancement to account for the lump sum distribution of his award); *Hasham v. California State Bd of Equalization*, No. 96 C 3326, 1998 U.S. Dist. LEXIS 12078, at *22 (N.D. Ill. July 31, 1998) (denying tax enhancement plaintiff requested to account for certain tax laws).

Moreover, it is certainly too late at this stage of the proceedings to award Davis a tax enhancement. Davis' judgment has been satisfied and Davis has waived all of her rights to any future awards other than attorney's fees and costs in this litigation. To award a tax enhancement to Davis for pursuing a self-defeating strategy by continuing this litigation after it no longer made economic sense is not appropriate. And, to award Davis any additional monies as attorney's fees, of course, would only serve to increase her ultimate tax burden.

Based on the foregoing, the Court should reject Davis' request for a tax enhancement to account for the tax consequences associated with her continuing with this litigation in the hopes of a large recovery, or alternatively a limitless fee award.

V.    **Conclusion**

Based on the foregoing, ISSC requests that the Court deny Plaintiff's request for interim fees and a tax enhancement, and disregard Plaintiff's gross misstatements of the record in their entirety.

Dated: October 31, 2003

Respectfully submitted,

Lawrence C. DiNardo
Irene Savanis Fiorentinos
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Counsel for Defendant ISSC

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS AND DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT AND CONSOLIDATED RESPONSE TO DEFENDANT'S GENERAL AND SPECIFIC OBJECTIONS TO SAME to be served on the following counsel of record by hand delivery, on this 31st day of October, 2003:

>Susan Bogart, Esq.
>Law Offices of Susan Bogart
>30 North LaSalle Street, 29th Floor
>Chicago, Illinois 60602
>
>Michael O'Rourke
>J. Michael Tecson
>O'Rourke, McCloskey & Moody
>161 North Clark Street, Suite 2230
>Chicago, Illinois 60601

_____
Lawrence C. DiNardo

CH1-1385137v1