IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JERRI BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 L 2330 |
| v. ) | |
| ) | Judge Allen S. Goldberg |
| JOSEPH STROUD, an individual; and, ) | |
| JOVON BROADCASTING, WJYS-TV ) | |
| 62/34, an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF H. CANDACE GORMAN IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND EXPENSES

I, H. Candace Gorman, declare that the following is based on personal knowledge; if called to testify, I could and would testify competently regarding the matters set forth below.

1.  I am a principal in the law firm of H. Candace Gorman. My firm concentrates in Civil Rights and employment litigation. I graduated from the University of Wisconsin with a BA in Philosophy in 1976. I later attended law school, graduating from John Marshall Law School in January 1983. I was sworn into the Illinois Bar in April 1983. I am a member in good standing of the bar of the State of Illinois, the United States District Court for the Northern District of Illinois, the Seventh Circuit Court of Appeals and the United States Supreme Court. I am a member of the Trial Bar for the Northern District of

1


EXHIBIT E

Illinois.

2. I am a member of the National Employment Lawyers Association (NELA) and I sat on the Board of Directors for the Illinois Division of that organization with Ms. Potter, from approximately 1992-99. I am also a member of the American Trial Lawyers Association and the Women's Bar Association of Illinois.

3. I also served on the Board of Directors and as president of the Women's Bar Association of Illinois; the Board of Directors for the Federal Bar Association, the Merit Selection Panel for United States Magistrates, the Task Force Planning Committee for the Illinois Supreme Court's Study of Gender Bias in the Courtroom; and I was also the legislative chair and commissioner on the Chicago Commission on Women.

4. I handle both individual and class action lawsuits for Plaintiffs under the various civil rights statutes, anti-discrimination laws and under ERISA. In 2004 I won a unanimous decision before the United States Supreme Court in *Jones vs. R.R. Donnelley*, 541 U.S. 369 (2004) in a difficult matter regarding the Statute of Limitations for § 1981 cases. In that decision the Supreme Court changed the Statute of Limitations in § 1981 cases from two years (the Illinois personal injury statute of limitations) to four years (the federal default statute of limitations (28 USC § 1658). I have lectured widely on the subject of employment litigation. In the past few years I have been invited to speak at the Chicago Bar Association, the National Convention for the National Employment Lawyers Association, Illinois NELA, Duke University's Gender Policy Institute, the Women's Bar Association, the Illinois State Bar Association, Women In Personnel, the American Dental

Association and various other civil and professional organizations on topics related to employment litigation, including "ERISA and Employment Discrimination", "Handling Class Actions" "Direct, Indirect and Circumstantial Evidence in Discrimination Claims", "Defeating Summary Judgment", "Use of Statistical Evidence in Discrimination Cases", "Countermoves to Defense Tactics", "Litigating Harassment Claims" and "Business Aspects of Employment Litigation, Plaintiffs' Counsel Perspective". Recently I have given talks at the John Marshall law school, the National Employment Lawyers Association, and the Illinois National Employment Lawyers Association regarding my experience before the United States Supreme Court.

5. I am aware that it is extremely difficult to obtain legal representation in employment litigation cases on a contingent fee basis. I receive a substantial number of referrals from other attorneys and from individuals. I am unable to handle the vast majority of the calls I receive. It is my preference to refer individuals and referring attorneys to other attorneys in the area who will assist them on a contingent basis, however in the Chicago area there are only a handful of attorneys who are willing and able to represent Plaintiffs on a contingent basis, and even fewer who will take complicated multi-plaintiff case on a contingent basis. Robin Potter is one of the few lawyers that I know that is competent to and willing to take on these difficult cases on a contingent basis.

6. I am familiar with the quality of work of Robin Potter as I have known her for almost fifteen years. We have consulted frequently over the years regarding legal issues involved in our respective cases and other matters related to our areas of expertise. I

3

have benefited from Ms. Potter's counsel in these discussions. In my opinion, Ms. Potter and her firm represent the highest standards in the legal community, not only with respect to legal ability and determined advocacy, but also with respect to their professional dealings with the courts and opponents alike. I am familiar with the *Blount* litigation and with the work performed by Attorney Potter in the litigation.

7. I am aware that the current hourly billing rate for Robin Potter is $475 per hour, $350 per hour for Attorney Marty Dolan, $175 per hour for Ms. Potter's senior paralegal Alex Taylor and $35-$75 for lower level paralegals and that they have been awarded, been paid and/or bill at these hourly rates.

8. In 2004 I was awarded the hourly rate of $425 per hour by the honorable Judge Kennelly in the Northern District of Illinois in the settlement of *Jones vs. R.R. Donnelley*, 96 C 7717 (N.D.Il.) (that was my case that went to the U.S. Supreme Court). I currently charge my hourly clients $450.00 per hour.

9. Ms. Potter has been practicing law for a few years longer than I have and I am familiar with the hourly rates charged by practitioners with her level of expertise in labor and employment litigation in Chicago. Her rate of $475.00 is in keeping with the rates charged by practitioners with similar experience, knowledge and abilities. With respect to attorney Potter's co-counsel, Martin Dolan, although I have not had the opportunity to personally observe his skills and abilities, I am aware that he is a highly-regarded employment law practitioner who enjoys a positive reputation within the labor and employment law community. I understand Mr. Dolan has been practicing law for almost

eighteen years. The rate sought for Mr. Dolan ($350 per hour) is almost exactly the rate that I was awarded when I was an attorney with eighteen years experience and I therefore believe the rate is both fair and reasonable.

10. I have had an opportunity to work with Alex Taylor, senior paralegal at Robin Potter & Associates, P.C., on an informal basis in regards to discovery and research he has conducted for Ms. Potter over the years. I know that Mr. Taylor is a graduate of Northwestern University and that he is highly competent and efficient in his research and litigation preparation. I am familiar with the Chicago market for experienced trial paralegals and the rate of $170 per hour for a senior experienced paralegal of Mr. Taylor's qualifications is reasonable in my opinion.

11. I am not familiar with the work performed by Ms. Potter's former senior trial paralegal/law student Lucester Vazquez. However her billing rate of $100.00 per hour, given her trial experience and qualifications, is lower than I have received for individuals of similar experience. The rate of $35-75.00 per hour for Ms. Potter's junior paralegals is also slightly lower than the market.

12. Based upon my own experiences and knowledge of prevailing fee rates and my knowledge of the law regarding attorney fee awards in civil rights matters, it is my opinion that the hourly rate of $475.00 per hour for attorney Potter, $350.00 per hour for attorney Dolan, $170 for senior paralegal Taylor and $35-$75 per hour for junior paralegals are fair and reasonable rates that reflect their backgrounds, experience levels, and standing within the legal community and that are consistent with the market rates for legal services

within the Chicago legal community for attorneys of their experience and skill levels.

I declare under penalty of perjury that the foregoing is true and correct.


_____
H. Candace Gorman


Executed on  Jan. 31, 2006