**E-FILED**
Monday, 20 March, 2006  03:35:53 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

TERESA M. SCHULTZE,      )
      Plaintiff,         )
                       )     NO. 03  Cv 04089
     v.               )     Jury Trial Demanded
                       )
GOODRICH EQUIPMENT COMPANY,  )
      Defendant.      )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR LEAVE TO FILE *INSTANTER* SAME

Plaintiff, by and through her attorney, does hereby respond to Defendant's Motion to Strike Plaintiff's Response and Opposition to Defendant's Motion for Attorneys' Fees and Costs, and, in support, states as follows.

1.  This court granted defendant's Motion for Summary Judgment on January 25, 2006 and, also, ordered defendant to pay Plaintiff's Attorneys' Fees associated with preparing a Motion to Strike Defendant's Exhibit E in support.

2. On February 24, 2006, defendant filed its Motion for Attorneys' Fees and Costs arguing that it was a "prevailing" party under 42 U.S.C. Section 2000e et seq. The Court's electronic system set March 10, 2006 for Plaintiff's Response thereto.

3. On March 10, 2006, Plaintiff filed her opposition to Defendant's Motion for Attorneys' Fees and Costs. Plaintiff's filing was done electronically at approximately 8:41:35 p.m.

4. Defendant moves to strike the response because it was not performed electronically prior to 5:00 p.m.

5. The Rules for the Central District of Illinois, Electronic Filing, II (A)(1)( c) state that filings made electronically after 5 p.m. central standard time are deemed filed the next day.

6. Plaintiff's move this Court to grant her leave to file her response, filed on the same date set by court order, but approximately 3 hours after the 5 p.m. time set by the Local Electronic Filing Rule based upon excusable mistake.

7. Plaintiff states that her counsel's understanding of the electronically filing rules has been based upon her experience in other U.S. district courts, in Ohio and Illinois, and as a result she did not realize that the Central District imposed a 5 p.m. deadline for electronic filings.

8. In fact, the Electronic Filing Rules for the U.S. district court for the Northern District of Ohio, where undersigned counsel has been on an electronic filing system since 2001 in civil cases, provides for timely filings up to midnight. Rule 9 of that Court's Electronic Filing Policies and Procedures. Similarly, the U.S. district court for the Northern District of Illinois provide midnight as the filing deadline for electronically filed documents. See Northern District of Illinois General Order on Electronic Case Filing, Section (V)(E).

9. As the Affidavit of Tony Montgomery makes clear (Ex. A), the practice in the Northern District of Illinois, Easter Division provides that filings are deemed filed as of the date filed so long as they are filed prior to 11:59 p.m. of that date. Only filings after midnight are deemed filed the next day. Ex. A. Thus, filing electronically prior to 5 p.m. is not required to meet a briefing schedule deadline, unless otherwise specified per the court's order.

10. It is undersigned counsel's understanding that this provision, permitting filings up to 11:59 p.m. on the due date, brings the court's filing rules into compliance with Federal Rules of Civil Procedure Rule 77(a) which has required that district courts remain "always open".

11. Plaintiff's counsel states that she does not believe that defense counsel has suffered any prejudice with respect to the fact that her filing was made electronically 3 hours after the 5 p.m. time on a Friday. As is clear from the electronic filing provisions, defense counsel was able to receive and review the filing on Friday 3/10 when the filing was due, albeit 3 hours later than

the 5 p.m. time deadline. Further, defense counsel was able to review the filing on Saturday, Sunday or on Monday. As Local Rule for the Central District of Illinois does not permit defense counsel to file a Reply, it is difficult to determine what harm has befallen defense counsel.

12. In contrast, the adverse impact on Plaintiff could be substantial, as any order awarding fees and costs, which Plaintiff believes to be unwarranted under the law and facts of this case, would be imposed upon Plaintiff.

13. Plaintiff's counsel respectfully requests that this Court deny defendant's Motion to Strike or grant Plaintiff leave to file *instanter* her Response and Opposition to Defendant's Motion for Attorneys' Fees and Costs.

BY: s/Susan Bogart
 Law Offices of Susan Bogart
 30 North LaSalle Street, Suite 2900
 Chicago, IL 60602
 Tele: (312) 263-0900, ext. 7014
 Fax: (312) 263-5013
 E-mail: SBogart514@aol.com