E-FILED
Friday, 24 March, 2006 02:34:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TERESA SCHULTZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-4089 |
| | ) | |
| GOODRICH EQUIPMENT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Goodrich's ("Goodrich") Motion for Attorney's Fees and Costs [#87] and Goodrich's Motion to Strike [#93]. To summarize, Plaintiff Teresa Schultze ("Schultze") brought a wage discrimination claim and retaliation claim against Goodrich. Goodrich prevailed on summary judgment and now asks the Court to exercise its discretion and award it attorneys' fees and costs associated with this case. Schultze filed a response to Goodrich's Motion and Goodrich has filed a Motion to Strike that Response.

**A.      Goodrich's Motion to Strike**

Goodrich asks the Court to strike Schultze's response to its Motion for Attorney's Fees and Costs because Schultze filed her Response at 8:43 p.m. on the day that it was due even though, according to the Local Rules, filing a pleading after 5:00 p.m. means that the document is technically filed on the next business day. In the event that the Court denies its Motion, Goodrich asks the Court to grant it leave to file a reply to Schultze's Response. Schultze responded to Goodrich's Motion to Strike arguing that she believed that her Response was timely so long as it was filed before midnight. Schultze's counsel based this belief on her experience in other districts.

The Court denies Goodrich's Motion and also declines to grant Goodrich leave to file a reply to Schultze's Response. The Court declines to strike Schultze's response even though it was almost four hours late in light of the fact that Goodrich was not prejudiced in any way by this late filing. However, it is counsel's responsibility to familiarize themselves with the Local Rules in each district in which they practice. The Court cautions Schultze that further disregard for the Local Rules will require the Court to take further action, possibly to include sanctions. Finally, after conducting its own independent research, the Court finds that the law with respect to awarding attorney's fees and costs in a case such as this is quite clear and therefore finds that additional briefing on these issues would not benefit the Court. Accordingly, the Court denies Goodrich leave to file a reply to Schultze's Response.

**B.      Motion for Attorney's Fees and Costs**

       **1.      Attorney's Fees**

Goodrich argues that it should be awarded attorney's fees because Schultze's claims were frivolous and without merit. Specifically, Goodrich points to the fact that Schultze did not engage in statutorily protected speech and therefore she could not possibly succeed on her retaliation claim. Additionally, Goodrich argues that Schultze's wage discrimination claim was without merit because Schultze did not submit proof of what she was being paid at the time that she was terminated from Goodrich.

A district court may in its discretion award attorney's fees for an action under Title VII. *See* 42 U.S.C. § 2000e-5(k). *Farfaras v. Citizens Bank and Trust of Chicago,* 433 F.3d 558, 569 (7th Cir. 2006). Section 2000e-5(k) states, in pertinent part, "[i]n any action or proceeding under this title [42 U.S.C. 2000 *et seq.*], the court, in its discretion, may allow the prevailing party . . . a

reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e-5(k). "A prevailing defendant may not recover attorney's fees from the plaintiff unless the district court finds that the plaintiff's action was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Coates v. Bechtel,* 811 F.2d 1045, 1049 (7th Cir, 1987) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)).

In this case, Schultze's claims were not frivolous, unreasonable, or groundless. Goodrich argues that Schultze's wage discrimination claim was frivolous because Schultze failed to produce evidence of what she was making at the end of her employment with Goodrich. The Court also found this omission to be odd and made a reference to the omission in its Order on Summary Judgement. However, the Court does not believe that this is sufficient to make Schultze's claim frivolous. Schultze's claim was that she was not paid as much as other similarly situated managers and despite the fact that she did not present evidence regarding her final salary, Schultze did present evidence of what she was paid for the majority of her time with Goodrich. Accordingly, if Schultze had been able to establish that she was similarly situated to the male managers at Goodrich, the Court would have had to determine whether the male managers had been treated more favorably. At that point, Schultze's failure to present such evidence would have been relevant to the question of whether she was ever paid as much as the men; however, her failure to include this evidence would not have prevented the Court from determining whether Goodrich discriminated against her for the time period from her date of hire until her final pay raise to $42,000. Therefore, the Court does not believe that the failure to include this evidence alone justifies a finding that Schultze's wage discrimination was frivolous.

Additionally, the Court does not find that Schultze's retaliation claim was frivolous.

Goodrich argues that her claim was frivolous because she did not engage in statutorily protected speech, an essential element of a retaliation claim. As stated in its Order, the Court agrees that Schultze did not engage in statutorily protected speech. However, this is not a case where the plaintiff did not engage in any speech. Schultze repeatedly asked Roger Goodrich about her salary, expressed her displeasure at being paid less than the other managers, and expressed her displeasure about being paid less than some of her subordinates. The Court found that these statements did not amount to statutorily protected speech because they did not inform Goodrich that she believed that she was being discriminated against because of her gender. At the time that Schultze brought this lawsuit, it was not unreasonable, considering that she was the only female manager at Goodrich, for Schultze to believe that her complaints were sufficient to put Goodrich on notice that she believed that she was being paid less than the others because she was female.

### 2.    Costs

Goodrich's Motion is titled as a Motion for Attorneys' Fees and Costs. Rule 54(d) provides in relevant part, that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed. R. Civ. P. 54(d). This Court granted Goodrich's Motion for Summary Judgment and therefore Goodrich is the "prevailing party." *See Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 454, n. 5 (7th Cir. 1998). In this case, Goodrich has submitted the instant motion as a request for costs; however, the motion does not include the required Form AO-133 as required by Local Rule 54.1. Accordingly, the Court grants Goodrich fourteen days from the date of this Order to file the proper forms and supporting documentation as stated in Local Rule 54.1. Schultze will then have ten days from the date that the Bill of Costs is submitted to file any objections for which she has a good faith basis for asserting.

## CONCLUSION

For the reasons set forth above, Goodrich's Motion for Attorney's Fees and Costs [#87] is GRANTED IN PART AND DENIED IN PART. Specifically, Goodrich's request for attorney's fees is denied and Goodrich is given fourteen days from the date of this Order to submit a proper Bill of Costs. Additionally, Goodrich's Motion to Strike [#93] is DENIED.

ENTERED this 24th day of March, 2006.

                                                s/Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge