E-FILED
Tuesday, 28 March, 2006  09:08:09 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 03 C 04089 |
| vs. | ) |
| | ) |
| GOODRICH EQUIPMENT CO., | ) |
| | ) |
| Defendant, | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUBMISSION OF AUTHORITY IN SUPPORT OF ATTORNEY'S FEE REQUEST**

Now comes the Defendant, GOODRICH EQUIPMENT CO., by its attorneys, Mark D. Churchill for Churchill & Churchill P.C., and Robert T. Park for Snyder, Park & Nelson, P.C., and, for its Response to Plaintiff's Submission of Authority in Support of Attorney's Fee Request, states as follows:

The Court in an Order dated March 1, 2006 stated that Plaintiff had failed to submit any evidence to support her claim that $510.00 is a reasonable hourly rate to charge clients for employment litigation and ordered Plaintiff to provide such evidence within fourteen days. Since that Order was entered Plaintiff has filed a Submission of Authority, redacted engagement letters and representation agreements and Plaintiff's representation agreement for the case at bar. While all of these filings illustrate that Plaintiff's counsel is an

- 2-

accomplished and experienced employment law litigator, a fact Defendant has never disputed, they do not support Plaintiff's contention that $510 is a reasonable hourly rate to be awarded.

### *Degree of Success obtained must be a factor in determining reasonableness of hourly rate.*

The Seventh Circuit has been asked to address the question of what constitutes a reasonable rate on numerous occasions and has definitively ruled that a significant factor is level of success obtained by counsel.  As Defendant has mentioned in a previous pleading on this point, the Court addressed this specific matter in *Laborers' Pension Fund v. Milco Construction*, 2000 WL 1720403, (7th Cir. 2000), when it stated. "In analyzing the fee request, the most critical factor is the degree of success obtained. (citing *Estate of Bors v. O'Brien*, 979 F.2d 511, 515 (7th Cir. 1992)).  Further Seventh Circuit authority stating that the success obtained is a determining factor in arriving at a reasonable hourly rate for out-of-town attorneys is found in *Mathur v. Board of Trustees*, 317 F. 3d 738 (7th Cir. 2003); authority Plaintiff cited in her Submission of Authority in Support of Attorney's Fee Request. Plaintiff stated on pages 4 and 5 of that pleading that, "the Seventh Circuit has noted

- 3-

further: "…if an out-of-town attorney has a higher hourly rate than the local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount," unless there is evidence that local attorneys could have done as well if they had been available. *Mathur, supra*, 317 F.3d at 744."

The Defendant has at no time disputed the credentials and capabilities of Plaintiff's counsel and continues to view Plaintiff's counsel with the utmost respect. However, the Seventh Circuit has repeatedly stated that District Courts must examine the results provided the client when determining whether an hourly rate is reasonable. In the present matter this Court granted Defendant's Motion for Summary Judgment finding that Plaintiff had failed to prove a *prima facie* case of either sex discrimination or retaliation. If the degree of success obtained is a critical factor in determining the reasonableness of an hourly rate for an out-of-town attorney, as the Seventh Circuit has held and has Plaintiff has conceded, then $510 can not constitute a reasonable rate in this instance.

- 4-

***Plaintiff's failure to provide the Court with
any evidence as to fee amounts awarded to
Plaintiff's counsel by other Courts is contrary
to what the Court requested and defeats Plaintiff's
claim that $510 is a reasonable hourly rate.***

The Court in its' Order of March 1st requested from Plaintiff evidence of fee amounts awarded to counsel in other matters. This request is consistent with Courts throughout the Seventh Circuit who have repeatedly examined amounts awarded attorneys in previous cases in order to establish what constitutes a reasonable rate for that attorney in a current matter.

"As to the reasonableness of those hourly rates charged by Funds' counsel, it has provided detailed affidavits…, including fee awards that have been made to the principal lawyers." <u>Moriarty v. Myzyka</u>, 2006 WL 224098 (N.D. Ill. 2006)($250 to $350/hour awarded to Chicago counsel). "Evidence of "market rate" includes rates other attorneys in the area charge pay clients for similar work, fee awards from prior cases…" <u>Garcia v. City of Chicago,</u> 2003 WL 22175620 (N.D. Ill.,2003) ($295 per hour awarded to Chicago counsel).

In <u>Gautreaux v. Chicago Housing Authority</u>, 2005 WL 1910849 (N.D. Ill. 2005)($130 to $400 per hour awarded to Chicago

-5-

counsel), the court looked to the rate at which counsel had been compensated in previous fee awards in the same case. In *Curtean v. Federal Mortgage, Inc.,* 2005 WL 1661992 (N.D. Ill. 2005), the court reduced a request for fees at $475 to $525 per hour, pointing out that counsel had received a lower hourly rate in prior fee awards. The court determined an award at a rate of $375 per hour was appropriate.

Other recent reported cases examined by defense counsel have also evidenced compensation of attorneys at much less than $510 per hour. *Bretford Manufacturing, Inc. v. Smith System Mfg. Co.*, 2006 WL 643416 (N.D. Ill. 2006)($220/hour awarded to Chicago counsel); *In re Subpoenas Issued to Danze, Inc.*, 2006 WL 211942 (N.D. Ill. 2006) ($350 to $425/hour awarded to Chicago counsel); *Farina v. Ciccone Food Products, Inc.*, 2005 WL 3483002 (N.D. Ill. 2005) ($300/hour awarded to Chicago counsel for plaintiff's in hostile work environment employment discrimination case); *Tony Jones Apparel, Inc. v. Indigo USA LLC*, 2005 WL 3115234 (N.D. Ill. 2005) ($125 to $275/hour recognized as reasonable fees for Chicago counsel).

Plaintiff provided the Court with a voluminous pleading, which included among other items Plaintiff's counsel's nine-page affidavit, a Laffey Matrix and obscure references and immaterial

- 6-

lawyer profiles from unrelated suits.  Plaintiff failed to provide, however, any evidence of fee awards Plaintiff's counsel has been awarded in other employment litigation matters as requested by the Court and a crucial factor courts throughout the Seventh Circuit have examined to determine what constitutes a reasonable rate.  The absence of any evidence as to what other Court's have awarded Plaintiff's counsel nullifies any attempt by Plaintiff to support her contention that $510 is a reasonable hourly rate.

- 7-

Respectfully submitted,


GOODRICH EQUIPMENT CO.,
Defendant,

By:  s/ Mark D. Churchill
    Mark D. Churchill Bar #188372
    Attorney for Defendant
    Churchill & Churchill, P.C.
    1610 Fifth Avenue
    Moline, IL  61265
    Telephone: (309) 762-3643
    Fax:  (309) 762-4690
    E-mail: cclaw@churchillfirm.com

and

    s/ Robert T. Park
    Robert T. Park Bar #11247
    Attorney for Defendant
    Snyder, Park & Nelson, P.C.
    1600 Fourth Ave., Suite 200
    P.O. Box 3700
    Rock Island, IL  61201
    Telephone: (309) 786-8497
    Fax:  (309) 786-0463
    E-mail:  rpark@snyderpark.com

- 8-

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Susan Bogart, Robert Park.

                                   s/ Robert T. Park
                                   Robert T. Park Bar #11247
                                   Attorney for Defendant
                                   Snyder, Park & Nelson, P.C.
                                   1600 Fourth Ave., Suite 200
                                   P.O. Box 3700
                                   Rock Island, IL  61201
                                   Telephone: (309) 786-8497
                                   Fax:  (309) 786-0463
                                   E-mail:  rpark@snyderpark.com