UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA SCHULTZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-4089 |
| ) | |
| GOODRICH EQUIPMENT COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

In an Order dated January 25, 2006, this Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's Motion to Strike Exhibit E, and denied Defendant's Motion to Strike Plaintiff's Reply in Support of that Motion. As part of that ruling, the Court ordered that "[Defendant] is ordered to pay [Plaintiff] reasonable attorneys' fees associated with the preparation of Schultze's Motion to Strike Exhibit E." Additionally, the Court informed the parties that if there were any dispute as to the amount of the attorneys' fees associated with the motion, the parties should bring that to the attention of the Court and the Court would resolve the dispute.

Plaintiff and Defendant have not been able to come to an agreement regarding what constitutes reasonable attorneys' fees for the filing of the Motion to Strike and therefore have asked the Court for assistance. This Court has previously ruled that Plaintiff is entitled to attorney's fees of 5.5 hours at her normal hourly fee; however, Defendant argues that Plaintiff's counsel's hourly rate of $510 is unreasonable. At the Court's request, Plaintiff's counsel submitted additional information regarding her qualifications, what other attorneys with similar experience charge for similar services, examples of the rates that she has charged other clients for similar work, and the employment agreement for this particular case.

Defendant argues that Plaintiff's counsel's hourly rate is unreasonable because Plaintiff did not achieve success in this litigation and the Seventh Circuit has routinely held that a critical factor in a fee request is the degree of success obtained. Defendant claims that Plaintiff should not be entitled to fees because she did not succeed on the Motion for Summary Judgment. However, Defendant fails to recognize that the fee being awarded in this case is only related to Plaintiff's Motion to Strike and not Defendant's Motion for Summary Judgment. The Court has already ruled that Plaintiff is entitled to fees on her Motion to Strike because Defendant failed to fully comply with Plaintiff's request for discovery. Accordingly, as stated in its previous order, Plaintiff is entitled to recover her fees for the time spent preparing the Motion to Strike.

Defendant also argues that Plaintiff should not be awarded $510 per hour as a reasonable attorney's fee because Plaintiff's counsel has not submitted examples of when other Courts have awarded Plaintiff's counsel such high fees. Although this information would be helpful to the Court in determining whether Plaintiff's fees were reasonable, a failure to provide this information does not necessarily mean that Plaintiff's request is unreasonable. Plaintiff's counsel has submitted extensive proof to show that she regularly charges these types of fees, that Plaintiff was unsuccessful in finding other counsel to represent her in this litigation, and that attorneys with her qualifications charge similar rates for similar work. Accordingly, Plaintiff is awarded $510 per hour for five and a half hours for the preparation of the Motion to Strike.

ENTERED this 6th day of April, 2006.

                                                  s/Michael M. Mihm  
                                                  Michael M. Mihm  
                                              United States District Judge