UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERESA M. SCHULTZE,  )  <br>      Plaintiff,  ) <br>                                    ) <br> v.                            ) <br>                                    ) <br> GOODRICH EQUIPMENT COMPANY,  ) <br>      Defendant.  ) | NO. 03 Cv 04089 <br> Jury Trial Demanded |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
BILL OF COSTS**

Plaintiff, Teresa Schultze, by and through her attorney, does hereby submit her Objections to Defendant's Bill of Costs and, in support, state as follows.

**Background**

1. On January 25, 2006, this Court entered an order granting defendant's Motion for Summary Judgment, denying Plaintiff's Motion to Strike Exhibit E and denying Defendant's Motion to Strike Plaintiff's Reply in Support of that Motion.

2. On February 24, 2006, defendant filed a motion for attorneys fees and costs. Defendant's did not submit a proper Bill of Costs as required pursuant to Rule 54 (d) of the Federal Rules of Civil Procedure, 28 U.S.C. Section 1920, CDIL-LR54.1 and did not itemize its alleged costs nor did it submit AO Form 133. Rather, defendant's request for fees and costs set fort the amount of $85,000 for fees and costs. Dkt. 87, para. 8.

3. On March 10, 2006, pursuant to Court Order, Plaintiff objected to Defendant's requests for attorneys fees' and costs. Plaintiff noted that it was impossible to raise specific objections to any costs sought as defendant failed entirely to itemize costs. The court granted Plaintiff's objections to fees and ordered that defendant submit a proper bill of costs.

4. On March 31, 2006, defendant submitted Form AO 133 itemizing its claimed costs in

the amount of $3, 730.75 and this Court taxed costs, and set April 14, 2006 for Plaintiff's objections..

**Legal Standards**

5. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that costs other than attorneys' fees shall be allowed as of course to a prevailing party unless the court otherwise directs.

6. COIL-LR54.1 requires in subsection (A) that bills of costs "shall be filed within thirty (30) days of entry of final judgment . . . " and "(B) Form. Bills of costs and supporting documentation may be filed in any format, but *must include* Form AO-133 as a summary." (Emphasis supplied.)

7. 28 U.S.C. Section 1920 addresses those costs that may be taxed under this provision and provides in pertinent part that such costs include: 1) fees of the clerk and Marshall; 2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and copies of papers necessarily obtained for use in the case; 5) docket fees under Section 1923 of t his title; and 6) compensation of court appointed experts, interpreters, salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Section 1920 further provides that a bill of costs shall be filed in the case and upon allowance included in the judgment.

**Defendant's Bill of Costs Was Untimely, Did Not Comply With the Local Rule and Should Be Denied**

8. In addressing the question of the timeliness of a bill of costs, the U.S. district court in *In re St. Charles Mfg. Co.,* 663 F. Supp. 310 (N.D. Ill. 1987) stated "[m]otions for costs, however, are governed by Local Rule 45 [here 54.1], . . ." and if no bill of costs is filed within

the thirty-day period, costs otherwise taxable under 28 U.S.C. Section 1920 are deemed waived.

9. In the instant case, the applicable Local Rule not only specifies the date on which a bill of costs must be filed–30 days after entry of judgment, but, as well, specifies the form in which it *must* be filed insofar as the AO Form 133 is specified. In the instant case, defendant failed to file the required AO Form 133 within the 30 day time period required and has failed to file the information and support for the costs claimed. Under these circumstances, the request for bill of costs is untimely and should be denied.

### Even Assuming Arguendo This Court Determines that Defendant's Bill Is Deemed Timely, This Court Should Refuse to Tax Costs In Favor of Defendant

Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of a prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987); *SAC Services, Inc. v. Lucky Stores*, 599 F.2d 178 (7th Cir. 1979); *Garner v. Whitman*, 318 F. Supp.2d 700 (C.D. Ill. 2004)(denying certain costs). Thus, the allowance of costs to a "prevailing" party is not obligatory.

In keeping with this discretion, "federal courts are free to pursue a case-by-case approach to make their decisions on the basis of circumstances and equities of each case, including such matters as the effort and expense of the parties." *Wal-Mart Stores, Inc. v. Crist,* 123 F.R.D. 590, 594 (W.D.Ark. 1988)(quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d, Section 2668).*

In *Crist, supra*, the district court identified as relevant considerations the "absence of clear victory" and "indigency and good faith" of the non-prevailing party, which would weigh in favor of ordering each party to bear its own costs. *Id.* at 594 (citing Bartel, *Taxation of Costs and Awards of Expenses (1984),* 101 F.R.D. 553, 559-62. Other courts have identified the relevant considerations as including: "1) where taxable expenditures are unnecessary or are unreasonably

3

large; 2) where the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; 3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party; and 4) where the case is "close and difficult"." *Chester v. Northwest,* 158 F.R.D. 626, 631 (N.D. Iowa 1994).

In *Chester*, the district court rejected an award of costs where, as there, no depositions were necessary to establish the defense resulting in a judgment for defendant; to wit: that the defendant lacked the requisite number of employees to be an employer under Title VII. Similarly, in the instant case, none of the depositions or costs defendant seeks payment for would have been necessary had defendant responded to Plaintiff's Rule 37 letter, dated April 19, 2005, seeking substantiation and the underlying documents for the various "schedules" defendant submitted pertaining to compensation of its employees, Plaintiff identified as similarly situated employees. Plaintiff. See Ex. A to Plaintiff's Motion to Strike Exhibit E to Motion for Summary Judgment. Had defendant submitted the documents substantiating the schedules provided as to what it paid its employees and, in particular, those employees Plaintiff identified as similarly situated to her, Plaintiff would not have had to notice the depositions of numerous employees of defendant to learn this information.

Moreover, in fact, plaintiff's deposition noticed by defendant was largely unnecessary. The defendant deposed plaintiff related to its groundless and merit less counterclaims on June 29, 2005. Plaintiff had not only filed a motion to dismiss identifying the legal requirements for defendant's counterclaims but also served defendant with a Rule 11 letter and Motion concerning the meritlessness of defendant's counterclaims on May 11, 2005. A review of the transcript of Plaintiff's 6/29/05 Deposition[1] will reveal that the substantial majority of the questions posed by

---

[1] Because of the length of Schultze's deposition, 183 pages, Plaintiff is not submitting the entirety of that deposition as an exhibit at this time. Should the court wish to review it, Plaintiff

4

Defendant in that deposition were designed to address the counterclaims it had filed against Schultze, which counterclaims were without basis but which defendant did not dismiss with prejudice until July 15, 2005. Dkt. 51.

As the district court in *Chester* noted, awarding defendant costs at this juncture "would amount to a windfall financing continued litigation. If the court refuses to award costs to defendants in this case, defendants will not be in any different position than they would have occupied had the matter been dismissed . . . . much sooner." 158 F.R.D. at 631; *accord, Goostree v. Tennessee,* 796 F.2d 854 (6th Cir. 1986), *cert. denied*, 480 U.S. 918 (1987)(costs under 28 U.S.C. Section 1920 are properly denied where taxable expenditures by prevailing party were necessarily or unreasonably large, where prevailing party should be penalized for unnecessarily prolonging proceedings or for injecting unmeritorious issues, or where case was close).

Moreover, here as in *Chester* the evidence supports the conclusion that Plaintiff brought this action in good faith. Plaintiff claimed and proved that she was not paid comparably to her similarly situated male managers from January through July 2003 when she was terminated. Defendant's claim that it paid her the same as her similarly situated male managers on the date of her termination, which claim defendant did not substantiate until it filed its Motion for Summary Judgment, did not in fact defeat Plaintiff's contention although the court granted summary judgment. Moreover, defendant's evidence, offered for the first time on summary judgment, did not defeat Plaintiff's good faith belief that she was being terminated due to her repeated attempts to be paid comparably to her similarly situated male employees. In fact, defendant did not offer evidence that it advised Plaintiff or that Plaintiff knew prior to her July 10 termination that she was being paid similarly to her male managers. Rather, for the first time in summary judgment

---

will submit it in whatever form the court directs.

5

defendant offered documents to support its contention that on the date Plaintiff was terminated she was being paid similarly to her male managers. Had defendant offered this information prior to the summary judgment proceedings in response to Plaintiff's April 27, 2005 Rule 37 letter, Plaintiff would not have had to depose those employees similarly situated to Plaintiff to determine and learn their actual compensation, testimony which contradicted defendant's assertions in the summary charts that it submitted.

Moreover, had defendant dismissed its merit less counterclaim prior to July 2005, and in light of Plaintiff's May 11, 2005 Rule 11 letter, Plaintiff's deposition would not have been necessary, nor would the deposition of Lori Hammer, Bob Roman and Brandon Goodrich, taken by Plaintiff to refute defendant's counterclaims.

Wherefore, under the above circumstances, Plaintiff respectfully requests that this Court enter an order that each party should bear its own costs.

**Alternatively, Defendant's Bill of Costs Should Be Denied Because Defendant Has Failed Entirely to Establish, and Because The Identified Costs Were Not Reasonably Necessary to the Case and Were Not Used In Connection With Summary Judgment**

In the application of 28 U.S.C. Section 1920 and Fed.R. Civ. Procedure 54(d), the court must carefully scrutinize the claimed costs and the support offered for them. *Farmer v. Arabian Oil Co.,* 379 U.S. 227, 232-233 (1964). Courts have made clear that in order to be entitled to costs under 28 U.S.C. Section 1920, it is necessary that a party identify the purpose of each expenditure and why it was reasonably necessary to the litigation and result. *See e.g. English v. Colo. Dep't of Corrections*, 248 F.3d 1002 (10th Cir. 2001). In the instant case, defendant has failed entirely to identify the purpose, necessity and reasonableness of any of the costs it claims on its Bill of Costs either on the bill or in its attached submission.

6

**Depositions**

Deposition costs are within the discretion of the court and are not taxable as of right. *Johnson v. Baltimore & O.R. Co., 65 F.R.D. 661* (N.D. Ind. 1974), *aff'd on other grounds,* 528 F.2d 1313 (7th Cir. 1976); *accord, Todd Shipyards Corp. v. Turbine Services, Inc.,* 592 F.Supp. 380 (EDLa 1984), *aff'd in part and rev'd in part on other grounds,* 763 F.2d 745 (5th Cir. 1985). The burden is on the petitioning party to offer explanation why costs of deposition should be allowed or why deposition was necessarily obtained for use in the case, particularly as to those depositions which are of parties within defendant's own knowledge. *See also, Lock v. Jenkins,* 634 F. Supp. 615 (N.D. Ind. 1986). Deposition costs were denied where defendant did not establish that the depositions were "necessarily obtained for use in the case". *See American Auto Accessories v. Fishman,* 991 F. Supp. 995 (N.D. Ill. 1998); *see also Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348 (E.D.Mich. 1982)(denying defendant who prevailed in civil rights action costs of depositions of two of its witnesses because depositions were not actually used by defendant). Further, in *Scates v. United Paperworks International Union, Local 369,* 123 F.R.D. 599 (W.D. Ark. 1989), the district court denied costs to a prevailing defendant for depositions of witnesses who lived in the area and were available to testify at trial, since as to defendant they were for mere discovery (in contrast to a Plaintiff deposing a defendant's employees and individuals not generally available to Plaintiff) and not for purpose of utilizing transcripts at trial. Indeed, in the instant case, none of the depositions listed by defendant on its bill of costs were necessary for it as all the individuals deposed, except Plaintiff, were deposed by Plaintiff (not defendant) and were defendant's own witnesses, within the defendant's control, and their testimony could have been made available by affidavit to the extent submitted in connection with summary judgment. Thus, defendant's costs associated with depositions should be denied.

In this case, the costs should be disallowed. *S.G.C. v. Penn-Charlotte Associates*, 116

7

F.R.D. 284 (WD NC 1987). Generally, the expenses of taking or obtaining copies of depositions which are not used at trial or in support of dispositive motions are not taxable as costs, unless they were reasonably necessary to the case and not purely for investigative purposes. *Chester, supra* 158 F.R.D. at 632; *accord, Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 434 (10th Cir. 1990)(court allowed only costs of depositions actually utilized by court in disposing of motion for summary judgment, rejecting costs of depositions the court concluded were added as "cumulative and irrelevant information" not necessary to consideration of the merits). In the instant case, defendant claims deposition costs for Lori Hammer, Robert Roman, Brandon Goodrich and Daniel Goodrich, even though these depositions were not relevant to nor utilized by defendant in moving for summary judgment. Moreover, defendant makes no attempt in its submission to explain how if at all ordering these depositions. As to Daniel Goodrich's deposition, this deposition was taken by Plaintiff in support of her motion to disqualify Goodrich, a motion which Plaintiff prevailed on and which defendant unreasonably opposed. See Dkt. 7-31 (All entries relating to Plaintiff's Motion to Disqualify Daniel Churchill as counsel for the reason that he was a witness); Dkt. 25, court order directing Plaintiff to identify whether Daniel Churchill would be called as a witness, which necessitated taking the deposition of Daniel Churchill; and Dkt. 36 (granting Motion to Disqualify).

Moreover, as noted above, Plaintiff noticed the depositions of Mike DeRew and Klinton Rice who were similarly situated male managers in order to determine what defendant would not provide in response to Plaintiff's Rule 37 letter, the actual salary of these individuals as well as the scope of duties and responsibilities of these individuals. Since both were in the control of defendant, it cannot state that it was reasonably necessary to conduct these depositions as defendant could easily have submitted affidavits of their information which, in fact, it did for William Schneider, whose affidavit defendant submitted to demonstrate the actual wages of

Plaintiff and her similarly situated managers. It was this affidavit and the exhibits attached which constituted defendant's Exhibit E in support of summary judgment, and which Plaintiff sought to strike.

Similarly, defendant fails to identify why Roger Goodrich's deposition was reasonably necessary to its summary judgment, particularly since Plaintiff noticed the deposition of Roger Goodrich, taken on May 6, 2005, in order largely to explore the basis of defendant's counterclaims, counterclaims which Plaintiff previously stated were without support. See Dkt. 35. Immediately following this deposition, Plaintiff forwarded a Rule 11 letter dated May 11, 2005 seeking to have defendant dismiss with prejudice the counterclaims. Despite the fact that defendant had no reasonable basis for its counterclaim, it was not until after defendant took Plaintiff's deposition on June 29, 2005, that it ultimately dismissed the counterclaim.

Moreover, in the instant case, defendant makes no attempt to demonstrate that the costs of the depositions the seek compensation for are reasonable. To recover costs of deposition transcripts, a party must establish that the costs is that allowed by local rule. *Ochana v. Flores*, 206 F. Supp.2d 941 (N.D. Ill. 2002). Defendant does not identify the cost per page let alone establish that if necessary to the litigation that it was within the cost per page allowed by local rule or by the Judicial Conference. *Cengr v. Fusibond Piping System,* 135 F.3d 445 (7th Cir. 1998).

**Request for Fees in Subpoenaing Documents**

Defendant seeks costs for what it describes as "Discovery Subpoena Fees". Defendant nowhere provides case support for its recovery of the particular costs and fees sought here as authorized under Section 1920 and does not anywhere identify the necessity of these costs nor the reasonableness of the costs.

Additionally, contrary to the description in items 1, 2 and 3, they are not "witness fees" as

defendant designates, as there was no attendance at any deposition by any witness because the subpoenas sought documents only. Indeed, a review of the subpoena to Deere & Co. makes clear that defendant sought documents from Deere & Co., not a deposition or testimony. Thus, it is a misnomer to suggest that there is a witness fee associated with the Deere & Co subpoena.

Not only is defendant's submission completely devoid as to how the documents subpoenaed were necessary and the costs reasonable and, since defendant has failed to include the Exhibit A attached to the Rock Valley and Orthopaedic Subpoenas for the court's review, it has failed to meet its burden in substantiating that these documents were necessary to the litigation and not merely investigative. Also, however, a review of the subpoenas served upon these entities make clear that they sought documents, not the testimony of witnesses.

More importantly however, defendant has not established that the documents subpoenaed and therefore any costs associated therewith were necessary for use in this case. Defendant did not use a single document it seeks to recover costs for under "Discovery Subpoena Fees." First, as defendant, Goodrich did not have expenses associated with "summons" of the complaint. Further, it has failed entirely to demonstrate how the subpoena fees it claims were necessary to the litigation or the summary judgment. The subpoenaed documents were not used in summary judgment and defendant does not provide any statement as to the necessity or reasonableness of these costs to the litigation. The Seventh Circuit has rejected requests for costs incurred in investigation of the case. *Wahl v. Carrier Mfg Co.,* 511 F.2d 209 (7th Cir. 1975). Under these circumstances, fees and costs associated with serving subpoenas to obtain documents not necessary to the litigation, not demonstrated to be necessary and not justified in the instant case as reasonable, should be denied. *EEOC v. Exel, Inc.,* 13 AD Cas 1534 (E.D. Mo. 2002).

**Copy Charges**

Defendant seeks "copy charges" in the about of $475.00. However, with the exception of the EEOC file duplication fee, defendant fails entirely to identify the documents copied by Snyder, Park & Nelson or Churchill and Churchill and has failed to demonstrate how those documents are "reasonably necessary" to the instant case. Thus, there is no basis to conclude that the copying expenses listed were for documents used in summary judgment or necessary for the litigation. In the absence of a showing as to nature of documents copied or how they were necessary for use in the case, the amount claimed under 28 U.S.C. Section 1920(4) for duplicating expenses would be disallowed. *American Key Corp. v. Cumberland Assoc.,* 102 F.R.D. 496 (N.D. Ga. 1984). Moreover, in the instant case, defendant had two sets of attorneys, so that duplication costs claimed here could well be duplicative and not allowed as necessary. The Seventh Circuit has held that money spent to copy court filings are not recoverable where they were for the party's own use. *McIlveen v. Stone Container Corp.,* 910 F.2d 1581 (7th Cir. 1990). In the instant case, defendant has failed entirely to identify the documents copied so that the appropriate objections can be interposed.

Further, the $.20 per page copying expense listed is not reasonable. In *Garner v. Whitman*, 318 F.Supp.2d 700 (CD Ill. 2004), this court denied costs sought for photocopying expenses where, as here, the charges listed were excessive stating that the rate for in-house reproduction could not exceed charges of outside print shop and no evidence of outside print shops rates has been offered. However, in the Chicago area, copies can be obtained from outside services for as little as $.07 per page at various services used by Plaintiff's office, including but not limited to Ikon, Advantage, 24/7 and other outside copy services.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant her objections to defendant's bill of costs, deny defendant the costs listed.

> BY: s/Susan Bogart
> Law Offices of Susan Bogart
> 30 North LaSalle Street, Suite 2900
> Chicago, IL 60602
> Tele: (312) 263-0900, ext. 7014
> Fax: (312) 263-5013
> E-mail: SBogart514@aol.com